IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENSON WORLEY and JOHNNY BOYD, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br>   v.<br>AVANQUEST NORTH AMERICA, INC.,<br><br>        Defendant.<br>_____/ | No. C 12-04391 SI<br><br>**ORDER DENYING MOTION TO DISMISS** |

    Currently before the Court is defendant's motion to dismiss plaintiffs' Second Amended Complaint. Docket No. 53. That motion is scheduled for hearing on May 2, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES defendant's motion.

**BACKGROUND**

    Plaintiffs' First Amended Complaint alleges that they purchased defendant's software products – System Suite PC Tune-Up & Repair ("System Suite") and Fix-It Utilities Professional ("Fix-It Utilities") – as a result of false and misleading statements about what the software would (but in fact could not or did not) do. In a February 5, 2013 Order, the Court granted in part and denied in part defendant's motion to dismiss plaintiff's original complaint. *See* February 5, 2013 Order at Docket No. 48. As an initial matter, the Court found that because the single plaintiff in the case at that time, Benson

1   Worley, had only purchased the System Suite product, and not the Fix-It Utilities software, only the
2   System Suite software was at issue in the case. *Id.*, at 1 fn.1, 4 fn.2. The Court then dismissed with
3   prejudice the breach of express warranty claim under California Commercial Code section 2607 for
4   failure to provide pre-suit notice. The Court also dismissed, with leave to amend, the fraudulent
5   inducement claim and the California Unfair Competition Law ("UCL") claim based on fraudulent
6   conduct in light of plaintiff's failure to plead facts regarding why defendant's representations were false.
7   Finally, the Court denied the motion to dismiss the breach of contract and breach of implied covenant
8   claims, as well as the UCL claims based on unfair and illegal conduct.

9   The First Amended Complaint was filed on February 22, 2013. Docket No. 52. The FAC adds
10  a new plaintiff, Johnny Boyd, who is alleged to have purchased the Fix-It Utilities software, and
11  includes new allegations regarding why defendant's representations regarding its products were false.[1]
12  Currently before the Court is defendant's motion to dismiss the First Amended Complaint.[2][3]

### LEGAL STANDARD

15  Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it
16  fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss,
17  the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
18  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff
19  to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."

---

[1] Plaintiff Boyd was added as a named plaintiff pursuant to the parties' stipulation. *See* Docket Nos. 50, 51.

[2] Defendant's motion attacks not only the adequacy of the claims amended by plaintiffs (*i.e.*, fraudulent inducement and UCL fraud prong claims) but also the claims on which the Court denied defendant's prior motion to dismiss. Defendant's second round challenges to plaintiffs' breach of contract, breach of the implied covenant, and UCL unfair and illegal prong claims do not hinge on or even address the allegations of the new plaintiff or the amended allegations, *see* Motion to Dismiss FAC at 5-8, but rather amount to a *sub rosa* motion to reconsider the prior ruling. Defendant did not make the showing required by Local Rule 7-9 to warrant reconsideration, and the Court sees no reason to allow defendant to now present arguments it could have raised (and in large part did raise) on its first motion to dismiss. The Court, therefore, will analyze only the sufficiency of the allegations of the amended fraud claims.

[3] Defendant submits a request for judicial notice, attaching copies of the packaging for System Suite and Fix-It Utilities. Docket No. 57. However, defendant never refers to these documents in either its motion or reply. The request for judicial notice, therefore, is DENIED.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I. Motion to Dismiss Fraudulent Inducement Claim

In ruling on the prior motion to dismiss, the Court found that plaintiff Worley had adequately identified the statements he relied on in purchasing the System Suite software. *See* Order at 4. However, plaintiff had failed to adequately allege the falsity of those representations. *Id*. at 5. In the FAC, plaintiffs explicitly allege that they relied on a series of representations regarding the utility of the products including that the products would stop or eliminate PC crashes and freezes, fix window problems, speed up operations, provide malware and virus protection, and provide diagnostics and maintenance. FAC, ¶¶ 29, 30, 46, 54. Plaintiffs also explain the basis for the falsity of the representations they relied on, including their expert's analysis that the software does not perform any "real" diagnostic evaluation of a computer's condition (FAC, ¶ 37), over-reports security threats, and characterizes the condition of a computer as "poor" without a credible basis. *Id*., ¶ 40. Plaintiffs also describe how the software did not perform the functions they expected it would on their own computers. *Id*., ¶¶ 50-51, 56-57.

3

1 Defendant argues that plaintiffs' amended claims are still deficient because plaintiffs fail to
2 allege that defendant's software does not, in fact, speed up operations or eliminate crashes and freezes.
3 Relatedly, defendant also argues that plaintiffs fail to allege the problems with their own computers were
4 the sort of software issues that defendant's products were designed to fix. Motion to Dismiss FAC at
5 9. However, plaintiffs at this juncture are only required to plead "enough facts to state a claim to relief
6 that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. They have done so. The
7 exact manner in which defendant's software actually functions is subject to discovery and decision on
8 a full record, as is the actual state of plaintiffs' own computers prior to and after defendant's software
9 was used. Defendant also argues that plaintiffs have failed to allege the "who/what/where/when/how"
10 of the alleged fraud. Motion to Dismiss at 10. The Court finds that plaintiffs have met the requirements
11 of Rule 9(b) by identifying the representations they relied on in both purchasing (*i.e.*, the representations
12 on the product packaging) and keeping the software (*i.e.*, the representations made while the software
13 was running).

14 Finally, defendant argues that plaintiffs have failed to adequately allege that Avanquest knew
15 the falsity of its representations when made. *Id*. at 10. However, plaintiffs' allegations that defendant
16 intentionally designed software whose purpose was not to accurately diagnose and fix computer issues
17 but instead was designed to *appear* to function as advertised and to over-report issues and "scare" users
18 into continuing to use the program (and purchase future updates) sufficiently alleges defendant's
19 knowledge of falsity for purposes of surviving a motion to dismiss.

## II.     Motion to Dismiss UCL Fraud-Based Claim

22 Defendant argues that plaintiffs likewise fail to adequately plead their fraud-based UCL claim
23 because plaintiffs' complaint rests on allegations that defendant's software was intentionally designed
24 to report fake errors and misrepresent the system status of consumers' computers in order to convince
25 them to purchase the software. Motion to Dismiss FAC at 11-12. Defendant points out that the alleged
26 conduct could not have convinced users to purchase the software because the fake errors and
27 misrepresentations of status occur only after the software has been purchased and installed. *Id*.
28 Plaintiffs' complaint, however, also alleges that defendant's conduct led to consumers "continuing to

4

use" the software (presumably not returning it and perhaps signing up for updates to allow for continued use). FAC, ¶ 74. Plaintiffs additionally allege that the misrepresentations, presumably including the representations in the products' packaging and marketing materials, were likely to deceive consumers and did deceive them into purchasing and continuing to use the software. *Id*. These allegations, for the reasons discussed above with respect to the fraudulent inducement claim, are sufficient to survive a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 30, 2013

SUSAN ILLSTON
United States District Judge