UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENSON WORLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AVANQUEST NORTH AMERICA INC,<br><br>    Defendant. | Case No. 12-cv-04391-WHO<br><br>**ORDER DENYING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 79 |

Currently before the Court is defendant's motion to transfer. That motion is scheduled for hearing on September 11, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons discussed below, the Court DENIES the motion to transfer.

## BACKGROUND

In this consumer class action case, plaintiffs allege that they purchased defendant's software products – System Suite PC Tune-Up & Repair ("System Suite") and Fit-It Utilities Professional ("Fix-It Utilities") – as a result of false and misleading statements about what the software would but in fact could not or did not do. The original complaint was filed on August 21, 2012, and after granting in part and denying in part defendant's motion to dismiss a First Amended Complaint was filed on February 22, 2013. The Court denied defendant's subsequent motion to dismiss in April 2013, and set the case for a case management conference. Pursuant to the parties' stipulation, in July 2013 the Court continued the case management conference date, as well as the date for defendant's answer and the response date for pending discovery requests to allow new defense counsel to substitute in.

Two weeks after the appearance of new defense counsel, defendant filed a motion to

transfer this case from the Northern to the Central District of California. Docket No. 79. Defendant argues that its motion to transfer should be granted because the majority of key employee witnesses, as well as the bulk of documentary evidence, are located in the Central District at defendant's Calabasas, California headquarters. Defendant also argues that the End Users License Agreement (EULA) that came with the software purchased by plaintiffs mandates that all disputes be venued in Los Angeles County. Plaintiffs oppose the motion to transfer, arguing it is untimely and without merit.

## LEGAL STANDARD

Under § 1404(a), the court has discretion to order transfer "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion when considering such factors as convenience and fairness under Section 1404(a). *Jones v. GNC Franchising*, 211 F.3d 495, 498 (9th Cir. 2000). The district court must consider both private factors concerning the convenience of the parties and witnesses and public factors concerning the interest of justice. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## DISCUSSION

The parties do not dispute that this case could have originally been filed in the Central District of California. Therefore whether venue should be transferred comes down to the convenience of the parties and witnesses and the interests of justice. While the convenience considerations slightly favor transfer, the interests of justice weigh more heavily against.

Defendant asserts that as confirmed by the deposition testimony of defendant's General Manager Kevin Bromber, the key employee witnesses – including Mr. Bromber, and the executive vice president of operations, and the lead engineer on the products at issue – are all located and work out of the company's headquarters in Calabasas, California. Mr. Bromber also confirmed that the bulk of documentary evidence, including copies of the physical packaging used by defendant for the challenged products, are located in Calabasas. *See* Reply Br. at 2.

Plaintiffs respond that while certain employee-witnesses are located in Calabasas, other key employees are located in Colorado (where the challenged products were developed and managed, and where the current product manager for the products still works), China (where the code was developed), and in Florida and Pleasanton, California (where online marketers work). Plaintiffs also argue that key third-party witnesses who worked on the products since their inception until the defendant's Colorado office was closed in 2012 and they left the company are still located in Colorado. It is those witnesses, plaintiffs argue, whose convenience is paramount and who will not be inconvenienced if this case remains in this District. *See e.g.*, *Temple v. Guardsmark LLC*, 2009 U.S. Dist. LEXIS 91306 (N.D. Cal. Sept. 16, 2009 ("In considering the convenience of potential witnesses, courts focus on the convenience of third-party witnesses who are not party employees.").

Reviewing the evidence before the Court from Mr. Bromber's deposition, the Court finds that the convenience of defendant weighs in favor of transfer. However, other key witnesses who are defendant's employees, including those involved in the development and day-to-day operation of the challenged products, are located outside the Central District and some are located within the Northern District. This *significantly* lessens the inconvenience on the defendant. The convenience of key non-party witnesses is a neutral factor, as those key witnesses are located out of state.

While plaintiffs chose to file suit in the Northern District, their choice is not entitled much weight since neither plaintiff lives in the Northern District. However, it is important to the Court that plaintiffs had a good-faith reason for filing in this District: defendant was formerly headquartered in the Northern District and plaintiffs' counsel reasonably relied on a page on a website operated by defendant that indicated defendant was still headquartered and/or had a significant presence in this district when filing the complaint.

As to the EULA, plaintiffs do not dispute that the presence of a valid, enforceable forum selection clause is a significant factor in determining whether venue should be transferred. *See, e.g.*, *P & S Business Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). But they argue that defendant did not provide admissible evidence that the relevant EULAs included a

1  forum selection clause, and the Court agrees. While two different defense counsel testify that they
2  reviewed packages of the software "believed" to have been manufactured in 2012 which included
3  the EULA setting venue in Los Angeles,[1] there is no evidence from defendant about the EULA.
4  For example, there is no evidence that a EULA setting venue in Los Angeles was included in
5  software sold in Wal-Marts in Wisconsin in early 2012 (*see* FAC ¶¶ 9, 45-46) and there is no
6  evidence that a EULA setting venue in Los Angeles was included in software sold in office supply
7  stores in Georgia in January 2012. *Id*., ¶¶ 10, 53-54. Similarly, there is no evidence that
8  defendant utilized a EULA setting venue in Los Angeles for all boxed software sold in 2012. In
9  the absence of evidence that a valid, binding EULA applies to plaintiffs' purchases, the EULA
10 bears no weight in determining whether to transfer venue.

The interests of justice tip the scales in favor of denying the motion to transfer. This case has been pending in this District since August 2012. It has gone through substantial law and motion practice. While the case was reassigned to this Court in late June 2013, this Court has had an opportunity to familiarize itself with the issues in the case through the parties' dispute over the Bromber deposition as well as on this motion. The only reason case management deadlines have not been set is that the case management conference was delayed twice at defendant's request because of a change of counsel. Currently, the parties' joint case management statement is due on September 23rd and the case management conference is set for October 1, 2013. If this case were transferred to the Central District, it would only delay the progress of this case.[2]

Considering all of the factors, the Court finds that while convenience slightly favors transfer, the interests of justice favor keeping the case in the Northern District of California. As such, the Court DENIES the motion to transfer.

---

[1] *See* Declaration of Kathleen Strickland,¶¶ 11-13 [Docket No. 79-1]; Declaration of Devin C. Courteau,¶ 6. [Docket No. 97].

[2] The Court notes defendant's argument that the Central District of California is "less congested" than the Northern District. It is hard to credit this assertion based on the statistics relied upon by defendant, which do not differentiate between types of cases being handled (for example, between patent cases and an unfair competition cases). Be that as it may, the purported differences in congestion are not stark and for the reasons stated it would simply delay the case to transfer it at this stage.

4

## CONCLUSION

Defendant's motion to transfer is DENIED.

**IT IS SO ORDERED**.

Dated: September 9, 2013



WILLIAM H. ORRICK
United States District Judge