1   N. KATHLEEN STRICKLAND (SBN 64816)
    DEVIN C. COURTEAU (SBN 197505)
2   JUSTIN A. ZUCKER (SBN 284401)
    ROPERS, MAJESKI, KOHN & BENTLEY
3   1001 Marshall Street, Suite 500
    Redwood City, CA 94063-2052
4   Telephone:   (650) 364-8200
    Facsimile:   (650) 780-1701
5   Email:       kstrickland@rmkb.com
                 dcourteau@rmkb.com
6                jzucker@rmkb.com

7   Attorneys for Defendant
    AVANQUEST NORTH AMERICA INC.

8

9                   UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13   BENSON WORLEY and JOHNNY          CASE NO.   3:12-CV-04391-WHO
     BOYD, individually and on behalf of all
14   other similarly situated,

15              Plaintiff,            **DEFENDANT AVANQUEST NORTH
                                      AMERICA INC.'S ANSWER TO FIRST
16   v.                               AMENDED CLASS ACTION COMPLAINT**

17   AVANQUEST NORTH AMERICA INC.,
     a California corporation,
18                                    Action Filed: August 21, 2012
                Defendant.            Judge: Hon. William H. Orrick
19

20

21          Defendant Avanquest North America Inc. (hereinafter "Defendant" and "Avanquest"),

22   pursuant to the provisions of Federal Rule of Civil Procedure 8(b), hereby files this answer (the

23   "Answer") to the First Amended Class Action Complaint for: (1) Violations of California's

24   Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) Fraudulent Inducement;

25   (3) Breach of Contract; and (4) Breach of the Implied Covenant of Good Faith and Fair Dealing

26   (the "Complaint") filed by Benson Worley and Johnny Boyd (collectively, "Plaintiffs") as

27   follows:

28          Defendant responds as follows to the allegations of the first sentence of the unnumbered

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

1  first paragraph of the Complaint (starting with "Plaintiffs" at Page 2, Line 1 and ending with

2  "products" at Page 2, Line 4): (A) Defendant admits that Plaintiffs bring this action against it;

3  (B) to the extent any such allegation is a legal conclusion, no response is required; and (C) to the

4  extent any such allegation requires a response and is not otherwise addressed herein, Defendant

5  denies each and every such allegation. Defendant lacks adequate information to determine the

6  truthfulness of, and thus denies, each and every allegation of the second sentence of the

7  unnumbered first paragraph of the Complaint (starting with "Plaintiffs" at Page 2, Line 4 and

8  ending with "attorneys" at Page 2, Line 6).

9  <center>**NATURE OF THE ACTION**</center>

10  1.      Defendant admits the allegations of the first sentence of Paragraph 1 of the

11  Complaint (starting with "Avanquest" at Page 2, Line 8 and ending with "speeds" at Page 2, Line

12  10). Defendant denies each and every allegation of the second sentence of Paragraph 1 of the

13  Complaint (starting with "Unfortunately" at Page 2, Line 10 and ending with "deceptive" at Page

14  2, Line 12).

15  2.      Defendant responds as follows to the allegations of Paragraph 2 of the Complaint:

16  (A) Defendant admits that the two products at issue in this lawsuit are Fix-It Utilities Professional

17  and SystemSuite PC Tune-Up & Repair (collectively, the "Products"); and (B) Defendant denies

18  each and every other allegation of Paragraph 2 of the Complaint.

19  3.      Defendant responds as follows to the allegations of the first sentence of Paragraph

20  3 of the Complaint (starting with "The" at Page 2, Line 17 and ending with "Depot" at Page 2,

21  Line 18): (A) Defendant admits that the Products are "available for purchase online through

22  Avanquest's websites, third-party resellers, and in packaged form at brick-and-mortar stores such

23  as Best Buy and Office Depot;" and (B) Defendant denies each and every other allegation of the

24  first sentence of Paragraph 3 of the Complaint. Defendant responds as follows to the allegations

25  of the second sentence of Paragraph 3 of the Complaint (starting with "Through" at Page 2, Line

26  19 and ending with "problems" at Page 2, Line 21): (A) Defendant admits that "marketing

27  materials contained on its websites, as well as the software's packaging itself," make statements

28  to the effect that the Products "will detect and repair a wide range of PC errors, privacy threats,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  viruses, and other computer problems;" and (B) Defendant denies each and every other allegation

2  of the second sentence of Paragraph 3 of the Complaint.  Defendant responds as follows to the

3  allegations of the third sentence of Paragraph 3 of the Complaint (starting with "Avanquest" at

4  Page 2, Line 21 and ending with "risks" at Page 2, Line 22):  (A) Defendant admits that

5  marketing and packaging for the Products make statements to the effect that the Products

6  "increase system startup speeds, optimize a user's PC performance, and remove security risks;"

7  and (B) Defendant denies each and every other allegation of the third sentence of Paragraph 3 of

8  the Complaint.

9      4.      Defendant denies each and every allegation of Paragraph 4 of the Complaint.

10     5.      Defendant responds as follows to the allegations of the first sentence of Paragraph

11 5 of the Complaint (starting with "Although" at Page 2, Line 26 and ending with "simple" at Page

12 3, Line 1):  (A) Defendant admits that its Products are technologically complex; (B) to the extent

13 any such allegation is a legal conclusion, no response is required; and (C) to the extent any such

14 allegation requires a response and is not otherwise addressed herein, Defendant denies each and

15 every such allegation.  Defendant responds as follows to the allegations of the second sentence of

16 Paragraph 5 of the Complaint (starting with "First" at Page 3, Line 1 and ending with "speeds" at

17 Page 3, Line 3):  (A) Defendant admits that marketing and packaging for the Products make

18 statements to the effect that the Products "restore a PC's functionality by removing harmful

19 errors, privacy threats, and increasing Internet speeds;" and (B) Defendant denies each and every

20 other allegation of the second sentence of Paragraph 5 of the Complaint.  Defendant denies each

21 and every allegation of the third sentence of Paragraph 5 of the Complaint (starting with

22 "Induced" at Page 3, Line 3 and ending with "Scareware" at Page 3, Line 3).  Defendant responds

23 as follows to the allegations of the fourth sentence of Paragraph 5 of the Complaint (starting with

24 "After" at Page 3, Line 3 and ending with "PC" at Page 3, Line 5):  (A) Defendant admits that

25 after the Products are downloaded, they ask the consumer if he or she would like to conduct a

26 diagnostic scan to assess the condition of his or her PC; (B) Defendant denies each and every

27 other allegation of the fourth sentence of Paragraph 5 of the Complaint.

28     6.      Defendant responds as follows to the allegations of the first sentence of Paragraph

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

ANSWER TO FAC
3:12-CV-04391-WHO

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  6 of the Complaint (starting with "The" at Page 3, Line 6 and ending with "condition" at Page 3,

2  Line 7): (A) Defendant admits that its Products detect and report harmful problems that lower a

3  PC's condition; and (B) Defendant denies each and every other allegation of the first sentence of

4  Paragraph 6 of the Complaint. Defendant responds as follows to the allegations of the second

5  sentence of Paragraph 6 of the Complaint (starting with "Thereafter" at Page 3, Line 7 and ending

6  with "Scareware" at Page 3, Line 8): (A) Defendant admits that the user can have the Products

7  perform a scan of his or her computer, and that the Products provide the user the option to remove

8  and/or repair errors and/or problems detected by the Products; and (B) Defendant denies each and

9  every other allegation of the second sentence of Paragraph 6 of the Complaint. Defendant denies

10  each and every allegation of the third and fourth sentences of Paragraph 6 of the Complaint

11  (starting with "However" at Page 3, Line 8 and ending with "condition" at Page 3, Line 12).

12  Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and

13  every allegation of the fifth sentence of Paragraph 6 of the Complaint (starting with "The" at Page

14  3, Line 12 and ending with "materials" at Page 3, Line 14).

15        7.      Defendant denies each and every allegation of the first sentence of Paragraph 7 of

16  the Complaint (starting with "The" at Page 3, Line 15 and ending with "Scareware" at Page 3,

17  Line 15). Defendant responds as follows to the allegations of the second sentence of Paragraph 7

18  of the Complaint (starting with "Also" at Page 3, Line 15 and ending with "basis" at Page 3, Line

19  16): (A) Defendant admits that one year after a user purchases either of the Products, a yearly

20  subscription is required to obtain updates for the Products; and (B) Defendant denies each and

21  every other allegation of the second sentence of Paragraph 7 of the Complaint. Defendant

22  responds as follows to the allegations of the third sentence of Paragraph 7 of the Complaint

23  (starting with "As" at Page 3, Line 16 and ending with "performance" at Page 3, Line 18): (A)

24  Defendant admits that the Products detect, report and repair errors that harm a computer's

25  performance; and (B) Defendant lacks adequate information to determine the truthfulness of, and

26  thus denies, each and every remaining allegation of the third sentence of Paragraph 7 of the

27  Complaint. Defendant denies each and every allegation of the fourth sentence of Paragraph 7 of

28  the Complaint (starting with "Thus" at Page 3, Line 18 and ending with "refund" at Page 3, Line

20).

8.     Defendant responds as follows to the allegations of the first sentence of Paragraph 8 of the Complaint (starting with "Avanquest" at Page 3, Line 21 and ending with "functionality" at Page 3, Line 22):  (A) Defendant admits that it is a reputable leader in the "utility software" industry, and that "utility software" may be characterized as "software that enhances or repairs a PC's functionality;" and (B) Defendant denies each and every other allegation of the first sentence of Paragraph 8 of the Complaint.  Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and every allegation of the second sentence of Paragraph 8 of the Complaint (starting with "Because" at Page 3, Line 22 and ending with "PCs" at Page 3, Line 25).  Defendant denies each and every allegation of the third sentence of Paragraph 8 of the Complaint (starting with "Avanquest" at Page 3, Line 25 and ending with "Scareware" at Page 4, Line 1).

## PARTIES

9.     Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and every allegation of Paragraph 9 of the Complaint.

10.     Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and every allegation of Paragraph 10 of the Complaint.

11.     Defendant responds as follows to the allegations of the first sentence of Paragraph 11 of the Complaint (starting with "Defendant" at Page 4, Line 5 and ending with "94566" at Page 4, Line 7):  (A) Defendant admits that it is a corporation incorporated under the laws of the State of California; and (B) Defendant denies each and every other allegation of the first sentence of Paragraph 11 of the Complaint.  Defendant admits the allegations of the second sentence of Paragraph 11 of the Complaint (starting with "Avanquest" at Page 4, Line 7 and ending with "States" at Page 4, Line 8).

## JURISDICTION AND VENUE

12.     Defendant responds as follows to the allegations of Paragraph 12 of the Complaint:  (A) Defendant admits that, pursuant to 28 U.S.C. § 1332(d)(2), this Court has jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, exclusive

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   of interest and costs, in which any member of the class of plaintiffs is a citizen of a State

2   different from any defendant, and in which no exceptions set forth in 28 U.S.C. § 1332(d) apply;

3   and (B) Defendant lacks adequate information to determine the truthfulness of, and thus denies,

4   each and every remaining allegation of Paragraph 12 of the Complaint.

5         13.      Defendant responds as follows to the allegations of Paragraph 13 of the

6   Complaint: (A) Defendant admits that this Court has personal jurisdiction over Defendant

7   because it conducts business in California and because the conduct alleged in the Complaint

8   occurred in, was directed to, and/or emanated from California; and (B) Defendant denies each and

9   every other allegation of Paragraph 13 of the Complaint.

10        14.      Defendant admits the allegations of the first sentence of Paragraph 14 of the

11   Complaint (starting with "More" at Page 4, Line 17 and ending with "California" at Page 4, Line

12   18). Defendant responds as follows to the allegations of the second sentence of Paragraph 14 of

13   the Complaint (starting with "Vital" at Page 4, Line 18 and ending with "California" at Page 4,

14   Line 21): (A) Defendant admits that it has important employees located in California with the

15   titles Director Online Marketing, Vice President Strategic Sales Marketing, Business

16   Development Manager and Vice President eCommerce and Direct Marketing; and (B) Defendant

17   denies each and every other allegation of the second sentence of Paragraph 14 of the Complaint.

18   Defendant responds as follows to the allegations of the third sentence of Paragraph 14 of the

19   Complaint (starting with "Thus" at Page 4, Line 21 and ending with "California" at Page 4, Line

20   23): (A) Defendant admits that its decisions regarding the programmatic design of the Products,

21   as well as the representations made about the Products' utility, emanated from California after the

22   second quarter of 2012; and (B) Defendant denies each and every other allegation of the third

23   sentence of Paragraph 14 of the Complaint.

24        15.      Defendant denies each and every allegation of Paragraph 15 of the Complaint.

25                       **INTRADISTRICT ASSIGNMENT**

26        16.      Defendant responds as follows to the allegations of Paragraph 16 of the

27   Complaint: (A) Defendant admits that this action has been assigned to the San Francisco

28   Division of the United States District Court for the Northern District of California; (B) Defendant

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   denies that venue is proper in the Northern District; and (C) Defendant lacks adequate

2   information to determine the truthfulness of, and thus denies, each and every remaining allegation

3   of Paragraph 16 of the Complaint.

<p align="center">**FACTUAL BACKGROUND**</p>

5       17.     Defendant responds as follows to the allegations of the first sentence of Paragraph

6   17 of the Complaint (starting with "Founded" at Page 5, Line 6 and ending with "industry" at

7   Page 5, Line 7):  (A) Defendant admits that Avanquest Software, S.A. was founded in 1984 as

8   French company BVRP Software, that Defendant was formed in 1995 as BVRP USA, that

9   Defendant's name was later changed to Avanquest Software USA, Inc. and then was merged to

10  Avanquest North America Inc. on July 1, 2013, and that Defendant has today become a global

11  leader in the PC utility software industry; and (B) Defendant denies each and every other

12  allegation of the first sentence of Paragraph 17 of the Complaint.  Defendant responds as follows

13  to the allegations of the second sentence of Paragraph 17 of the Complaint (starting with

14  "Avanquest" at Page 5, Line 7 and ending with "life" at Page 5, Line 10):  (A) Defendant admits

15  that it has joined the ranks of the world's ten leading consumer software developers (excluding

16  games), and that Avanquest software products are designed to provide a more secure and

17  enjoyable experience to people looking for easy and affordable software solutions in everyday

18  life;" and (B) Defendant denies each and every other allegation of the second sentence of

19  Paragraph 17 of the Complaint.

20      18.     Defendant responds as follows to the allegations of the first sentence of Paragraph

21  18 of the Complaint (starting with "According" at Page 5, Line 11 and ending with "products" at

22  Page 5, Line 12):  (A) Defendant admits that it states that Fix-It Utilities Professional is its "#1

23  Selling Disk Utility" and that the Products are "Anti-Virus & Anti-Spyware Engine" protection;

24  and (B) Defendant denies each and every other allegation of the first sentence of Paragraph 18 of

25  the Complaint.  Defendant responds as follows to the allegations of the second sentence of

26  Paragraph 18 of the Complaint (starting with "Avanquest" at Page 5, Line 12 and ending with

27  "computer" at Page 5, Line 13):  (A) Defendant admits that it states that Fix-It Utilities

28  Professional can "Make It Easy To Diagnose & Fix Your Computer;" and (B) Defendant denies

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

each and every other allegation of the second sentence of Paragraph 18 of the Complaint.

19. Defendant responds as follows to the allegations of the first sentence of Paragraph 19 of the Complaint (starting with "While" at Page 5, Line 15 and ending with "two" at Page 5, Line 18): (A) Defendant denies that the Products are "Scareware" and that Defendant's marketing describes the products as "providing the same features;" and (B) Defendant admits the remaining allegations of the first sentence of Paragraph 19 of the Complaint. Defendant responds as follows to the allegations of the second sentence of Paragraph 19 of the Complaint (starting with "*See*" at Page 5, Line 18 and ending with "products" at Page 5, Line 20): (A) Defendant admits that Figure 1 of the Complaint is a portion of a screenshot from a webpage for the Products on Defendant's website, and that Figure 2 of the Complaint is a copy of the cover of the User Guide for the products; and (B) Defendant denies each and every other allegation of the second sentence of Paragraph 19 of the Complaint.

20. Defendant responds as follows to the allegations of Paragraph 20 of the Complaint: (A) Defendant admits that the initial graphical user interfaces for the Products appear substantially similar; and (B) Defendant denies each and every other allegation of Paragraph 20 of the Complaint.

**Heading III** – Defendant denies each and every allegation of Heading III of the Complaint (starting with "Avanquest" at Page 7, Line 10 and ending with "Scheme" at Page 7, Line 10).

21. Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and every allegation of Paragraph 21 of the Complaint.

22. Defendant responds as follows to the allegations of Paragraph 21 of the Complaint: (A) Defendant admits that the webpage for the Products states "Fix, Speed Up & Maintain Your PC;" (B) Defendant admits that the webpage for Fix-It Utilities Professional states "One-Step PC Tool Wizards Make It Easy To Diagnose & Fix Your Computer;" and (C) Defendant denies each and every other allegation of Paragraph 22 of the Complaint.

23. Defendant responds as follows to the allegations of the first sentence of Paragraph 23 of the Complaint (starting with "These" at Page 7, Line 23 and ending with "packaging" at

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Page 7, Line 23):  (A) Defendant admits that two sides of the packaging for Fix-It Utilities

2    Professional state "Fix, Speed Up and Maintain Your PC;" (B) Defendant admits that the inside

3    cover of the packaging for SystemSuite PC Tune-Up & Repair states "One-Click uncovers

4    problems, helps you fix them & returns your PC to peak performance;" and (C) Defendant denies

5    each and every other allegation of the first sentence of Paragraph 23 of the Complaint.  Defendant

6    responds as follows to the allegations of the second sentence of Paragraph 23 of the Complaint

7    (starting with "In" at Page 7, Line 23 and ending with "functionalities" at Page 7, Line 25):  (A)

8    Defendant admits that two sides of the packaging for Fix-It Utilities Professional state "Fix,

9    Speed Up and Maintain Your PC;" and (B) Defendant denies each and every other allegation of

10   the second sentence of Paragraph 23 of the Complaint.

11           24.    Defendant denies each and every allegation of Paragraph 24 of the Complaint.

12           25.    Defendant responds as follows to the allegations of Paragraph 25 of the

13   Complaint:  (A) Defendant admits that it encourages consumers to purchase and thereafter

14   download its products to protect their computers; and (B) Defendant denies each and every other

15   allegation of Paragraph 25 of the Complaint.

16           **Heading A** – Defendant denies each and every allegation of Heading A of the Complaint

17   (starting with "Avanquest" at Page 8, Line 11 and ending with "Scareware" at Page 8, Line 11).

18           26.    Defendant responds as follows to the allegations of the first sentence of Paragraph

19   26 of the Complaint (starting with "On" at Page 8, Line 12 and ending with "functionality" at

20   Page 8, Line 13):  (A) Defendant denies that the Products are "Scareware;" and (B) Defendant

21   admits the remaining allegations of the first sentence of Paragraph 26 of the Complaint.

22   Defendant responds as follows to the allegations of the second sentence of Paragraph 26 of the

23   Complaint (starting with "Avanquest" at Page 8, Line 13 and ending with "problems" at Page 8,

24   Line 16):  (A) Defendant admits that its Products can improve the efficiency and performance of

25   PCs, increase the system stability of PCs, repairs PC errors, stop PC crashes and freezes, and

26   serve as a comprehensive tool to fix many computer problems; and (B) Defendant denies each

27   and every other allegation of the second sentence of Paragraph 26 of the Complaint.

28           27.    Defendant responds as follows to the allegations of Paragraph 27 of the

1    Complaint:  (A) Defendant admits that its website (www.avanquest.com) states that the Products

2    "Stop PC Crashes & Freezes;" (B) Defendant admits that its website (www.avanquest.com) states

3    that the Products provide "Total Virus & Spyware Protection," can "Repair System & Hard Drive

4    Errors," and provide "Complete PC Maintenance;" and (C) Defendant denies each and every

5    other allegation of Paragraph 27 of the Complaint.

6          28.     Defendant denies each and every allegation of Paragraph 28 of the Complaint.

7          29.     Defendant responds as follows to the allegations of Paragraph 29 of the

8    Complaint:  (A) Defendant admits that the packaging for SystemSuite PC Tune-Up & Repair

9    Version 12 states "Malware, virus & spyware protection" and ". . . cleans and repairs the

10   windows registry . . .;" and (B) Defendant denies each and every other allegation of Paragraph 29

11   of the Complaint.

12         30.     Defendant responds as follows to the allegations of Paragraph 30 of the

13   Complaint:  (A) Defendant admits that the packaging for Fix-It Utilities Professional Version 12

14   states "Keeps your PC running like new," "Intelligently identifies system slowdowns," Fixes

15   problems and speeds up Windows," "Real-time virus & spyware protection," and "Stops PC

16   crashes and freezes;" and (B) Defendant denies each and every other allegation of Paragraph 30

17   of the Complaint.

18         31.     Defendant denies each and every allegation of Paragraph 31 of the Complaint.

19   Defendant responds as follows to the allegations of the first sentence of footnote 4 in Paragraph

20   31 of the Complaint (starting with "Avanquest" at Page 9, Line 25 and ending with "well" at Page

21   9, Line 26):  (A) Defendant admits that Fix-It Utilities Professional provides "Total Virus &

22   Spyware Protection;" (B) Defendant lacks adequate information to determine the truthfulness of,

23   and thus denies, each and every remaining allegation of the first sentence of footnote 4 in

24   Paragraph 31 of the Complaint.  Defendant lacks adequate information to determine the

25   truthfulness of, and thus denies, each and every allegation of the second and third sentences of

26   footnote 4 in Paragraph 31 of the Complaint (starting with "In" at Page 9, Line 26 and ending

27   with "deleted" at Page 9, Line 27).

28         32.     Defendant responds as follows to the allegations of the first sentence of Paragraph

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   32 of the Complaint (starting with "Because" at Page 10, Line 3 and ending with "above" at Page

2   10, Line 5):  (A) Defendant denies that the Products are "Scareware;" and (B) Defendant lacks

3   adequate information to determine the truthfulness of, and thus denies, each and every remaining

4   allegation of the first sentence of Paragraph 32 of the Complaint.  Defendant denies each and

5   every allegation of the second and third sentences of Paragraph 32 of the Complaint (starting with

6   "To" at Page 10, Line 5 and ending with "scheme" at Page 10, Line 7).

7       **Heading B** – Defendant denies each and every allegation of Heading B of the Complaint

8   (starting with "Avanquest" at Page 10, Line 8 and ending with "condition" at Page 10, Line 9).

9       33.   Defendant responds as follows to the allegations of Paragraph 33 of the

10  Complaint:  (A) Defendant denies that the Products are "Scareware;" and (B) Defendant admits

11  the remaining allegations of Paragraph 33 of the Complaint.

12      34.   Defendant responds as follows to the allegations of Paragraph 34 of the

13  Complaint:  (A) Defendant admits that Figure 5 appears to be screenshots from the Products; and

14  (B) Defendant denies each and every remaining allegation of Paragraph 34 of the Complaint.

15      35.   Defendant denies each and every allegation of Paragraph 35 of the Complaint.

16      36.   Defendant responds as follows to the allegations of the first sentence of Paragraph

17  36 of the Complaint (starting with "Upon" at Page 11, Line 12 and ending with "fixing" at Page

18  11, Line 14):  (A) Defendant admits that after running a scan of a computer the Products alert the

19  user of any problems with the user's computer that the Products have detected; and (B) Defendant

20  denies each and every remaining allegation of the first sentence of Paragraph 36 of the

21  Complaint.  Defendant responds as follows to the allegations of the second sentence of Paragraph

22  36 of the Complaint (starting with "*See*" at Page 11, Line 14 and ending with "interfaces" at Page

23  11, Line 15):  (A) Defendant admits that Figure 6 appears to be screenshots from the Products;

24  and (B) Defendant denies each and every remaining allegation of the second sentence of

25  Paragraph 36 of the Complaint.  Defendant responds as follows to the allegations of the third

26  sentence of Paragraph 36 of the Complaint (starting with "In" at Page 11, Line 15 and ending

27  with "condition" at Page 11, Line 18):  (A) Defendant admits that the Products' interfaces use a

28  representation of three cylinders labeled "Optimization," "Security," and Maintenance," with

RC1/7086516./DCC                    - 11 -                    ANSWER TO FAC
                                                              3:12-CV-04391-WHO

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  color spectrums ranging from red to green, along with corresponding percentages representing the

2  results of the scan of the user's computer; and (B) Defendant denies each and every remaining

3  allegation of the third sentence of Paragraph 36 of the Complaint.  Defendant responds as follows

4  to the allegations of the fourth sentence of Paragraph 36 of the Complaint (starting with "*See*" at

5  Page 11, Line 18 and ending with "*id.*" at Page 11, Line 18):  (A) Defendant admits that Figure 6

6  appears to be screenshots from the Products; (B) Defendant denies each and every remaining

7  allegation of the fourth sentence of Paragraph 36 of the Complaint.

8          37.     Defendant responds as follows to the allegations of the first sentence of Paragraph

9  37 of the Complaint (starting with "While" at Page 11, Line 25 and ending with "condition" at

10  Page 12, Line 1):  (A) Defendant lacks adequate information to determine the truthfulness of, and

11  thus denies, that "these visual representations appear alarming to the user;" and (B) Defendant

12  denies each and every remaining allegation of the first sentence of Paragraph 37 of the

13  Complaint.  Defendant lacks adequate information to determine the truthfulness of, and thus

14  denies, each and every allegation of the second sentence of Paragraph 37 of the Complaint

15  (starting with "In" at Page 12, Line 1 and ending with "remedy" at Page 12, Line 3).

16          **Heading IV** – Defendant denies each and every allegation of Heading IV of the

17  Complaint (starting with "Plaintiffs" at Page 12, Line 4 and ending with "Harmful" at Page 12,

18  Line 5).

19          38.     Defendant denies each and every allegation of Paragraph 38 of the Complaint.

20          39.     Defendant responds as follows to the allegations of the first sentence of Paragraph

21  39 of the Complaint, including footnote 5 (starting with "Through" at Page 12, Line 10 and

22  ending with "Scareware" at Page 12, Line 11):  (A) Defendant denies that the Products are

23  "Scareware;" and (B) Defendant lacks adequate information to determine the truthfulness of, and

24  thus denies, each and every remaining allegation of the first sentence of Paragraph 39 of the

25  Complaint.  Defendant responds as follows to the allegations of the second and third sentences of

26  Paragraph 39 of the Complaint (starting with "The" at Page 12, Line 11 and ending with

27  "*computer*" at Page 12, Line 14):  (A) Defendant denies that the Products are "Scareware;" (B)

28  Defendant denies that the Products "always report[] that a user's PC is in poor condition –

1    regardless of the condition or type of computer the software is installed on;" and (C) Defendant

2    lacks adequate information to determine the truthfulness of, and thus denies, each and every

3    remaining allegation of the second and third sentences of Paragraph 39 of the Complaint.

4    Defendant denies the allegations of the fourth and fifth sentences of Paragraph 39 of the

5    Complaint (starting with "Ostensibly" at Page 12, Line 14 and ending with "otherwise" at Page

6    12, Line 16). Defendant responds as follows to the allegations of the sixth sentence of Paragraph

7    39 of the Complaint (starting with "The" at Page 12, Line 16 and ending with "functionality" at

8    Page 12, Line 18): (A) Defendant denies that "many of the errors detected [by the Products] *are*

9    *not credible threats* to a PC's functionality; and (B) Defendant lacks adequate information to

10   determine the truthfulness of, and thus denies, each and every remaining allegation of the sixth

11   sentence of Paragraph 39 of the Complaint.

12       40.     Defendant responds as follows to the allegations of Paragraph 40 of the

13   Complaint: (A) Defendant denies that the Products are "Scareware;" (B) Defendant denies that it

14   programmed the products to "(i) always identify problems on a user's computer (even when none

15   exist), (ii) artificially inflate the number of errors detected on a user's computer, (iii) characterize

16   innocuous items as harmful threats, and (iv) arbitrarily report that the user's 'Optimization,'

17   'Security,' and 'Maintenance' statuses are low without using any credible metrics to assess these

18   issues;" and (C) Defendant lacks adequate information to determine the truthfulness of, and thus

19   denies, each and every remaining allegation of Paragraph 40 of the Complaint.

20       41.     Defendant responds as follows to the allegations of the first sentence of Paragraph

21   41 of the Complaint (starting with "The" at Page 12, Line 25 and ending with "damaged" at Page

22   13, Line 2): (A) Defendant denies that the Products are "Scareware;" (B) Defendant denies that

23   the Products were "deliberately designed to mischaracterize the severity of errors to shock

24   consumers into believing that their computers are damaged; and (C) Defendant lacks adequate

25   information to determine the truthfulness of, and thus denies, each and every remaining allegation

26   of the first sentence of Paragraph 41 of the Complaint. Defendant responds as follows to the

27   allegations of the second sentence of Paragraph 41 of the Complaint (starting with "For" at Page

28   13, Line 2 and ending with "performance" at Page 13, Line 4): (A) Defendant denies that the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Products "detect[] innocuous files that *cannot* cause damage to a computer" and "report[] that

2    they . . . negatively impact[] the computer's performance;" and (B) Defendant lacks adequate

3    information to determine the truthfulness of, and thus denies, each and every remaining allegation

4    of the second sentence of Paragraph 41 of the Complaint.

5         42.    Defendant denies each and every allegation of Paragraph 42 of the Complaint.

6         **Heading V** – Defendant denies each and every allegation of Heading V of the Complaint

7    (starting with "Avanquest" at Page 13, Line 10 and ending with "Conduct" at Page 13, Line 10).

8         43.    Defendant responds as follows to the allegations of the first sentence of Paragraph

9    43 of the Complaint (starting with "Unfortunately" at Page 13, Line 11 and ending with "case" at

10   Page 13, Line 12):  (A) Defendant denies that it uses "fraudulent programmatic design and

11   marketing practices;" and (B) Defendant lacks adequate information to determine the truthfulness

12   of, and thus denies, each and every remaining allegation of the first sentence of Paragraph 43 of

13   the Complaint.  Defendant lacks adequate information to determine the truthfulness of, and thus

14   denies, each and every allegation of the second and third sentences of Paragraph 43 of the

15   Complaint (starting with "Rather" at Page 13, Line 12 and ending with "software" at Page 13,

16   Line 16).  Defendant believes it is inappropriate to include other lawsuits and allegations of

17   others' misconduct in this Complaint, as irrelevant, immaterial and inflammatory and that

18   Paragraph 43 should be struck from the Complaint, and will be the subject of a future motion in

19   limine.

20        44.    Defendant lacks adequate information to determine the truthfulness of, and thus

21   denies, each and every allegation of the first and second sentences of Paragraph 44 of the

22   Complaint (starting with "Indeed" at Page 13, Line 17 and ending with "litigated" at Page 13,

23   Line 24).  Defendant denies each and every allegation of the third sentence of Paragraph 44 of the

24   Complaint (starting with "Rather" at Page 13, Line 24 and ending with "conduct" at Page 13,

25   Line 26).  Defendant believes it is inappropriate to include other lawsuits and allegations of

26   others' misconduct in this Complaint, as irrelevant, immaterial and inflammatory and that

27   Paragraph 44 should be struck from the Complaint, and will be the subject of a future motion in

28   limine.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

ANSWER TO FAC
3:12-CV-04391-WHO

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    **Heading VI** – Defendant lacks adequate information to determine the truthfulness of, and

2    thus denies, each and every allegation of Heading VI of the Complaint (starting with "Plaintiff" at

3    Page 14, Line 1 and ending with "Experience" at Page 14, Line 1).

4        45.     Defendant lacks adequate information to determine the truthfulness of, and thus

5    denies, each and every allegation of Paragraph 45 of the Complaint.

6        46.     Defendant lacks adequate information to determine the truthfulness of, and thus

7    denies, each and every allegation of Paragraph 46 of the Complaint.

8        47.     Defendant lacks adequate information to determine the truthfulness of, and thus

9    denies, each and every allegation of Paragraph 47 of the Complaint.

10       48.     Defendant lacks adequate information to determine the truthfulness of, and thus

11   denies, each and every allegation of the first sentence of Paragraph 48 of the Complaint (starting

12   with "Upon" at Page 14, Line 13 and ending with "same" at Page 14, Line 16). Defendant

13   responds as follows to the allegations of the second sentence of Paragraph 48 of the Complaint

14   (starting with "Because" at Page 14, Line 16 and ending with "occurred" at Page 14, Line 18):

15   (A) Defendant denies that it "designed its software to *always* report" "hundreds of errors" and/or

16   "that the 'Security,' 'Maintenance,' and 'Optimization' statuses" of a computers are poor; and (B)

17   Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and

18   every remaining allegation of the second sentence of Paragraph 48 of the Complaint, and denies

19   the allegation that an assessment of his computer did not occur.

20       49.     Defendant responds as follows to the allegations of the first sentence of Paragraph

21   49 of the Complaint (starting with "Through" at Page 14, Line 19 and ending with "refund" at

22   Page 14, Line 21): (A) Defendant admits that plaintiff Worley never sought a refund from

23   Defendant; (B) Defendant denies that the Products are "Scareware;" (C) Defendant denies that the

24   Products are designed to deceive users or that Defendant deceived Worley; and (D) Defendant

25   lacks adequate information to determine the truthfulness of, and thus denies, each and every

26   remaining allegation of the first sentence of Paragraph 49 of the Complaint. Defendant denies

27   each and every allegation of the second sentence of Paragraph 49 of the Complaint (starting with

28   "Worley" at Page 14, Line 21 and ending with "computer" at Page 14, Line 22).

1    50.    Defendant denies each and every allegation of Paragraph 50 of the Complaint.

2    51.    Defendant lacks adequate information to determine the truthfulness of, and thus

3    denies, each and every allegation of Paragraph 51 of the Complaint.

4    52.    Defendant lacks adequate information to determine the truthfulness of, and thus

5    denies, each and every allegation of Paragraph 52 of the Complaint.

6    **Heading VII** – Defendant lacks adequate information to determine the truthfulness of,

7    and thus denies, each and every allegation of Heading VI of the Complaint (starting with

8    "Plaintiff" at Page 15, Line 18 and ending with "Experience" at Page 15, Line 18).

9    53.    Defendant lacks adequate information to determine the truthfulness of, and thus

10   denies, each and every allegation of Paragraph 53 of the Complaint.

11   54.    Defendant lacks adequate information to determine the truthfulness of, and thus

12   denies, each and every allegation of Paragraph 54 of the Complaint.

13   55.    Defendant lacks adequate information to determine the truthfulness of, and thus

14   denies, each and every allegation of the first sentence of Paragraph 55 of the Complaint (starting

15   with "Relying" at Page 16, Line 2 and ending with "$39.99" at Page 16, Line 3).  Defendant

16   responds as follows to the allegations of the second sentence of Paragraph 55 of the Complaint

17   (starting with "Boyd" at Page 16, Line 3 and ending with "been" at Page 16, Line 5):  (A)

18   Defendant denies that there were any misrepresentations on the product packaging of Avanquest

19   Fix-It Utilities Processional 12; and (B) Defendant lacks adequate information to determine the

20   truthfulness of, and thus denies, each and every remaining allegation of the second sentence of

21   Paragraph 55 of the Complaint.

22   56.    Defendant lacks adequate information to determine the truthfulness of, and thus

23   denies, each and every allegation of the first sentence of Paragraph 56 of the Complaint (starting

24   with "Upon" at Page 16, Line 6 and ending with "same" at Page 16, Line 8).  Defendant responds

25   as follows to the allegations of the second sentence of Paragraph 56 of the Complaint  (starting

26   with "Because" at Page 16, Line 8 and ending with "occurred" at Page 16, Line 10):  (A)

27   Defendant denies that it "designed its software to *always* report" "that the 'Security,'

28   'Maintenance,' and 'Optimization' statuses" of a computer is poor; and (B) Defendant lacks

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    adequate information to determine the truthfulness of, and thus denies, each and every remaining

2    allegation of the second sentence of Paragraph 56 of the Complaint.

3          57.    Defendant lacks adequate information to determine the truthfulness of, and thus

4    denies, each and every allegation of Paragraph 57 of the Complaint.

5          58.    Defendant responds as follows to the allegations of Paragraph 58 of the

6    Complaint:  (A) Defendant admits that Plaintiffs bring this action and purport to represent a class;

7    (B) to the extent any such allegation is a legal conclusion, no response is required; and (C) to the

8    extent any such allegation requires a response and is not otherwise addressed herein, Defendant

9    denies each and every such allegation.

10         59.    Defendant responds as follows to the allegations of Paragraph 59 of the

11   Complaint:  (A) Defendant admits that Plaintiffs bring this action and purport to represent a class;

12   (B) Defendant admits that it has sold thousands of units of the Products; (C) to the extent any

13   such allegation is a legal conclusion, no response is required; and (D) to the extent any such

14   allegation requires a response and is not otherwise addressed herein, Defendant lacks adequate

15   information to determine the truthfulness of, and thus denies, each and every allegation of

16   Paragraph 59 of the Complaint.

17         60.    Defendant responds as follows to the allegations of Paragraph 60 of the

18   Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

19   and (B) to the extent any such allegation requires a response and is not otherwise addressed

20   herein, Defendant lacks adequate information to determine the truthfulness of, and thus denies,

21   each and every allegation of Paragraph 60 of the Complaint.

22         61.    Defendant responds as follows to the allegations of Paragraph 61 of the

23   Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

24   and (B) to the extent any such allegation requires a response and is not otherwise addressed

25   herein, Defendant lacks adequate information to determine the truthfulness of, and thus denies,

26   each and every allegation of Paragraph 61 of the Complaint.

27         62.    Defendant responds as follows to the allegations of Paragraph 62 of the

28   Complaint:  (A) Defendant denies that the Products are "Scareware;" (B) to the extent any such

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    allegation is a legal conclusion, no response is required; and (C) to the extent any such allegation

2    requires a response and is not otherwise addressed herein, Defendant lacks adequate information

3    to determine the truthfulness of, and thus denies, each and every allegation of Paragraph 62 of the

4    Complaint.

5        63.    Defendant responds as follows to the allegations of Paragraph 63 of the

6    Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

7    and (B) to the extent any such allegation requires a response and is not otherwise addressed

8    herein, Defendant lacks adequate information to determine the truthfulness of, and thus denies,

9    each and every allegation of Paragraph 63 of the Complaint.

10       64.    Defendant responds as follows to the allegations of Paragraph 64 of the

11   Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

12   and (B) to the extent any such allegation requires a response and is not otherwise addressed

13   herein, Defendant denies each and every allegation of Paragraph 64 of the Complaint.

14       65.    Defendant responds as follows to the allegations of Paragraph 65 of the

15   Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

16   and (B) to the extent any such allegation requires a response and is not otherwise addressed

17   herein, Defendant denies each and every allegation of Paragraph 65 of the Complaint.

18       66.    In response to Paragraph 66 of the Complaint, Defendant hereby restates and

19   incorporates by reference each and every response in the foregoing paragraphs of the Answer as if

20   set forth fully herein.

21       67.    Defendant responds as follows to the allegations of Paragraph 67 of the

22   Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

23   and (B) to the extent any such allegation requires a response and is not otherwise addressed

24   herein, Defendant denies each and every allegation of Paragraph 67 of the Complaint.

25       68.    Defendant responds as follows to the allegations of Paragraph 68 of the

26   Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

27   and (B) to the extent any such allegation requires a response and is not otherwise addressed

28   herein, Defendant denies each and every allegation of Paragraph 68 of the Complaint.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1      69.    Defendant responds as follows to the allegations of Paragraph 69 of the

2   Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

3   and (B) to the extent any such allegation requires a response and is not otherwise addressed

4   herein, Defendant denies each and every allegation of Paragraph 69 of the Complaint.

5      70.    Defendant responds as follows to the allegations of Paragraph 70 of the

6   Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

7   and (B) to the extent any such allegation requires a response and is not otherwise addressed

8   herein, Defendant denies each and every allegation of Paragraph 70 of the Complaint.

9      71.    Defendant responds as follows to the allegations of Paragraph 71 of the

10   Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

11   and (B) to the extent any such allegation requires a response and is not otherwise addressed

12   herein, Defendant denies each and every allegation of Paragraph 71 of the Complaint.

13      72.    Defendant responds as follows to the allegations of the first sentence of Paragraph

14   72 of the Complaint  (starting with "Specifically" at Page 20, Line 6 and ending with "programs"

15   at Page 20, Line 9):  (A) Defendant admits that it represents that the Products honestly and

16   accurately scan a PC, and can increase the speed and stability of a PC, increase a PC's internet

17   speed, and  protect a PC from harmful programs; (B) Defendant denies that the Products are

18   "Scareware;" and (C) Defendant lacks adequate information to determine the truthfulness of, and

19   thus denies, each and every remaining allegation of the first sentence of Paragraph 72 of the

20   Complaint.  Defendant lacks adequate information to determine the truthfulness of, and thus

21   denies, each and every allegation of the second sentence of Paragraph 72 of the Complaint

22   (starting with "Further" at Page 20, Line 9 and ending with "PCs" at Page 20, Line 10).

23      73.    Defendant denies each and every allegation of Paragraph 73 of the Complaint.

24      74.    Defendant denies each and every allegation of Paragraph 74 of the Complaint.

25      75.    Defendant denies each and every allegation of Paragraph 75 of the Complaint.

26      76.    Defendant denies each and every allegation of Paragraph 76 of the Complaint.

27      77.    Defendant responds as follows to the allegations of Paragraph 77 of the

28   Complaint:  (A) Defendant admits that its headquarters are located in Calabasas, California; and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  (B) Defendant denies each and every remaining allegation of Paragraph 77 of the Complaint.

2        78.    Defendant denies each and every allegation of Paragraph 78 of the Complaint.

3        79.    Defendant responds as follows to the allegations of Paragraph 79 of the

4  Complaint:  (A) Defendant admits that Plaintiffs seek the requested relief from the Court; and (B)

5  Defendant denies each and every remaining allegation of Paragraph 79 of the Complaint.

6        80.    In response to Paragraph 80 of the Complaint, Defendant hereby restates and

7  incorporates by reference each and every response in the foregoing paragraphs of the Answer as if

8  set forth fully herein.

9        81.    Defendant denies each and every allegation of Paragraph 81 of the Complaint.

10        82.    Defendant responds as follows to the allegations of the first sentence of Paragraph

11  82 of the Complaint (starting with "To" at Page 21, Line 21 and ending with "utility" at Page 21,

12  Line 22):  (A) Defendant admits that it advertises the utility of its Products; and (B) Defendant

13  denies each and every remaining allegation of the first sentence of Paragraph 82 of the

14  Complaint.  Defendant responds as follows to the allegations of the second sentence of Paragraph

15  82 of the Complaint  (starting with "Specifically" at Page 21, Line 23 and ending with "above" at

16  Page 21, Line 26):  (A) Defendant admits that it represents that the Products honestly and

17  accurately scan a PC for harmful problems, increase the speed and stability of a PC, increase a

18  PC's internet speed, protect a PC from harmful programs, and perform the tasks identified in

19  Figure 1 to the Complaint; (B) Defendant denies that the Products are "Scareware;" and (C)

20  Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and

21  every remaining allegation of the second sentence of Paragraph 82 of the Complaint.  Defendant

22  responds as follows to the allegations of the third sentence of Paragraph 82 of the Complaint

23  (starting with "Further" at Page 21, Line 26 and ending with "PCs" at Page 22, Line 2):  (A)

24  Defendant denies that the Products are "Scareware;" and (B) Defendant lacks adequate

25  information to determine the truthfulness of, and thus denies, each and every remaining allegation

26  of the third sentence of Paragraph 82 of the Complaint.

27        83.    Defendant denies each and every allegation of Paragraph 83 of the Complaint.

28        84.    Defendant responds as follows to the allegations of Paragraph 84 of the

1    Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

2    and (B) to the extent any such allegation requires a response and is not otherwise addressed

3    herein, Defendant denies each and every allegation of Paragraph 84 of the Complaint.

4        85.    Defendant denies each and every allegation of Paragraph 85 of the Complaint.

5        86.    Defendant denies each and every allegation of Paragraph 86 of the Complaint.

6        87.    Defendant responds as follows to the allegations of Paragraph 87 of the

7    Complaint:  (A) Defendant denies that the Products are "Scareware;" (B) to the extent any such

8    allegation is a legal conclusion, no response is required; and (C) to the extent any such allegation

9    requires a response and is not otherwise addressed herein, Defendant lacks adequate information

10   to determine the truthfulness of, and thus denies, each and every remaining allegation of

11   Paragraph 87 of the Complaint.

12       88.    Defendant responds as follows to the allegations of Paragraph 87 of the

13   Complaint:  (A) to the extent any such allegation is a legal conclusion, no response is required;

14   and (B) to the extent any such allegation requires a response and is not otherwise addressed

15   herein, Defendant denies each and every remaining allegation of Paragraph 88 of the Complaint.

16       89.    Defendant denies each and every allegation of Paragraph 89 of the Complaint.

17       90.    Defendant responds as follows to the allegations of Paragraph 90 of the

18   Complaint:  (A) Defendant admits that Plaintiffs seek the requested relief from the Court; and (B)

19   Defendant denies each and every remaining allegation of Paragraph 90 of the Complaint.

20       91.    In response to Paragraph 91 of the Complaint, Defendant hereby restates and

21   incorporates by reference each and every response in the foregoing paragraphs of the Answer as if

22   set forth fully herein.

23       92.    Defendant responds as follows to the allegations of Paragraph 92 of the

24   Complaint:  (A) Defendant admits that it sells the Products to the general public; (B) to the extent

25   any such allegation is a legal conclusion, no response is required; and (C) to the extent any such

26   allegation requires a response and is not otherwise addressed herein, Defendant denies each and

27   every allegation of Paragraph 92 of the Complaint.

28       93.    Defendant responds as follows to the allegations of Paragraph 93 of the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

- 21 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

2    and (B) to the extent any such allegation requires a response and is not otherwise addressed

3    herein, Defendant denies each and every allegation of Paragraph 93 of the Complaint.

4         94.    Defendant responds as follows to the allegations of Paragraph 94 of the

5    Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

6    and (B) to the extent any such allegation requires a response and is not otherwise addressed

7    herein, Defendant denies each and every allegation of Paragraph 94 of the Complaint.

8         95.    Defendant responds as follows to the allegations of Paragraph 95 of the

9    Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

10   and (B) to the extent any such allegation requires a response and is not otherwise addressed

11   herein, Defendant denies each and every allegation of Paragraph 95 of the Complaint.

12        96.    Defendant denies each and every allegation of Paragraph 96 of the Complaint.

13        97.    Defendant denies each and every allegation of Paragraph 97 of the Complaint.

14        98.    In response to Paragraph 98 of the Complaint, Defendant hereby restates and

15   incorporates by reference each and every response in the foregoing paragraphs of the Answer as if

16   set forth fully herein.

17        99.    Defendant lacks adequate information to determine the truthfulness of, and thus

18   denies, each and every allegation of Paragraph 99 of the Complaint.

19        100.   Defendant responds as follows to the allegations of Paragraph 100 of the

20   Complaint: (A) Defendant admits that it sells the Products to the general public; (B) to the extent

21   any such allegation is a legal conclusion, no response is required; and (C) to the extent any such

22   allegation requires a response and is not otherwise addressed herein, Defendant denies each and

23   every allegation of Paragraph 100 of the Complaint.

24        101.   Defendant denies each and every allegation of Paragraph 101 of the Complaint.

25        102.   Because the allegations of Paragraph 102 of the Complaint constitute legal

26   conclusions, no response is required.

27        103.   Defendant responds as follows to the allegations of Paragraph 103 of the

28   Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required;

and (B) to the extent any such allegation requires a response and is not otherwise addressed

herein, Defendant denies each and every allegation of Paragraph 103 of the Complaint.

104. Defendant responds as follows to the allegations of Paragraph 104 of the Complaint: (A) to the extent any such allegation is a legal conclusion, no response is required; and (B) to the extent any such allegation requires a response and is not otherwise addressed herein, Defendant lacks adequate information to determine the truthfulness of, and thus denies, each and every allegation of Paragraph 104 of the Complaint.

105. Defendant denies each and every allegation of Paragraph 105 of the Complaint.

106. Defendant denies each and every allegation of Paragraph 106 of the Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiffs' are entitled to any of the relief requested in their Prayer for Relief.

WHEREFORE, Defendant prays for judgment as set forth below.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendant hereby asserts the following separate affirmative defenses to each and every allegation in Plaintiffs' Complaint. Defendant reserves the right to assert additional affirmative defenses as facts are discovered in this case.

## AFFIRMATIVE DEFENSE NO. ONE

### (Standing)

Plaintiffs lack standing to pursue claims based on the damages they have alleged under their First Cause of Action.

## AFFIRMATIVE DEFENSE NO. TWO

### (Class Action Improper)

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSE NO. THREE

### (Plaintiffs Are Not Proper Representatives for the Proposed Class)

The class proposed by Plaintiffs is overbroad in that it includes persons alleged to have

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  relied upon representations Plaintiffs are not alleged to have encountered or relied upon.

2  ### AFFIRMATIVE DEFENSE NO. FOUR

3  ### (Failure to State a Cause of Action)

4  Plaintiffs have failed to state a claim for which relief may be granted.

5  ### AFFIRMATIVE DEFENSE NO. FIVE

6  ### (Statute of Limitations)

7  The relief requested by Plaintiffs in the Complaint is barred, in whole or in part, by any

8  applicable statute of limitations.

9  ### AFFIRMATIVE DEFENSE NO. SIX

10  ### (Laches)

11  The relief requested by Plaintiffs in the Complaint is barred, in whole or in part, by the

12  doctrine of laches.

13  ### AFFIRMATIVE DEFENSE NO. SEVEN

14  ### (Estoppel)

15  The relief requested by Plaintiffs in the Complaint is barred, in whole or in part, by the

16  doctrine of equitable estoppel.

17  ### AFFIRMATIVE DEFENSE NO. EIGHT

18  ### (Waiver)

19  The relief requested by Plaintiffs in the Complaint is barred, in whole or in part, by the

20  doctrine of waiver.

21  ### AFFIRMATIVE DEFENSE NO. NINE

22  ### (Unclean Hands)

23  The relief requested by Plaintiffs in the Complaint is barred, in whole or in part, by the

24  doctrine of unclean hands.

25  ### AFFIRMATIVE DEFENSE NO. TEN

26  ### (Setoff)

27  The relief requested by Plaintiffs in the Complaint is barred, in whole or in part, by the

28  doctrine of setoff.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/7086516./DCC

ANSWER TO FAC
3:12-CV-04391-WHO

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

### AFFIRMATIVE DEFENSE NO. ELEVEN

2

### (Failure to Mitigate Damages)

3      Plaintiffs failed to exercise reasonable care and diligence to avoid loss and to minimize

4  and mitigate their damages, if any there were, and this failure to mitigate damages alone caused,

5  contributed to, or aggravated any damages or injuries to Plaintiffs, if any, and therefore precludes

6  or reduces any recovery against the Defendant.

7

### AFFIRMATIVE DEFENSE NO. TWELVE

8

### (Unreasonable Conduct)

9      Defendant alleges on information and belief that Plaintiffs should be denied recovery

10  under the Complaint, and each cause of action thereof, because Plaintiffs' conduct was manifestly

11  unreasonable, including but not limited to failing to uninstall or disable existing anti-spyware

12  software on their computers prior to running the Active Defense feature of Defendants' Products,

13  as instructed by the Products' User's Guide.

14

### AFFIRMATIVE DEFENSE NO. THIRTEEN

15

### (Failure to State a Claim – Punitive Damages)

16      Plaintiffs fail to state a claim against Defendant for punitive or exemplary damages.

17

### AFFIRMATIVE DEFENSE NO. FOURTEEN

18

### (Alteration)

19      Defendant alleges on information and belief that Plaintiffs and/or others modified, altered,

20  abused and/or misused the products involved herein, proximately causing the events alleged and

21  damages complained of, if any there were, and recovery is therefore barred or proportionally

22  reduced accordingly.

23

### AFFIRMATIVE DEFENSE NO. FIFTEEN

24

### (Misuse)

25      Defendant alleges on information and belief that Plaintiffs or others improperly used or

26  maintained the products involved herein, proximately causing the alleged events and damages

27  complained of, if any there were, and recovery is therefore barred or proportionally reduced

28  accordingly.

RC1/7086516./DCC

- 25 -

ANSWER TO FAC
3:12-CV-04391-WHO

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## AFFIRMATIVE DEFENSE NO. SIXTEEN

### (Spoliation)

Defendant alleges on information and belief that Plaintiffs, either intentionally or negligently, failed to preserve the primary evidence relevant to this litigation, thus failing to give Defendant an opportunity to inspect said evidence and thereby severely damaging and prejudicing a defense. Plaintiffs should therefore be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

## AFFIRMATIVE DEFENSE NO. SEVENTEEN

### (Notice)

Defendant alleges that the Complaint is barred by Plaintiffs' failure to give Defendant timely and reasonable notice of their claims and the alleged wrongful conduct alleged in the Complaint.

## AFFIRMATIVE DEFENSE NO. EIGHTEEN

### (Mistake)

Defendant alleges on information and belief that each cause of action stated in the Complaint is barred, in whole or in part, because of mutual and/or unilateral mistake of the parties in entering into the contract(s) alleged in the Complaint.

## AFFIRMATIVE DEFENSE NO. NINETEEN

### (Rescission)

Defendant alleges on information and belief that each cause of action stated in the Complaint is barred, in whole or in part, because the contract(s) alleged in the Complaint have been rescinded.

## AFFIRMATIVE DEFENSE NO. TWENTY

### (Conditions and Covenants)

Defendant alleges on information and belief that each cause of action stated in the Complaint is barred, in whole or in part, because Defendant fully performed the conditions and covenants required to be performed by it unless and until prevented from doing so by Plaintiffs and/or other parties to this action.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    **AFFIRMATIVE DEFENSE NO. TWENTY-ONE**

2    **(Lack of Consideration)**

3      Defendant alleges on information and belief that each cause of action stated in the

4    Complaint is barred, in whole or in part, by a failure and/or lack of consideration.

5    **AFFIRMATIVE DEFENSE NO. TWENTY-TWO**

6    **(Failure to Perform Covenants and Conditions)**

7      Defendant alleges on information and belief that each cause of action stated in the

8    Complaint is barred, in whole or in part, because Plaintiffs have failed to perform all conditions,

9    covenants and promises required to be performed in accordance with the terms and conditions of

10   the contract(s) alleged in the Complaint.

11   **AFFIRMATIVE DEFENSE NO. TWENTY-THREE**

12   **(Impossibility)**

13     Defendant alleges on information and belief that each cause of action stated in the

14   Complaint is barred, in whole or in part, because the contract(s) alleged in the Complaint were

15   impossible to perform.

16   **AFFIRMATIVE DEFENSE NO. TWENTY-FOUR**

17   **(Commercial Frustration)**

18     Defendant alleges on information and belief that each cause of action stated in the

19   Complaint is barred, in whole or in part, because performance under the contract(s) alleged in the

20   Complaint was excused by the doctrine of commercial frustration in that Defendant was not

21   required to perform the contract(s) under the conditions that existed at the time.

22   **AFFIRMATIVE DEFENSE NO. TWENTY-FIVE**

23   **(Condition Precedent)**

24     Defendant alleges on information and belief that each cause of action stated in the

25   Complaint is barred, in whole or in part, because Plaintiffs are not entitled to performance by

26   Defendant in that a condition precedent to Defendant's duty to perform has not yet occurred.

27   / / /

28   / / /

RC1/7086516./DCC

ANSWER TO FAC
3:12-CV-04391-WHO

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIRMATIVE DEFENSE NO. TWENTY-SIX

### (Satisfaction)

Defendant alleges on information and belief that the causes of action asserted herein were settled, satisfied, extinguished and supported by adequate consideration prior to the serving of the Complaint on the Defendant, and the prior settlement operates to bar the same.

## AFFIRMATIVE DEFENSE NO. TWENTY-SEVEN

### (Contractual Limitation of Liability)

Plaintiffs should be denied recovery under the Complaint, and each cause of action thereof, to the extent they seek consequential, indirect, exemplary, special, punitive and/or incidental damages, lost profits and/or lost savings, because they agreed to the Limitation of Liability set forth in the Avanquest End User's License Agreement that accompanied the software product they purchased.  Plaintiffs' damages, if any, are limited to the amount, if any, paid for the Products.

## AFFIRMATIVE DEFENSE NO. TWENTY-EIGHT

### (Limitation of Liability to Third Parties)

On information and belief, Plaintiffs did not purchase the Products and therefore under the Avanquest End User's License Agreement that accompanied the software they loaded onto their computer(s), Defendant has no liability because they are a third party to the sales transaction.

## AFFIRMATIVE DEFENSE NO. TWENTY-NINE

### (Money-Back Guarantee)

Defendant alleges on information and belief that each cause of action stated in the Complaint is barred, in whole or in part, because Plaintiffs either failed to seek a refund for the Products pursuant to Defendant's 90-day Money-Back Guarantee set forth in Avanquest End User's License Agreement, or alternately did seek and obtain from Defendant a refund for the Products pursuant to Defendant's 90-day Money-Back Guarantee set forth in Avanquest End User's License Agreement, thus rescinding the sales contract.

/ / /

/ / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## AFFIRMATIVE DEFENSE NO. THIRTY

### (Unjust Enrichment)

Defendant alleges on information and belief that each cause of action stated in the Complaint is barred, in whole or in part, because Plaintiffs received fair value for the Products provided, were aware of the benefit they received from Defendant, and accepted and retained such benefit.  Accordingly, Plaintiffs' recovery in this action would constitute unjust enrichment.

## AFFIRMATIVE DEFENSE NO. THIRTY-ONE

### (Res Judicata / Collateral Estoppel)

Defendant alleges on information and belief that each cause of action stated in the Complaint is barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

## AFFIRMATIVE DEFENSE NO. THIRTY-TWO

### (Reservation of Rights)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## **PRAYER**

WHEREFORE, Defendant prays for Judgment as follows:

1.      That Plaintiffs take nothing by the Complaint;

2.      That Plaintiffs' Complaint be dismissed with prejudice;

3.      That Defendant be awarded judgment in this action and costs of suit incurred herein; and

4.      For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

ANSWER TO FAC
3:12-CV-04391-WHO

1

**DEMAND FOR JURY TRIAL**

2

Defendant requests a jury trial on all causes of action in the Complaint.

3

4
Dated: September 19, 2013                    ROPERS, MAJESKI, KOHN & BENTLEY

5

6
By: _Kathleen Strickland_
        N. KATHLEEN STRICKLAND

7
        DEVIN C. COURTEAU
        JUSTIN A. ZUCKER

8
        Attorneys for Defendant
        AVANQUEST NORTH AMERICA INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City