JAY EDELSON (Admitted *Pro Hac Vice*)
jedelson@edelson.com
RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
BENJAMIN H. RICHMAN (Admitted *Pro Hac Vice*)
brichman@edelson.com
CHANDLER R. GIVENS (Admitted *Pro Hac Vice*)
cgivens@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiffs and the Putative Class*

N. KATHLEEN STRICKLAND (SBN 64816)
kstrickland@RMKB.com
LAEL D. ANDARA (SBN 215416)
landara@RMKB.com
DEVIN C. COURTEAU (SBN 197505)
dcourteau@RMKB.com
JUSTIN A. ZUCKER (SBN 284401)
jzucker@RMKB.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701

*Attorneys for Defendant*
AVANQUEST NORTH AMERICA INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>AVANQUEST NORTH AMERICA, INC., a California corporation,<br><br>    *Defendant*. | Case No. 3:12-cv-04391-WHO<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**<br><br>Judge: Honorable William H. Orrick |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order. Information subject to this Protective Order may be used only for the purposes of this litigation.

### 1. PURPOSE

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that **this Stipulated Protective Order does not entitle them to file confidential information under seal**; **Civil Local Rule 79-5** sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The parties further acknowledge, as outlined in *United States District Court Northern District of California – Guidelines for the Discovery of Electronically Stored Information* ("ESI Guidelines"), that this Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout this matter.

**3.    DEFINITIONS**

3.1    **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

3.2    **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and the terms of this Order.

3.3    **Counsel** (without qualifier): Outside Counsel of Record and corporate counsel (as well as their support staff).

3.4    **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

3.5    **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.6    **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, and (4) has no direct or monetary interest in the outcome of the litigation.

3.7    "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Data designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," will be encrypted by the Receiving Party and the Receiving Party shall provide the Producing Party a list of individuals who have access to the data upon initial access to it. If additional individuals are given access to such data,

the Receiving Party shall provide the Producing Party with a list of such individuals within ten (10) days of their access to the data.

**3.8      "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.   Confidential Items or Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE," will be encrypted and a list will be maintained by the Receiving Party as to who has been provided access to the items or information, which list will be provided to the Producing Party within ten (10) days of its written request for such list. Any SOURCE CODE produced in this litigation will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until such time as designated otherwise by the Producing Party.

**3.9      Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**3.10      Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and/or have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**3.11      Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**3.12      Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**3.13      Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**3.14    Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

**3.15    Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  In the event of a dispute as to the "public" status of information, the burden shall be on the Party challenging the designation to establish that information is in the public domain and/or was known to the Receiving Party prior to disclosure by the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1    including the time limits for filing any motions or applications for extension of time pursuant to

2    applicable law.

3    **6.    DESIGNATING PROTECTED MATERIAL**

4        **6.1    Exercise of Restraint and Care in Designating Material for Protection**. Each

5    Party or Non-Party that designates information or items for protection under this Order must take

6    care to limit any such designation to specific material that qualifies under the appropriate

7    standards.  To the extent it is practical to do so, the Designating Party must designate for protection

8    only those parts of material, documents, items, or oral or written communications that qualify – so

9    that other portions of the material, documents, items, or communications for which protection is

10   not warranted are not swept unjustifiably within the ambit of this Order.

11       If it comes to a Designating Party's attention that information or items that it designated for

12   protection do not qualify for protection at all or do not qualify for the level of protection initially

13   asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

14   mistaken designation.

15       **6.2    Manner and Timing of Designations**. Except as otherwise provided in this Order

16   (see, e.g., second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered,

17   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

18   designated before the material is disclosed or produced.

19       Designation in conformity with this Order requires:

20       (a)    ***for information in documentary form*** (e.g., paper or electronic documents,

21   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

22   Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

24   material. If only a portion or portions of the material on a page qualifies for protection, the

25   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

26   markings in the margins) and must specify, for each portion, the level of protection being asserted.

27

28

1    A Party or Non-Party that makes original documents or materials available for inspection

2  need not designate them for protection until after the inspecting Party has indicated which material

3  it would like copied and produced. **All of the material made available for inspection shall be**

4  **deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until a different**

5  **designation is provided by the Producing Party.** After the inspecting Party has identified the

6  documents it wants copied and produced, the Producing Party must determine which documents,

7  or portions thereof, qualify for protection under this Order. Then, before producing the specified

8  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

10  SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of

11  the material on a page qualifies for protection, the Producing Party also must clearly identify the

12  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

13  each portion, the level of protection being asserted.

14        (b)     *for testimony given in deposition or in other pretrial or trial proceedings*,

15  that the Designating Party identify on the record, before the close of the deposition, hearing, or

16  other proceeding, all protected testimony and specify the level of protection being asserted. When

17  it is impractical to identify separately each portion of testimony that is entitled to protection and it

18  appears that substantial portions of the testimony may qualify for protection, the Designating Party

19  **may invoke on the record** (before the deposition, hearing, or other proceeding is concluded) a

20  right to have **up to 21 days** after receipt of the transcript to identify the specific portions of the

21  testimony as to which protection is sought and to specify the level of protection being asserted.

22  Only those portions of the testimony that are appropriately designated for protection within the 21

23  days shall be covered by the provisions of this Order. Alternatively, a Designating Party may

24  specify (if appropriate), at the deposition or up to 21 days after receipt of the transcript afterwards

25  if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL,"

26  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

27  SOURCE CODE."

28

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. **The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared after the 21-day period for designation has been invoked shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) *for information produced in some form other than documentary and for any other tangible items*, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. **All of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until a different designation is provided by the Producing Party.** Source Code will be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," until produced with a different designation. To the extent the Requesting Party requires production of Source Code, upon or after Inspection, any production will be subject to the Requesting Party proving a good faith basis for the print out of any portion of the Source Code. Should Producing Party object to the production, prior to

production the Producing Party shall have fourteen (14) days to request judicial intervention of the objection as set forth below in section 7.3, or withdraw its objection and produce the requested information.

**6.3    Inadvertent Failures to Designate**. Inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. In the event a Designating Party inadvertently fails to designate qualified material as "CONFIDENTIAL,"   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with the forgoing procedures, the Designating Party shall provide supplemental written notice designating the material under the appropriate confidentiality designation as soon as practicable.   Upon receipt of such supplemental written notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**7.1    Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**7.2    Meet and Confer**. The Challenging Party shall initiate the dispute resolution process consistent with Civil L.R. 37-1, by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief

that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**7.3    Judicial Intervention**. If the parties cannot resolve a challenge without court intervention, the Designating Party shall, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, proceed in accordance with Judge Orrick's Standing Order for Civil Cases, Section 4. Failure by the Designating Party to proceed in accordance with Judge Orrick's Standing Order for Civil Cases, Section 4 within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. The Court may indicate a different procedure and the parties are required to follow the protocol set by the Court.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**8.1    Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. **Data designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and/or "HIGHLY CONFIDENTIAL – SOURCE CODE,"** will be encrypted and a list will be maintained by the Receiving Party as to who has been provided access to the items or information, which list will be provided to the Producing Party within ten (10) days of its written request for such list.

8.2    **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including legal staff) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

      **(g)**    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    **8.3**    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b)    as deemed appropriate in case-specific circumstances: Counsel (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 8.4(a)(1), below, have been followed;

      (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

      (d)    the Court and its personnel;

      (e)    court reporters and their staff, professional jury or trial consultants,  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

      (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Counsel or Experts**.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" **or** "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 8.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Counsel and the city and state of his or her residence, and (2) describes the Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Counsel is involved, or may become involved, in any competitive decision-making.

(b)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" **or** "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 8.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" **or** "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years.

(c)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may proceed in accordance with Judge Orrick's Standing Order for Civil Cases, Section 4 seeking permission from the Court to do so. Any such request must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such request should set forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Counsel or Expert.

Failure to object to a proposed outside Expert or consultant shall not preclude any party from later objecting to continued access by that outside Expert or consultant where facts suggest a basis for objecting could not have been discovered by the objecting party within the time for making timely objection. If a later objection is made, no further Protected Matter shall be disclosed to the designated outside Expert or consultant until the matter is resolved by the parties through the meet and confer process, by the Court, or the objecting Party withdraws its objection.

**9.    SOURCE CODE**

**9.1**    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it comprises or includes confidential, proprietary or trade secret source code.

**9.2**    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 8.3 and 8.4.

**9.3**    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.   The source code shall be made available for inspection on a secured computer in a secured room **without Internet access or network access to other computers**, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

**9.4**    The Receiving Party may request paper copies of limited portions of source code that are ***reasonably necessary*** for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in section 9.3 in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and with the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedures outlined in Section 7 herein, and whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

**9.5**     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

**10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(i)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(ii)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(iii)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and

nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

**11.1** The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**11.2** In the event that a Party is required, by a valid discovery request, subpoena, or order, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly, and in no event more than three (3) days after receipt of the request, subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the request, subpoena or order;

(ii) promptly, and in no event more than three (3) days after receipt of the request, subpoena or order, notify in writing the party who caused the request, subpoena or order to issue in the other litigation that some or all of the material covered by the request, subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(iii) make the information requested available for inspection by the Non-Party;

(iv) If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the request, subpoena or order. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve and return all unauthorized copies of the Protected Material and delete or otherwise destroy all copies, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

**13.1**    Production of information that is privileged or otherwise immune from discovery shall be entitled to the protections of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. In particular, if a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing, identify the privileged material produced and the basis for withholding such material from production, and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. The party asserting the privilege is not required to make a showing prior to the return of the designated material.

**13.2    The Receiving Party will return such inadvertently-produced item or items of information and destroy copies thereof within ten (10) days** of receiving a written request for the return of such item or items of information. The party having returned such inadvertently-produced item or items of information may thereafter, without asserting waiver because of the inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

**14.    MISCELLANEOUS**

**14.1    Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**14.2     Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**14.3     Privilege Logs**. Counsel for a party may withhold documents from production as exempt from discovery because such documents are protected from disclosure under the attorney-client privilege or work product doctrine of Fed. R. Civ. P. 26(b), or any other applicable privilege or immunity. For documents so withheld, the party withholding the documents shall prepare a log consistent with Fed. R. Civ. P. 26(b)(5) identifying each document withheld, the protection claimed, and the basis for the protection. Counsel for either party need not list in any such log any privileged documents or communications between their firm and their client created after the filing of this action.

**14.4     Filing Protected Material**. In the event a party wishes to use any Protected Matter in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Material used therein shall be filed under seal with the Court in accordance with all applicable local rules. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil L.R. 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil L.R. 79-5, a sealing order will issue only upon a request showing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil L.R. 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil L.R. 79-5(e) unless otherwise instructed by the Court.

**14.5     This Protective Order** shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns,

1  subsidiaries, divisions, employees, agents, independent contractors, or other persons or

2  organizations over which they have control.

3      **14.6**    The party or parties receiving Protected Material shall not under any circumstances

4  sell, offer for sale, advertise, or publicize Protected Material or any information contained therein.

5  **15.    FINAL DISPOSITION**

6  Within 60 days after the final disposition of this action, as defined in paragraph 5, each Receiving

7  Party must return all Protected Material to the Producing Party or destroy such material. As used in

8  this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

9  and any other format reproducing or capturing any of the Protected Material. Whether the

10  Protected Material is returned or destroyed, the Receiving Party must submit a written certification

11  to the Producing Party (and, if not the same person or entity, to the Designating Party) within ten

12  (10) days of its request for such certification that (1) identifies (by category, where appropriate) all

13  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

14  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

15  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

16  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

17  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

18  product, and consultant and expert work product, even if such materials contain Protected

19  Material. Any such archival copies that contain or constitute Protected Material remain subject to

20  this Protective Order as set forth in Section 5 (DURATION).

21          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23

24

25

26

27

28

1

2

**BENSON WORLEY** and **JOHNNY BOYD**, individually and on behalf of all others similarly situated,

3

Dated: November __, 2013

By: _____
One of Plaintiffs' Attorneys

4

5

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com

6

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com

7

Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com

8

Chandler R. Givens (Admitted *Pro Hac Vice*)
cgivens@edelson.com

9

EDELSON LLC
350 North LaSalle Street, Suite 1300

10

Chicago, Illinois 60654
Telephone: (312) 589-6370

11

Facsimile: (312) 589-6378

12

Sean P. Reis (SBN 184004)

13

sreis@edelson.com
30021 Tomas Street, Suite 300

14

Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124

15

Facsimile: (949) 459-2123

16

Dated: November __, 2013

ROPERS, MAJESKI, KOHN & BENTLEY

17

18

By:_____

19

KATHLEEN STRICKLAND
LAEL D. ANDARA

20

DEVIN C. COURTEAU
JUSTIN A. ZUCKER

21

Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare **under penalty of perjury** that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on October __, 2013 in the case of **Worley, et al. v. Avanquest North America Inc.,** Case No. 12CV4391WHO.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[*printed name*]

Signature: _____

[*signature*]

**IT IS SO ORDERED**

Dated: November _5, 2013                        By: _____
                                                      HONORABLE WILLIAM H. ORRICK
                                                      UNITED STATES DISTRICT JUDGE