JAY EDELSON (Admitted *Pro Hac Vice*)
jedelson@edelson.com
RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
BENJAMIN H. RICHMAN (Admitted *Pro Hac Vice*)
brichman@edelson.com
CHANDLER R. GIVENS (Admitted *Pro Hac Vice*)
cgivens@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiffs and the Putative Class*

N. KATHLEEN STRICKLAND (SBN 64816)
kstrickland@rmkb.com
LAEL D. ANDARA (SBN 215416)
landara@rmkb.com
DEVIN C. COURTEAU (SBN 197505)
dcourteau@rmkb.com
JUSTIN A. ZUCKER (SBN 284401)
jzucker@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, California 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

*Attorneys for Defendant Avanquest North America Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation,<br><br>*Defendant*. | Case No. 3:12-cv-04391-WHO<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTES**<br><br>Judge: Honorable William H. Orrick |

Pursuant to Judge Orrick's Standing Order for Civil Cases, Plaintiffs Benson Worley and Johnny Boyd (collectively, "Plaintiffs") and Defendant Avanquest North America Inc. ("Avanquest") (collectively, the "Parties"), submit this Joint Statement Regarding Discovery

Disputes. The Parties engaged in two telephonic meet and confers and were able to reach agreement on a Stipulated Protective Order. (Dkt. 114.) Notwithstanding, the Parties are unable to reach agreement on the following issues and submit the same to the Court for determination:

## I. PRESERVATION PERIOD

**A. *Avanquest's Position***: The scope of preservation should be reasonable and proportional to the information that may be material to the needs of the litigation. *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 2010 U.S. Dist. LEXIS 4546, (S.D.N.Y. 2010). There is no obligation to "'preserve every shred of paper, every e-mail or electronic document, and every backup tape,'" *Consol. Edison Co. of N.Y., Inc. v. United States*, 90 Fed. Cl. 228, 256 (Fed. Cl. 2009). Here, the Complaint puts at issue only version 12 of the accused software. "[A] preservation order entered over objections should be narrowly tailored." Fed. R. Civ. Proc. 6(f), Committee Note. Avanquest offered to preserve Electronically Stored Information (ESI) from August 2008 to present, the entire period covered by the statute of limitations. Plaintiffs' demand would add 10 plus years to the preservation scope. Avanquest believes it has made a reasonable compromise offer based on cost considerations (FRCP 1), proportionality (FRCP 26), and the allegations of the FAC.

**B. *Plaintiffs' Position***: Plaintiffs do not agree that only Version 12 of the software or only software purchased at brick and mortar stores is at issue because, as they allege, *all* versions of the software operate—and were designed and marketed—in a nearly identical manner. (Dkt. 52.) The different versions merely represent non-material changes to the software's functionality— e.g., resolving various glitches and bugs. Moreover, Plaintiff Boyd himself purchased multiple versions of the software by different methods—he purchased Fix-It Utilities 12 in a store, SystemSuite 8 in a store, and SystemSuite 9 online[1]—thus putting *at least* those versions at issue. As a result, Defendant's proposal would arbitrarily cut out a large portion of the proposed class—

---

[1] Defendant's contention that Plaintiffs violated Rule 37(f) by not disclosing Boyd's additional purchases is misplaced for several reasons. First, Defendant knew of (at least) the online purchase inasmuch as it was made on its website and shipped to Boyd by Avanquest. (Of course, Avanquest never disclosed those purchases to Plaintiffs.) Second, the existence of the additional purchases came to light in preparing responses to Defendant's written discovery requests and was disclosed immediately thereafter. Third, Plaintiffs have always maintained that all versions of the software are at issue and have attempted to craft a discovery plan in that context.

i.e., any purchase other than Version 12—whose claims and experiences are identical to Plaintiffs.

Further, limiting preservation to the statutory period does not account for the fact that relevant and discoverable information may pre-date that period. *See Basich v. Patenaude & Felix, APC, et al.*, 2012 WL 2838817 (N.D. Cal. July 10, 2012). For example, communications regarding the design and purpose of certain features of the software that have remained static through all versions would fall outside of the statutory period. The same is true regarding the codebase of the original version of the software, which has been incorporated in each later version.

For these reasons, Plaintiffs propose that Defendant preserve all relevant and discoverable information from the time the original versions of the software were developed to the present. Plaintiffs have requested that Defendant describe any burden such a proposal presents.

## II.     PRODUCTION PERIOD

*A.     Avanquest's Position*:  The preservation obligation is broader than the duty to collect and produce ESI.  Rule 26(g)(1)(B)(iii) requires parties to certify discovery requests are "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, the amount in controversy, and the importance of the issues at stake in the action."  The needs of the case are defined by the allegations in the complaint, which here is limited to version 12 of the software titles.[2]  Avanquest offered to produce responsive documents from August 10, 2010, to present, which is 1 year before release of Version 12 of the Products and approximately a 1.5 years prior to Plaintiffs' purchase of the Products. (FAC, ¶¶ 45-47; 53-55.)  Extending the scope of production beyond the date of the allegations in the FAC (the needs of the case) would eviscerate FRCP 1 cost considerations and FRCP 26 proportionality, significantly increasing the cost of production. Should Plaintiffs have "good cause" for production of earlier information the parties will meet and confer. Plaintiffs' burdensome demand, made without any justification based on the needs of the case, for production of all information preserved would extend production well beyond the 4 year statute of limitations, and beyond the date (2005) Avanquest acquired the Products.  Production should be limited to documents from August 10, 2010, to present.

---

[2] Although this matter was filed well over a year ago and the parties have conducted multiple recorded calls discussing allegations as to version 12, Plaintiffs asserted *for the first time on November 11, 2013* that Plaintiff Boyd had purchased System Suite 8 and 9, without any further reference to when or why, in violation of Fed. R. Civ. P. 37(f ).

**B.     *Plaintiffs' Position***: Plaintiffs disagree that having different preservation and production periods is appropriate. If relevant and otherwise discoverable information is being preserved, it should also be produced. *See Danis v. USN Commun., Inc.*, 53 Fed. R. Serv. 3d 328 (N.D. Ill. 2000) ("Preservation duties do not exist in the abstract…. Thus, along with the duty of preservation, there exists a concomitant obligation by all parties to produce the discoverable information within their custody and control."). Further and as described in Section I.B above, *all* versions of the software are at issue. Thus, Defendant's proposal to limit its search and production to the period from August 2010 to the present not only arbitrarily cuts out a large portion of the class, but also results in the withholding of otherwise relevant and discoverable information. *Id*.

Plaintiffs propose that Defendant search and produce all relevant and discoverable information from the time the original versions of the software were developed to the present. Plaintiffs have requested that Defendant describe any burdensuch a proposal presents.

### III.   INSPECTION OF PLAINTIFFS' COMPUTERS

**A.     *Avanquest's Position***:  Avanquest needs mirror-image copies of Plaintiffs' and their expert's hard drives, all of which are relied upon in the FAC, to determine if the performance of the software alleged in the FAC was impacted by variables on those computers.  The hard-drives themselves are the evidence. Avanquest's expert needs to test the software in the same operational environment alleged by Plaintiffs in order to identify any variables that caused the alleged reporting issues. See *Scheinman v. Martin's Bulk Milk Serv.*, 2013 U.S. Dist. LEXIS 11331 (N.D. Ill. Jan. 28, 2013)(examination of a fuel tank re: the cause of a vehicle fire - expert needs to evaluate the variables that could have caused the fire). The examination of only pieces of data, as proposed Plaintiff, removes the data from the context of the actual operational environment, thereby drastically reduces its evidentiary value.  Avanquest should not be required to defend allegations without the ability to test them.

Plaintiffs agree that Avanquest should be given access to the hard-drives, but in a restricted manner, citing cases dealing with trade secret / privacy issues. That is not this case. First, the protective order will "cover" any invasion of privacy concerns. Second, this case concerns the functionality of software, not information stored on the computers. Plaintiffs' proposal, based on

an Illinois federal case, sidesteps the primary issue – Avanquest's expert needs to determine how the software "runs" on the computers. This is a case about the operation of software on Plaintiffs' computers, not theft of computer files/trade secrets. *Han v. Futurewei Tech., Inc.*, 2011 WL 4344301, at *1 (S.D. Cal. Sept. 15, 2011) (allegations in an employment case that "Han had systematically and intentionally copied, removed, and deleted thousands of files from her company-issued laptop").

      **B.**      *Plaintiffs' Position*: Plaintiffs do not dispute Defendant's right to conduct discovery into their computer hard drives, but object to its unfettered access to the hard drives and otherwise irrelevant or protected information contained on them—e.g., family photos, personal financial information, and private communications, including privileged communications with their counsel. In an effort to compromise, Plaintiffs proposed a protocol frequently endorsed by Federal Courts whereby Plaintiffs would provide their hard drives to a forensic expert (of Defendant's choosing) who will make images of the hard drives and maintain that data. Then, Defendant may make formal discovery requests for specific data it believes may be contained on the hard drives and that is otherwise relevant and discoverable—including the information it requires to "recreate the computing environments" present on Plaintiffs' computers at the time they ran the software. The expert will search the hard drives for the requested information and allow Plaintiffs to review the results of the search to allow for any valid objections Plaintiffs may have to producing any irrelevant, privileged or otherwise protected materials. Plaintiffs would then provide Defendant a description of any information withheld and the basis for their objection to producing such information—much like a traditional privilege-log—and the balance of the data would be produced. *See, e.g., Han v. Futurewei Tech., Inc.*, 2011 WL 4344301, at *6 (S.D. Cal. Sept. 15, 2011); *Lee v. Stonebridge Life Ins. Co.*, 2013 WL 3889209 (N.D. Cal. 2013); *Dunstan, et al. v. comScore, Inc.*, No. 11-cv-05807, Dkt. 240 (N.D. Ill. Oct. 23, 2013).

**IV.**      **DISCOVERY OF THE EXPERT IDENTIFIED IN PLAINTIFFS' COMPLAINT**

      **A.**      *Avanquest's Position*: Avanquest seeks to depose Plaintiffs' "computer forensics expert" referenced in paragraphs 38-41 of the FAC to determine the methodology used for testing the software and the factual support for the allegations made in the FAC regarding its

functionality. Discovery into the allegations of the FAC is permitted under FRCP 26 (b)(4), (b)(4)(C)(ii) and (iii). See *Positive Techs. v. Sony Elecs.*, 2013 U.S. Dist. LEXIS 49738, *7 (N.D. Cal. Apr. 5, 2013) The unnamed expert was not retained only for the purpose of trial preparation, and Rule 26(b)(4)(D) does not prevent his/her deposition on subjects related to factual observations. *SEC v. Reyes*, 2007 U.S. Dist. LEXIS 27767, at *4 (N.D. Cal. 2007) (holding that when an expert alternately serves as a litigation consultant and a testifying witness, only materials that do not pertain to the subject matter on which the experts have submitted testimony are protected by the work-product privilege). Plaintiffs put the "computer forensics expert" at issue in the FAC and used allegations regarding that expert to defeat a motion to dismiss. Plaintiffs have obtained the benefit of their experts' "testimony," to obtain denial of a motion to dismiss, and should not be able to shield such testimony from discovery.[3] *Sims v. Metropolitan Life Ins. Co.*, 2006 U.S. Dist. LEXIS 100677, at *7, (N.D. Cal. 2006). The designation of an unnamed expert as a consultant cannot shield from discovery the experiences the expert witness acquired as a fact witness and which are alleged in the FAC.

**B.     *Plaintiffs' Position*:** Plaintiffs are not required to produce reports or other information provided to them by their non-testifying, consulting expert identified in the complaint unless and until they determine that the expert will testify in this matter. Rule 26(b)(4)(B) shields "facts and opinions of non[-]testifying, consulting experts…from discovery, except upon a showing of exceptional circumstances [or substantial need]." *U.S. Inspection Serv., Inc. v. NL Engineered Solutions, LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010). Rule 26(b)(4)(B)'s protections may not be waived. *Id.* (citing *Ludwig v. Pilkington N. Am., Inc.*, 2003 WL 22242224 (N.D. Ill. Sept. 29, 2003). And, this case does not present "exceptional circumstances" because Defendant may take discovery into any expert(s) Plaintiffs intend to rely on at trial during the expert discovery period.

---

[3]  "Plaintiffs also explain the basis for the falsity of the representations they relied on, including their expert's analysis that the software does not perform any 'real' diagnostic evaluation of a computer's condition (FAC, ¶ 37), over-reports security threats, and characterizes the condition of a computer as 'poor' without a credible basis. *Id.*, ¶ 40." (Docket No. 66, p. 3, lns. 23-26.) "However, plaintiffs' allegations that defendant intentionally designed software whose purpose was not to accurately diagnose and fix computer issues but instead was designed to *appear* to function as advertised and to over-report issues and 'scare' users into continuing to use the program (and purchase future updates) sufficiently alleges defendant's knowledge of falsity for purposes of surviving a motion to dismiss." (*Id.*, at p. 4, lns. 15-19.)

Respectfully submitted,

**BENSON WORLEY** and **JOHNNY BOYD**, individually and on behalf of all others similarly situated,

Dated: November 14, 2013      By:  /s/ Benjamin H. Richman
                                    One of Plaintiffs' Attorneys

JAY EDELSON (Admitted *Pro Hac Vice*)
jedelson@edelson.com
RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
BENJAMIN H. RICHMAN (Admitted *Pro Hac Vice*)
brichman@edelson.com
CHANDLER R. GIVENS (Admitted *Pro Hac Vice*)
cgivens@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiffs and the Putative Class*

**AVANQUEST NORTH AMERICA INC.**,

Dated: November 14, 2013      By:  /s/ N. Kathleen Strickland
                                    One of Defendant's Attorneys

N. KATHLEEN STRICKLAND (SBN 64816)
kstrickland@rmkb.com
LAEL D. ANDARA (SBN 215416)
landara@rmkb.com
DEVIN C. COURTEAU (SBN 197505)
dcourteau@rmkb.com
JUSTIN A. ZUCKER (SBN 284401)
jzucker@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, California 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

*Attorneys for Defendant Avanquest North America Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, N. Kathleen Strickland, am the ECF user whose identification and password are being used to file the foregoing Joint Statement Regarding Discovery Dispute. I hereby attest that the above-referenced signatory to this Stipulated Request has concurred in this filing.

Dated: November 8, 2013                /s/ N. Kathleen Strickland
                                                            N. Kathleen Strickland