N. KATHLEEN STRICKLAND (SBN 64816)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email:        kstrickland@rmkb.com
              dcourteau@rmkb.com
              jzucker@rmkb.com

Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation,<br><br>Defendant. | CASE NO.  3:12-CV-04391-WHO<br><br>**DECLARATION OF DR. JAGANNATHAN IN SUPPORT OF DEFENDANT AVANQUEST NORTH AMERICA INC.'S MOTION FOR PROTECTIVE ORDER AND MOTION TO DISMISS**<br><br>Motion to Dismiss:<br>Date:         October 8, 2014<br>Time:         2:00 p.m.<br>Judge:        Hon. William H. Orrick<br>Courtroom:    2 (17th Floor)<br><br>Motion for Protective Order:<br>Date:         October 16, 2014<br>Time:         9:30 a.m.<br>Judge:        Hon. Laurel Beeler<br>Courtroom:    C (15th Floor)<br><br>Action Filed: August 21, 2012 |

**MAY CONTAIN CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER**

I Srinivasan Jagannathan, hereby declare as follows:

   1.   I am a Senior Manager at Exponent, Inc. ("Exponent"), an engineering and science consulting firm headquartered at 149 Commonwealth Drive, Menlo Park, California 94025. I hold a Bachelor of Technology in Computer Science & Engineering from the Indian Institute of Technology, Kanpur, India, where I received the Best Bachelor of Technology Project award. I

received a Ph.D. in Computer Science at the University of California, Santa Barbara, where I was a University of California Regents Special Doctoral Fellow for the duration of my Ph.D. My graduate research focused on computer networks and electronic commerce. I also received an M.B.A., with specialization in Finance, from the Wharton School at the University of Pennsylvania. I consult and teach in the areas of computer systems and software. My professional activities include addressing issues related to computer hardware, software, networks, and databases.

2. I have a number of years of experience in the design, development, and analysis of a wide range of hardware, software, network and database systems. My work has concerned products and applications in a variety of areas across Internet technologies, hardware, software, and databases. By way of example, I developed software for an Internet caching system, analyzed content delivery network design and implementations, and designed, developed, and analyzed software and architecture for Internet storefronts and back end databases. I have designed and implemented hardware virtual memory caches, and researched theoretical performance measures of various cache coherency protocols. I have analyzed hardware design and related firmware source code for a number of hardware components and embedded systems such as processors, chipsets, optical disk readers (CD/DVD drives), gigabit routers, firewalls, magnetic card readers, and hard disk drives. I have designed, implemented, and analyzed security features such as encryption mechanisms, handshake protocols, and access controls in a number of application areas. I have designed, implemented, and analyzed a number of databases and data warehouses, and am familiar with technologies from a number of database vendors.

3. I have taught computer science at both undergraduate and graduate levels on topics such as data structures, algorithms, theory of computation, computer networks, computer system forensics, and distributed systems at the University of California Santa Barbara and California Lutheran University. I have served as an Adjunct Faculty in the graduate program in computer science at California Lutheran University.

4. I have served as a computer science expert and consultant for numerous technology-litigation matters and have been qualified in the past as an expert witness in federal

court. My background, qualifications as an expert, and experience is more fully set forth in my curriculum vitae attached to this Declaration as **Exhibit "1"**.

5. On February 14, 2014, I was retained by Ropers Majeski, Kohn & Bentley partner Ms. Kathleen Strickland, as a consultant/expert-witness to assist in the above-captioned matter. My statements of facts and opinions in this declaration relate only to certain aspects of my analyses, as summarized in ¶ 8 below. I may provide additional discussion of my analyses, results, and opinions on the topics discussed in this declaration and other topics if asked to do so.

6. As part of my work in this matter, I traveled to Chicago with Ms. Strickland and my colleague Dr. Adam Sorini, to inspect two computers that were presented as computers identified in the First Amended Complaint[1] as the plaintiffs Benson Worley's ("Mr. Worley") and Johnny Boyd's ("Mr. Boyd") (collectively, "Plaintiffs") computers. Discussions of the date for that inspection began around mid-March, 2014. I, Dr. Sorini, and Ms. Strickland traveled to Chicago on April 16, 2012, and inspected Mr. Boyd's and Mr. Worley's alleged computers on April 17, 2014. The inspection lasted one full day. During that time, we inspected the hardware of both computers, took extensive photographs of same, and made forensic image copies of the hard drives in each computer.[2] On or about April 18, 2014, I was provided with a forensic image copy of each of Mr. Boyd's and Mr. Worley's hard drives which had been shipped to Ms. Strickland from the Sylint Group. I signed the attached document upon receiving such, attached hereto as **Exhibit "2"**.

7. I was informed sometime in May, by Ms. Strickland, that according to Plaintiffs' counsel, the computers we inspected in Chicago were not the "correct ones" and that Mr. Boyd would ship his computer to Ms. Strickland's office for inspection. I inspected Mr. Boyd's computer sent to Ms. Strickland, along with Dr. Sorini, on August 21, 2014. Ms. Strickland was present during our full day inspection.

8. Based on my skill, training, education and experience, and analysis of the

---

[1] See First Amended Complaint at §§ VI-VII.
[2] I used the dc3dd tool to create the copy. I used a forensic write blocker when creating the copy. I also verified the integrity of the copy by creating and comparing cryptographic hashes of the disk being copied and the copied image.

materials I reviewed, I have concluded that none of Mr. Boyd's three computer hard disk forensic images I reviewed—(1) the hard disk image obtained from the Chicago Inspection, (2) the hard disk image from the Sylint Group, and (3) the hard disk image from the San Francisco Inspection— includes an installation of Avanquest's Fix-It Utilities Professional 12. Specifically, I did not find any files or Windows registry key entries that would suggest that Avanquest's Fix-It Utilities Professional 12 was installed on the hard drives whose forensic images I reviewed. The forensic image of Mr. Boyd's hard drive produced by the Sylint Group to Ms. Strickland does not include any installation, or files and other indicia related to an installation of Avanquest Fix-It Utilities Professional 12 software. Similarly, the forensic image of Mr. Boyd's hard drive that I obtained during my August 21, 2014, inspection also does not include any installation, or files and other indicia related to an installation of Avanquest Fix-It Utilities Professional 12 software. Additionally, the forensic image I obtained during my inspection of Mr. Boyd's computer in Chicago also does not include any installation, or files and other indicia related to an installation of Avanquest Fix-It Utilities Professional 12 software. As such, I have found no evidence of Avanquest Fix-It Utilities Professional 12 software on any of the forensic images of hard drives that I examined and which were marked as belonging to Mr. Boyd.

9. A detailed recitation of facts supporting the conclusions above is contained below.

## II. FACTUAL BACKGROUND

10. On April 17, 2014, I traveled with counsel for Avanquest from San Francisco to Plaintiffs' counsels' office in Chicago, Illinois to inspect what were claimed to be Plaintiffs' respective computers ("Inspection").

11. During the Inspection, I made forensic image copies of the hard drives found within the computers presented for inspection ("Chicago Hard Drives"). I used the dc3dd tool to create the forensic images of the hard drives. (See http://www.forensicswiki.org/wiki/Dc3dd.) I used a forensic write blocker when creating the copy. I also verified the integrity of the copy by creating and comparing cryptographic hashes[3] of the data on the disk being copied and the copied

---

[3] A cryptographic hash, broadly speaking, is a digital fingerprint of a digital asset, such as a file, message, or the data in a computer hard disk. Even a slight modification of the contents that were hashed will cause a change in the result

image.

12. After the Inspection, I analyzed the forensic copy of Mr. Boyd's hard drive I obtained in Chicago (hereinafter "Chicago Boyd Hard Drive image") and found that Fix-It Utilities Professional 12 software was not on the Chicago Boyd Hard Drive image. Additionally, I also compared the Chicago Boyd Hard Drive image against the forensic image of Mr. Boyd's computer hard disk provided by the Sylint Group (hereinafter "the Sylint Boyd Hard Drive image"). Based on my comparison, I determined that the two forensic image copies of the alleged hard drive(s) of Mr. Boyd are *not* one and the same. The conclusions from my analysis were apparently subsequently confirmed by Plaintiffs' counsel's statements to Ms. Strickland that the computer for Mr. Boyd at the Inspection was the "wrong computer."[4]

13. An examination of Mr. Boyd's computer I inspected on August 21, 2014 revealed the hard drive inside that computer contained an identical image of the Sylint Boyd Hard Drive image which I had previously inspected. Specifically, the data stored on the hard drive I inspected on August 21, 2014, were bit for bit identical to the data contained in the Sylint Boyd Hard Drive image. In other words, the partitions, the file system, the operating system, and all the files were identical. I made this determination using two different methods. I calculated a cryptographic hash of the San Francisco Boyd Hard Drive using the MD5[5] algorithm (one form of a digital fingerprint) and compared it against the MD5 hash of the Sylint Boyd Hard Drive provided by the Sylint Group (see EDEL-120541-2.1.txt). I also calculated a cryptographic hash of the San Francisco Boyd Hard Drive using the SHA1[6] algorithm (another form of a digital fingerprint) and compared it against the SHA1 hash of the Sylint Boyd Hard Drive provided by the Sylint Group (see EDEL-120541-2.1.txt). The respective MD5 and SHA1 cryptographic hashes were identical. Based on the foregoing, when I describe my analysis with respect to the Sylint Boyd Hard Drive image, my statements are also true of the San Francisco Boyd Hard Drive

---

in a subsequent iteration of obtaining the cryptographic hash. A cryptographic hash is therefore useful to verify integrity of digital files, messages, and disks.
[4] I was informed of these statements by Ms. Strickland.
[5] See RFC 1321. https://www.ietf.org/rfc/rfc1321.txt.
[6] See RFC 3174. https://www.ietf.org/rfc/rfc3174.txt.

image (and vice versa).

14. The hard drive I examined on August 21, 2014, in Mr. Boyd's computer does not include an installation of Avanquest's Fix-It Utilities Professional 12 software on it. There are **no** files or registry key entries associated with an installation of Avanquest's Fix-It Utilities Professional 12 software to be found on this hard drive.

15. In my analysis of each of Mr. Boyd's hard drive images, I reviewed the programs installed on Boyd's computer and Avanquest's Fix-It Utilities Professional 12 software is not present. I confirmed this by examining the contents of the hard drive images, and comparing those images against files and Windows registry key entries I would expect to find in a computer in which the Avanquest's Fix-It Utilities Professional 12 software is installed. I have identified in **Exhibit "3"** a listing of files and in **Exhibit "4"** a listing of registry key entries that are present in a Windows XP computer after Avanquest Fix-It Professional 12 is installed. I obtained these listings by conducting experiments on a Windows XP computer whereby, for example, I recorded its state before and after installing the Avanquest Fix-It Utilities Professional 12 software. I found none of the files and registry keys identified in Exhibit "3" and Exhibit "4" in the Sylint Boyd Hard Drive image or the San Francisco Boyd Hard Drive image.[7]

16. Additionally, I also attempted to recover deleted files from the Sylint Boyd Hard Drive image and did not find any evidence of Avanquest Fix-It Utilities Professional 12.[8] As such, I have seen no evidence that Avanquest's Fix-It Utilities Professional 12 software was installed on Mr. Boyd's computer.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

///

///

///

---

[7] I confirmed this using the EnCase Forensic tool, by searching for the term "Fix-It" in the San Francisco Boyd Hard Drive image.

[8] I attempted to recover deleted files where some record of the file is available in the file system data structures. I used the fls and tsk_recover tools of "The Sleuth Kit" as well as EnCase Forensic software.

Executed on August 28, 2014, at San Francisco, California.

By: _____
Dr. Srinivasan Jagannathan