N. KATHLEEN STRICKLAND (SBN 64816)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301Email:
kstrickland@rmkb.com
dcourteau@rmkb.com
jzucker@rmkb.com

Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all other similarly situated,

Plaintiffs,

v.

AVANQUEST NORTH AMERICA INC., a California corporation,

Defendant.

CASE NO. 3:12-CV-04391-WHO

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING A RULING ON AVANQUEST'S MOTION TO DISMISS**

Date: October 16, 2014
Time: 9:30 a.m.
Judge: Hon. Laurel Beeler
Courtroom: C (15th Floor)

Action Filed: August 21, 2012

TO PLAINTIFFS AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 16, 2014, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom C, Fifteenth Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, defendant, Avanquest North America Inc. ("Avanquest") shall and hereby does move the Court for a protective order pursuant to Fed. R. Civ. Proc. 26(c) staying all discovery in this action pending resolution of Avanquest's Motion to Dismiss for Lack of Subject Matter Jurisdiction / Standing or Alternatively for an OSC re: Dismissal.

This motion is based on this notice of motion and supporting memorandum of points and

authorities, the Declaration of Dr. Jagannathan in Support of Defendant Avanquest North America Inc.'s Motion for Protective Order and Motion to Dismiss and exhibits attached thereto, the Declaration of N. Kathleen Strickland in Support of Defendant Avanquest North America Inc.'s Motion for Protective Order and Motion to Dismiss and exhibits attached thereto, the Request for Judicial Notice in Support of the Motion to Dismiss for Lack of Subject Matter Jurisdiction / Standing or Alternatively for an OSC re: Dismissal; and Motion for Protective Order Staying Discovery Pending a Ruling on Avanquest's Motion to Dismiss, the [Proposed] Order Granting Motion for Protective Order Staying Discovery Pending a Ruling on Avanquest's Motion to Dismiss, and such other written or oral argument as may be presented at or before the time this motion is ruled upon by the Court.

Dated: August 29, 2014

ROPERS, MAJESKI, KOHN & BENTLEY

By: /S/ N. Kathleen Strickland

N. KATHLEEN STRICKLAND
DEVIN C. COURTEAU
JUSTIN A. ZUCKER
Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

N. KATHLEEN STRICKLAND (SBN 64816)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email: kstrickland@rmkb.com
dcourteau@rmkb.com
jzucker@rmkb.com

Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all other similarly situated,

Plaintiffs,

v.

AVANQUEST NORTH AMERICA INC., a California corporation,

Defendant.

CASE NO. 3:12-CV-04391-WHO

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING A RULING ON AVANQUEST'S MOTION TO DISMISS**

Date: October 16, 2014
Time: 9:30am
Judge: Magistrate Laura Beeler
Courtroom: C (15th Floor)



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1
II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..... 2
- A. Initial Complaint: ..... 2
- B. First Amended Complaint ..... 3
- C. Discovery Disputes: November 14, 2013 Joint Statement ..... 4
- D. Discovery Conducted ..... 4
- E. Current Status ..... 5

III. ARGUMENT ..... 8
- A. Avanquest's Motion for Protective Order ..... 8
  - 1. Standard Governing Protective Orders ..... 8
  - 2. Avanquest's Motion is Dispositive of this Case ..... 9
  - 3. Avanquest's Motion May Be Decided Without Additional Discovery ..... 11
  - 4. Good Cause Exists to Stay Discovery Pending a Ruling on Avanquest's Motion to Dismiss ..... 11

IV. CONCLUSION ..... 12

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## TABLE OF AUTHORITIES


**Page(s)**

**CASES**

*B. R. S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978) ....... 8

*Chesney v. Valley Stream Union School Dist. No. 24*, 236 F.R.D. 113 (2006) ....... 11

*General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) ....... 9

*In re Flash Memory Antitrust Litig.*, No. C 07–0086 SBA, 2010 WL 2465329 (N.D. Cal. June 10, 2010) ....... 10

*Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987) ....... 11

*Kuahulu v. Employers Ins. of Wausau*, 557 F.2d 1334 (9th Cir. 1977) ....... 1

*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) ....... 8

*Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349 (N.D. Cal. 2003) ....... 8, 10, 11

*United States v. CBS, Inc.*, 666 F.2d 364 (9th Cir. 1982) ....... 8

*Warth v. Seldin*, 422 U.S. 490 (1975) ....... 10

*Wegner v. Monroe*, 282 F.3rd 1068 (9th Cir. 2002) ....... 8

*Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981) ....... 2, 8

**OTHER AUTHORITIES**

Fed. R.. Civ. Proc. Rule 9 ....... 2, 3

Fed. R. Civ. Proc. 11 ....... 9, 10



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## TABLE OF AUTHORITIES

Rule 12 .......... 11

Fed. R. Civ. Proc. 26 .......... 2, 8

Fed. R. Civ. Proc. Rule 30 .......... 7, 12

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## I. **INTRODUCTION**

Avanquest is filing this Memorandum of Points and Authorities because plaintiff Johnny Boyd ("Boyd" or "Plaintiff") has repeatedly and still failed to produce any evidence whatsoever that he purchased, installed or ran the software at issue, Fix-It Utilities Professional 12 ("Fix-It"). On August 21, 2014, almost a year after Avanquest North America Inc. ("Avanquest") first demanded to inspect the computer on which Boyd allegedly installed and ran Fix-It. Avanquest was permitted to inspect a third hard drive produced by Boyd and confirmed there is no evidence that Fix-It was installed or run on that hard drive or on the first two hard drives produced by Boyd. To be more specific, Avanquest's expert inspected two physical hard drives and one forensic image of a hard drive produced by Plaintiff's counsel alleged to be from Boyd's computer and claimed to be either the actual computer hard drive on which Boyd allegedly installed and ran Fix-It or a forensic copy of such hard drive. The three inspections of Boyd's various hard drives revealed no evidence that that Boyd installed or ran Fix-It on <u>any</u> of the three hard drives.

Avanquest has expended a massive sum of money in discovery, motion and other litigation costs defending itself in this baseless putative class action litigation, and now seeks to stop this senseless outpouring of money and resources and stay discovery pending resolution of a Motion to Dismiss ("Motion") filed concurrently herewith for lack of subject matter jurisdiction based on Boyd's lack of standing to assert a claim for Fix-It, and his concomitant inability to act as a putative class representative on behalf of purchasers of Fix-It.

The claims of <u>all</u> named plaintiffs in this action will be dismissed should this Court grant the Motion, because the other named plaintiff in this action, Benson Worley ("Worley"), dismissed his claims on August 25, 2014, and both plaintiffs at that time agreed to the dismissal of all claims relating to System Suite PC Tune-Up & Repair ("System Suite"), the other Avanquest software initially at issue in this action. (Dkt. 143) *See, Kuahulu v. Employers Ins. of Wausau*, 557 F.2d 1334, 1336 (9th Cir. 1977) (stating the general rule that if a putative class representative's claim becomes moot – dismissed, standing disappears, *etc.* – before class certification, the case should be dismissed).



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

In such circumstances, Courts have the discretion under Fed. R. Civ. Proc. 26(c) and Ninth Circuit precedent to stay discovery pending resolution of a motion that is potentially dispositive of the claims in the action. *See, Wood v. McEwen*, 644 F.2d 797, 801-802 (9th Cir. 1981) (affirming the trial court's order suspending discovery because "there was a real question whether [plaintiff's] claim presented a substantive basis for vacating the judgment" that was at issue in the case).

Avanquest respectfully submits that a protective order staying discovery pending resolution of the Motion be issued in this action, so that Avanquest may avoid the further undue burden and expense of responding to discovery in an action in which the only remaining named plaintiff lacks standing to assert a claim. Avanquest's counsel met and conferred with Plaintiffs' counsel regarding the filing of both this motion and the Motion to Dismiss, during which Avanquest's counsel discussed the substance of both motions as well as of the results of the inspection of Boyd's computer, and that Fix-It is not on Boyd's computer. (Declaration of N. Kathleen Strickland in Support of Defendant's Motion for Protective Order and Motion to Dismiss ("Strickland Decl."), ¶ 15.)

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Initial Complaint:

The initial complaint in this action was filed on August 21, 2012. (Dkt. No. 1.) It named only Plaintiff Benson Worley, and put at issue two Avanquest software products – System Suite and Fix-It. (*Id.*) Worley sought to represent a putative class of "All individuals and entities in the United States and its territories that have purchased Fix-It Utilities Professional or System Suite PC Tune-up & Repair." (*Id.* at ¶ 39.)

On November 29, 2012, Avanquest filed a motion to dismiss. (Dkt. No. 37.) On February 5, 2013, Judge Illston issued an order granting in part and denying in part that motion to dismiss and denying a motion to stay discovery. (Dkt. No. 48.) The Court found, amongst other things, that Worley failed to meet the heightened pleading requirements of Rule 9(b), and therefore dismissed the fraudulent inducement claim with leave to amend. (*Id.*) Worley's breach of warranty claim was dismissed without leave to amend. (*Id.*) Significantly, Footnote 1 of



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Judge Illston's Order notes that "[t]he Complaint repeatedly refers to another of defendant's products, 'Fix-It Utilities,' but the Complaint does not identify how that product is related to System Suite or whether plaintiff Worley purchased the 'Fix-It' software." (Dkt. No. 48, fn. 1.) Footnote 2 also notes that the Complaint contains allegations regarding the packaging for Fix-It which Worley did not allege he purchased. (*Id.*, fn. 2) In a stipulation and order filed on February 15, 2013, it appears that plaintiff Worley's counsel determined it was necessary to name Boyd as an additional plaintiff regarding Avanquest's Fix-It software. It was therefore stipulated that Boyd would be added as an additional plaintiff in the soon to be filed First Amended Complaint. (Dkt. No. 51.)

**B. First Amended Complaint**

Shortly thereafter, on February 22, 2013, the First Amended Complaint ("FAC") was filed naming both Worley and Boyd as plaintiffs. In the FAC, Boyd alleged that he installed and ran Fix-It on his computer. (Dkt. No. 52 ("FAC"), ¶¶ 53-57.) Plaintiffs' class definition remained the same as previously quoted herein. On March 3, 2013, Avanquest filed a second motion to dismiss. (Dkt. No. 53.) On April 30, 2013, Judge Illston issued an Order denying that motion to dismiss. (Dkt. No. 66.) In ruling on the motion to dismiss the fraudulent inducement claim, the court made significant observations that are relevant to the instant motion. The Court stated that:

- Plaintiffs also describe how the software did not perform the functions they expected it would on their own computers.
- The exact manner in which defendant's software actually functions is subject to discovery and decision on a full record, as is the actual state of plaintiffs' own computers prior to and after defendant's software was used.

These observations are relevant because it is impossible for Plaintiff to have described how Fix-it performed on his computer if it was not installed or run. And further, the discovery anticipated by the Court has clearly revealed that Plaintiff's computer does not show evidence of installation or use of Fix-It – the only Avanquest software product upon which the remaining claims in the action are based. (Dkt. No. 66.)

///



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**C. Discovery Disputes: November 14, 2013 Joint Statement**

On November 14, 2013, the parties filed a Joint Statement Regarding Discovery Disputes (Dkt. No. 116), which pursuant to order of Judge Orrick was referred to Magistrate Judge Laura Beeler to decide all discovery related matters. (Dkt. No. 118) On December 12, 2013, Judge Beeler heard the parties' arguments, and issued her ruling the following day. (Dkt. No. 123). The Joint Statement Regarding Discovery Disputes discussed four issues: preservation period, production period, inspection of plaintiffs' computers, and discovery of plaintiffs' computer forensics expert identified in the plaintiffs' First Amended Complaint, paragraphs 38-42.

As to the inspection of plaintiffs' computers, the Court's ruling stated that "[t]he process will be this: Mirror images will be made of Plaintiffs' hard drives. Counsel must confer with Plaintiffs to first determine whether the hard drives contain any privileged information. Plaintiffs will consult with persons with expertise to identify the reasonable time period to conduct a privilege review and will inform opposing counsel. They will conduct the privilege review within that reasonable time." (*Id.* at 6:7-11)

**D. Discovery Conducted**

After the Court ruled on the Joint Statement Regarding Discovery Disputes, the parties proceeded to engage in discovery. Avanquest produced three rounds of iterative discovery to plaintiffs totaling over 50,625 data files, incurring expenses with ESI vendor Avansic of over $56,679.82 in addition to significant attorneys' fees reviewing the productions. Avanquest had sent written discovery to Plaintiff's counsel, and received answers in response thereto. (Strickland Decl., ¶ 16.) On May 13, 2014, the parties filed a Joint Statement Regarding Discovery Disputes (No.2) regarding plaintiffs' computer forensics expert, Interrogatory Nos. 11, 13, 14-15 to Worley, and the condition of Plaintiff Boyd's computer, Interrogatory 5, 6, 11-12, RFA 32, 55, amongst other issues. (Dkt. No. 136.) On May 14, 2014, the Court ordered the parties to submit additional information, which they did on May 15, 2014. (Dkt. Nos. 137, 139.)

On June 16, 2014, this Court issued its order regarding the May 13, 2014, Joint Statement Regarding Discovery Disputes. (Dkt. No. 140.) As to the computer forensics expert, the Court ruled it had previously ruled that Plaintiffs put the expert's investigation at issue by relying on the

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

expert to defeat a motion to dismiss, and therefore Avanquest had the right to discover information related to that investigation. The Court also ruled that "Avanquest may, at an appropriate time, depose Plaintiffs' expert about allegations in Paragraphs 38-41 of the First Amended Complaint." (*Id.* at 3:26-28.)

The Court also ordered Worley to respond to Interrogatory Nos. 11 and 13, and found Boyd's responses to Interrogatory Nos. 5, 6, 11 and 12 and Request for Admission No. 55 to be, at best, unclear:

> Avanquest's discovery requests are reasonable ones, and Mr. Boyd should respond, to the best of his knowledge, with a coherent and clear description of the programs that he installed on his computer, the time they were installed, and the steps he took to 'restore' his computer. To the extent he cannot remember, fine, but he must say that .... Accordingly, the Court finds Mr. Boyd's responses to Interrogatory Nos. 5, 6, 11 and 12 and Request for Admission No. 55 to be insufficient. He must further respond to them as directed. (Dkt. No. 140, at 6:15-22.)

As to Request for Admission No. 32 to Boyd, the Court stated the parties can revisit the issue after Boyd provides responses to the interrogatories referenced above. (*Id.*)

### E. <u>Current Status</u>

As of August 25, 2014, Worley and all claims relating to System Suite have been dismissed from this action. (Dkt. No. 143.) Thus, by stipulation of all parties, the only claims remaining in this action are Boyd's personal and putative class action claims relating to Fix-It.

As explained more fully below, between April 17, 2014 and August 21, 2014, Avanquest's expert inspected two computer hard drives and one forensic hard drive image produced by Plaintiff's counsel alleged to be from Boyd's computer and claimed to be either the actual computer hard drive on which Boyd allegedly installed and ran Fix-It or copies thereof. (Strickland Decl., ¶¶ 7,13-15.) The three inspections of Boyd's various hard drives revealed no evidence that Fix-It was installed or run on <u>any</u> of the three hard drives. (Declaration of Dr. Srinivasan Jagannathan in Support of Defendant's Motion for Protective Order and Motion to Dismiss ("Jagannathan Decl."), ¶¶ 8; 15.) Certainly, Boyd's computer is the <u>best evidence</u> of whether he ever installed and ran the product, as he alleges in the FAC. (FAC, ¶¶ 55-56.) And yet, analysis of the three hard drive images shows clearly that Boyd's computer does not include

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Fix-It. (Jagannathan Decl., ¶¶ 8; 15.)

Avanquest has expended a massive amount of time, money, and resources in defending this action, and that is before depositions have even been conducted. Avanquest will be forced to expend even more time, money, and resources defending this case through discovery and opposing class certification. Such additional discovery (and the related efforts and costs) are completely unnecessary; it is obvious that Fix-It is not present on Boyd's hard drive. And that is why Avanquest is compelled to bring this Motion for Protective Order and concomitant Motion to Dismiss.

Specifically, the first hard drive received from Boyd (the "Sylint Hard Drive") was sent to Avanquest's counsel by Plaintiff's expert and/or consultant the Sylint Group on January 31, 2014, and was received on February 4, 2014. (Strickland Decl., ¶ 2.) On April 18, 2014, Avanquest's counsel provided to Avanquest's expert the Sylint Hard Drive. (Strickland Decl., ¶ 8.) The Sylint Hard Drive was subsequently inspected by Avanquest's expert who confirms, in his declaration in support of this motion, that Fix-It is not present on that hard drive. (Jagannathan Decl., ¶¶ 8; 15.)

Further, because an inspection of Boyd's computer was required in order to determine whether it had any hardware issues relevant to this litigation, Avanquest's counsel and expert traveled to Chicago and on April 17, 2014, and inspected what was represented to be Boyd's computer. (Strickland Dec., ¶ 6.) That inspection was pre-arranged for weeks in advance. (Strickland Decl., ¶ 5.) During the inspection, Avanquest's expert made a forensic copy of the hard drive in Boyd's computer in Chicago ("Chicago Hard Drive"), and discovered upon inspection that this hard drive also does not contain the Fix-It software.[1] (Jagannathan Decl., ¶¶

[1] Avanquest's expert also inspected a computer purportedly belonging to Worley, but because Worley's claims have been dismissed we will not address in depth in this motion the many issues with that inspection – such as the fact that the computer presented for inspection did not have System Suite on it, Plaintiff's counsel claimed the computer presented for inspection in Chicago was not, in fact the computer on which Worley allegedly installed System Suite, and that Worley had lost that computer. Avanquest expended time, money, and resources to defend against Worley's claims, which added to the very high cost of this litigation, only to have those claims recently dismissed. (Strickland Decl., ¶¶ 6; 16-17.)



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

10-11.)

Finally, on May 13, 2014, Plaintiff's counsel informed Avanquest's counsel that the computers represented as Worley's and Boyd's computers and which were inspected in Chicago were not in fact the Plaintiffs' actual computers at issue – the ones on which they allegedly installed and ran the respective software. (Strickland Decl., ¶ 9.) Plaintiff's counsel stated that they had produced for inspection the "wrong" computer for Boyd (that Boyd had delivered to them the "wrong" computer), that they had not verified that the computer sent by Boyd was the one on which he allegedly installed and ran Fix-It, and that they were now in possession of the "right" one. (*Id.*) Boyd's counsel stated that they would ship Boyd's "right" computer to Avanquest's counsel for inspection in San Francisco. (*Id.* at ¶ 10.) Plaintiffs' counsel further stated that the hard drive image on the computer would match up to the Sylint Hard Drive. (*Id.*) On August 21, 2014, Avanquest's expert performed an inspection of Boyd's computer shipped to Avanquest's counsel in San Francisco, and discovered that the hard drive in that computer – just like the two hard drives previously inspected by Avanquest's expert – did not contain Fix-It. (Jagannathan Decl., ¶ 14.)

Meanwhile, Plaintiff's counsel offered to stipulate to dismissal of Worley's case as well as all claims relating to System Suite (including any class claims), in exchange for a waiver of costs. (Strickland Decl., ¶ 17.) That dismissal was executed and filed on August 25, 2014. (Dkt. No. 143.)

Plaintiff's counsel now seeks to take the depositions of Avanquest employee Tom Herring and Avanquest's Rule 30(b)(6) witness regarding the development, testing, marketing, complaints and sales figures of Fix-It. Because none of Boyd's hard drives produced for inspection includes Fix-It, Avanquest seeks a protective order to stay all discovery – including the depositions – pending a ruling on its Motion to Dismiss. It is an abuse of due process for Avanquest to be forced to continue expending money defending a class action when there is a complete lack of evidence that Boyd has any standing to assert a claim on his own behalf, let alone on behalf of a putative class of Fix-It purchasers. And Boyd's lack of standing means this Court lacks subject matter jurisdiction to continue presiding over this lawsuit.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

## III. ARGUMENT

### A. Avanquest's Motion for Protective Order

#### 1. Standard Governing Protective Orders

Upon motion by a person from whom discovery is sought, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. Proc. 26(c)(1). Amongst the remedies available to a party filing a motion for protective order, is an order "forbidding the disclosure or discovery." Fed. R. Civ. Proc. 26(c)(1)(A). However, the remedies enumerated in Rule 26(c) are not exclusive, as the trial court has wide discretion to impose other limits on discovery. *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (stating that "a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule") (citing 8 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2036, at 269).

When, as here, there is a "real question" as to whether the Plaintiff has a substantive claim, the Court may stay discovery pending resolution of that issue. *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (affirming the trial court's order suspending discovery because "there was a real question whether [plaintiff's] claim presented a substantive basis for vacating the judgment" that was at issue in the case); *see also, Wegner v. Monroe*, 282 F.3rd 1068, 1077 (9th Cir. 2002) (affirming grant of protective order staying discovery pending resolution of motion to dismiss for failure to state a claim); *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1978) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted"); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (discovery stayed pending adjudication of a summary judgment motion regarding immunity).

The District Court for the Northern District of California has generally applied a two-part test: "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed . . . . Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery . . . . If the court answers these two questions in the affirmative, a protective order may issue." *Pacific*

*Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003).

**2. Avanquest's Motion is Dispositive of this Case**

As discussed above, Avanquest has reviewed two physical hard drives and one forensic image of a hard drive produced by Boyd – the first (the Sylint Boyd Hard Drive image) received from Boyd's expert and/or consultant Sylint on February 4, 2014, the second produced for inspection along with Boyd's purported computer in Chicago on April 17, 2014, and the third inspected in San Francisco on August 21, 2014, as contained in another of Boyd's alleged computers. (Jagannathan Decl., ¶ 11-13.) Needless to say, all three hard drives have been examined by Avanquest's expert and ***none of the three hard drives produced by Boyd has Fix-It software installed on it***. (Jagannathan Decl., ¶ 15.)

This astounding fact, which Plaintiff's counsel should have known prior to even attempting to add Boyd as the putative class representative for purchasers of Fix-It,[2] undeniably disqualifies Boyd from being a class representative for purchasers of Fix-It because he lacks standing to make claims regarding a software product he never installed or ran on his computer. "[A] class representative *must be part of the class* and 'possess the same interest and suffer the same injury' as the class members." *General Telephone Co. of Southwest v. Falcon*, 457 U.S.

---

[2] When they filed the First Amended Complaint, which added Boyd as a plaintiff and putative class representative for purchasers of Fix-It, Plaintiff's counsel certified that the allegations in the First Amended Complaint – including the allegation that Boyd installed and ran Fix-It on his computer(s) – had evidentiary support:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."
> Fed. R. Civ. Proc. 11(b).

The fact that none of the hard drives produced by plaintiff Boyd contain Fix-It reveals that Plaintiff's counsel failed to perform the most basic inquiry to corroborate the allegations in the First Amended Complaint – which would simply have been a review of Boyd's hard drive to confirm he installed and ran Fix-It on his computer.



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

147, 156 (1982) (emphasis added) (quoting *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403-404 (1977) (reversing certification of a class of the defendant trucking company's drivers because the plaintiffs were not qualified for driver positions and "they could have suffered no injury as a result of the allegedly discriminatory practices, and they were, therefore, simply not eligible to represent a class of persons who did allegedly suffer injury")); see also, *In re Flash Memory Antitrust Litig.*, No. C 07–0086 SBA, 2010 WL 2465329, *6 (N.D. Cal. June 10, 2010) (finding that plaintiff who did not purchase any of the flash memory products at issue in his antitrust class action lacked standing to sue or to act as a class representative).

Under Fed. R. Civ. Proc. 11, there is a requirement that a plaintiff have a basis for the claims brought – in this case that would entail inspection and analysis by Plaintiff's counsel to ensure that Fix-it was installed and run on Boyd's computer. But only now, two years later and after the expenditure of a massive sum of money and countless resources in defending this case, has it been made evident that Boyd did not install Fix-It and his claims should never have been filed.

On August 25, 2014, Worley dismissed his claims from this lawsuit, and both Worley and Boyd stipulated to dismissal of all claims relating to System Suite. (Dkt. No. 143.) That stipulated dismissal leaves Boyd's claims relating to Fix-It as the only remaining claims in this putative class action. However, because Boyd never installed or ran Fix-It on his computer he cannot be part of the putative class of purchasers of Fix-It, does not have the same interests as the putative class members, and has not suffered the same injury as the putative class members, and therefore, lacks standing to assert a claim – which in turn deprives this court of subject matter jurisdiction. In short, Boyd not only is prohibited from acting as a class representative, but also lacks any standing to sue for alleged issues relating to Avanquest's Fix-It software, which are all that remain in this action. As such, this Motion is not only "*potentially* dispositive of the entire case" (*Pacific Lumber, supra*, 220 F.R.D. at 352 (emphasis added)), but will *actually* terminate this case. *See*, *Warth v. Seldin*, 422 U.S. 490, 498–499 (1975) (in the absence of standing, there is no "case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the constitution).



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

### 3. Avanquest's Motion May Be Decided Without Additional Discovery

Although the Ninth Circuit has held that discovery may be appropriate "where there are factual issues raised by a Rule 12(b) motion" *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), here the only factual issue raised by Avanquest's Motion is whether Boyd installed and ran Fix-It software. Boyd has not explained why his three computer hard drives show no record of Fix-It having been installed or run – a task that is easily within Boyd's control. Accordingly, Boyd's claim must fail – and Boyd cannot possibly require the depositions noticed by Plaintiff's counsel in order to oppose Avanquest's Motion. That information is solely within Boyd's own possession and has already been produced in discovery.

### 4. Good Cause Exists to Stay Discovery Pending a Ruling on Avanquest's Motion to Dismiss

As discussed above, the Motion to Dismiss is dispositive of Boyd's claims because Boyd's own computer defeats his claim to have installed and run Fix-It. Moreover, it is Boyd and his own experts who are the only ones who could have information relevant to the issue of his alleged installation of Fix-It – not the Avanquest witnesses Plaintiff's counsel has noticed for deposition. Thus, the Motion to Dismiss can certainly be decided without any additional discovery from Avanquest. It is therefore clear that good cause exists to issue a protective order staying discovery pending resolution of the Motion to Dismiss, and "a protective order may issue." *Pacific Lumber, supra*, 220 F.R.D. at 352.

Good cause for issuance of a protective order staying discovery is also warranted to spare Avanquest further undue burden and expense in responding to discovery. Avanquest has already expended a massive sum of money in discovery, motion practice, and other costs to defend this action. Now, almost a year after Avanquest first requested an inspection of Boyd's computer and after being forced to inspect three different hard drives, has it become clear that ***Boyd does not actually have a computer with Fix-It installed on it***. And Avanquest should not be further burdened by the financial costs of discovery in this baseless action. *See*, *Chesney v. Valley Stream Union School Dist. No. 24*, 236 F.R.D. 113, 116 (2006) (issuing a stay of discovery despite the risk that the pending motion would not be dispositive of all claims, in order to spare

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

the parties the "economic burden of full party discovery").

## IV. CONCLUSION

Based on the above, Avanquest respectfully submits that the Court issue a stay on all discovery pending resolution of the Motion to Dismiss based on (a) Boyd's lack of standing to sue for any alleged issues regarding Fix-It, and therefore (b) the Court's lack of subject matter jurisdiction over this lawsuit. After three inspections of hard drives claimed to be the hard drives on which Boyd allegedly installed and ran Fix-It, it is clear that Boyd does not actually have a computer with Fix-It installed on it. The attempt by Plaintiff's counsel to take the depositions of Avanquest employee Tom Herring and Avanquest's Rule 30(b)(6) witness should be rejected. There is no reason to require Avanquest provide any information as to the development, testing, marketing, complaints and sales figures of Fix-It, absent a showing that Boyd installed and ran Fix-It on his computer. As there is a complete lack of evidence that he did, discovery should be stayed.

Dated: August 29, 2014

ROPERS, MAJESKI, KOHN & BENTLEY

By: /S/ N. Kathleen Strickland
N. KATHLEEN STRICKLAND
DEVIN C. COURTEAU
JUSTIN A. ZUCKER
Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.