N. KATHLEEN STRICKLAND (SBN 64816)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA 94105-5173
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email: kstrickland@rmkb.com
dcourteau@rmkb.com
jzucker@rmkb.com

Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation,<br><br>Defendant. | CASE NO. 3:12-CV-04391-WHO<br><br>**MOTION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING A RULING ON AVANQUEST'S MOTION TO DISMISS**<br><br>Motion for Protective Order:<br>Date: October 16, 2014<br>Time: 9:30 a.m.<br>Judge: Hon. Laurel Beeler<br>Courtroom: C (15th Floor)<br><br>Action Filed: August 21, 2012 |

Defandant, Avanquest North America, Inc. ("Avanquest") hereby applies under Local Rules 6-1 and 6-3 for an Order Shortening Time for hearing on Avanquest's Motion for Protective Order Staying Discovery Pending A Ruling on Avanquest's Motion to Dismiss [Dkt. No. 146] ("MPO").

Avanquest brings this Application pursuant to Local Rule 6-1, 6-3, 7-1, and 7-10 on the basis that the Court as well as the parties' resources will be unnecessarily consumed if the Motion for Protective Order is not heard on a shortened time. Good cause exists to enter an order shortening time because the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction / Standing or Alternatively for an OSC Re: Dismissal [Dkt. No. 144] ("MTD") may be dispositive of this case and moot the need for any discovery, including noticed depositions and class certification expert deadlines.

Good faith efforts to resolve this matter by meeting and conferring by email have failed and Plaintiff's counsel has refused to stipulate to a proposed shortened time for hearing. On September 3, 2014, Plaintiff's counsel has not advised whether they would oppose Avanquest's motion to shorten time, MPO, and MTD. (Declaration of Devin C. Courteau In Support of Avanquest's Motion for Order Shortening Time to Hear MPO ("Courteau Decl."), ¶ 11.)

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Declaration of Devin C. Courteau In Support of Avanquest's Motion to Shorten Time to Hear Motion for Protective Order Staying Discovery Pending a Ruling on Avanquest's Motion to Dismiss filed concurrently herewith, the Court's file, and any such further evidence that may be presented at the hearing of this Application.

**I.     INTRODUCTION**

Avanquest makes this request for an order to shorten time for the briefing and hearing of its MPO due to newly discovered information that establishes that Boyd has not installed Fix-It on his computer as alleged in his First Amended Class Action Complaint ("FAC"). (Courteau Decl., Ex. 1 at ¶ 56-57.) In its recent inspection of plaintiff Johnny Boyd's ("Boyd") computer, it was determined that Fix-It Utilities Professional 12 ("Fix-It") is not installed on the hard drive of Boyd's computer, negating any standing Boyd has to bring the present lawsuit and thus removing

the Court's subject matter jurisdiction to hear this matter. Upon finding that Boyd does not have Fix-It on his computer, Avanquest timely filed a MTD. The Court's calendar, however, is such that the MPO is scheduled to be heard after the MTD, creating the potential for needless discovery to transpire prior to any ruling on the MTD. Avanquest moves to shorten the time for hearing its MPO to Thursday, September 11 or September 18, or such other date convenient for the Court.

## II.   FACTUAL BACKGROUND

This putative class action was filed on August 21, 2012. (Courteau Decl., ¶ 2.) Plaintiffs purported to bring this action against defendant, Avanquest North America Inc. ("Avanquest") on behalf of "all individuals and entities in the United States that have purchased Fix-It Utilities Profession or System Suite PC Tune-Up & Repair." (Courteau Decl., Ex. 1 at ¶ 58.)

Plaintiff Johnny Boyd ("Boyd") was added as a plaintiff to represent purchasers of Fix-It Utilities Professional 12 ("Fix-It") after the Court entered an Order Granting in Part and Denying in Part Avanquest's Motion to Dismiss; and indicated that Worley was not an appropriate class representative for Fix-It since he had never purchased it. (Courteau Decl., Exs. 1; 2 at fn. 1; 3 at 2:12-14.) On August 25, 2014, the other named plaintiff, Benson Worley ("Worley"), dismissed his claims with prejudice, and both Worley and Boyd stipulated to the dismissal of all claims relating to System Suite PC Tune-Up & Repair. (Courteau Decl., Ex. 4.) The only claims remaining are Boyd's individual and putative class action claims relating to Fix-It.

On August 21, 2014, Avanquest's computer forensics expert, Dr. Srinivasan Jagannathan inspected, for a second time, Boyd's alleged computer, including the hard drive contained within. (Declaration of Dr. Srinivasan Jagannathan in Support of Defendant's MPO and MTD [Dkt. 146-1; 144-1] ("Jagannathan Decl."), ¶¶ 8; 15.) Dr. Jagannathan has determined that Fix-It is not installed on either the two physical hard drives produced by Boyd or on the one forensic image of a hard drive produced by Plaintiff's counsel through the Sylint Group. (Jagannathan Decl., ¶ 14.) With this newly discovered information, Avanquest timely filed a MTD and a MPO. Unfortunately, due to court motion hearing calendar scheduling requirements, the MTD is scheduled to be heard before the MPO, hence the reason this *ex parte* relief is sought.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  As more fully set forth below, Avanquest has no part in creating this emergency requiring
2  *ex parte* relief, and would be forced to expend unnecessary resources on discovery while a
3  dispositive motion is pending shortly thereafter that, if granted, would moot the need for any
4  further discovery.

5  **II.    LEGAL ARGUMENTS**

6  A.    *Reasons For Requested Shortening Of Time To Hear Motion For Protective Order*

7  The first available date for hearing on a regularly-noticed motion, as is the MTD, before
8  Judge William H. Orrick is October 8, 2014. (Courteau Decl., ¶ 8.) Problematically, however, the
9  first available date for hearing on a regularly-noticed discovery motion, as is the MPO, before
10 Magistrate Judge Laurel Beeler is October 16, 2014. (Courteau Decl., ¶ 9.) This creates the
11 anomaly of the protective order staying discovery occurring after the dispositive MTD the case.
12 Hence, we have requested the MPO be heard on shortened time in order to stay discovery pending
13 ruling on the MTD. The reason a discovery stay is needed is because while no dates have been
14 set, Plaintiff's counsel requested Avanquest to check available dates for two witnesses, Tom
15 Herring and its Fed. R. Civ. P 30(b)(6) witness. Avanquest was in the process of so doing when
16 Boyd's computer arrived for inspection. Finding no Fix-It on Boyd's computer, Avanquest filed
17 the two pending motions. Additionally, Avanquest is due to disclose its experts on September 29,
18 2014. Again, we see no reason to do so since Boyd's computer does not have Fix-It installed on
19 it. Therefore, good cause exists for the Court's prescription of a shorter time for hearing
20 Avanquest's MPO to prevent potentially unnecessary discovery pending the outcome of the
21 MTD, because the MTD may moot the need for any further discovery.

22 B.    *Efforts Made To Obtain Stipulation To Shorten Time*

23 On August 29, 2014, counsel for Avanquest called Plaintiff's counsel to meet and confer
24 about the findings from Avanquest's inspection of Boyd's three hard drives (two physical hard
25 drives and one forensic hard drive image Boyd produced in discovery). (Courteau Decl., ¶ 6.)
26 Avanquest's counsel apprised Plaintiff's counsel that none of the three hard drives inspected have
27 Fix-It installed on them, and that Avanquest had prepared to file a MTD and MPO. (*Id*.)
28 Additionally, Avanquest's counsel requested Plaintiff agree to stipulate to shorten time to hear the

3:12-CV-04391-WHO
RC1/7614103.1/JZ4
- 3 -
MOTION FOR ORDER TO SHORTEN TIME TO HEAR MTN. FOR PROTECTIVE

1  MPO to which Plaintiff's counsel declined. (*Id*.) On September 2, 2014, counsel for Avanquest
2  attempted again to meet and confer with Plaintiff's counsel via email to enter a stipulation to
3  shorten time for briefing and hearing its MPO. (Courteau Decl., ¶ 10, Ex. 6.) Plaintiff's counsel,
4  however, as of this date has no responded to the request to stipulate to shorten time. (Courteau
5  Decl., ¶ 11.)

6      C.     *No Substantial Harm Or Prejudice If Court Shortens Time To Hear Motion*

7  Should this Court grant this *ex parte* application, no substantial harm or prejudice would
8  result for either the parties or the Court. The only impact from entering an order shortening time
9  to hear the MPO would be a modified briefing schedule. (Courteau Decl., ¶ 12.) Plaintiff would
10 not be harmed or prejudiced, however, because he would have only four fewer days to oppose the
11 MPO and was served with it on August 29, 2014, right after its filing. (Courteau Decl., ¶¶ 7; 11.)

12     D.     *Civil Local Rule 37-1(a) Is Not Applicable In This Case*

13 Avanquest complied with applicable meet and confer requirement of Civ. L.R. 37-1(a).

14     E.     *Basis For Motion For Protective Order*

15 Under FRCP 26, a Court "may, for good cause, issue an order to protect a party or person
16 from . . . undue burden or expense." FRCP 26(c)(1). Courts have the discretion under FRCP
17 26(c) and Ninth Circuit precedent to stay discovery pending resolution of a motion that is
18 potentially dispositive of the claims in the action. *See, Wood v. McEwen,* 644 F.2d 797, 801-802
19 (9th Cir. 1981) (affirming the trial court's order suspending discovery because "there was a real
20 question whether [plaintiff's] claim presented a substantive basis for vacating the judgment" that
21 was at issue in the case). In this case, Avanquest has brought a MTD on the basis that Boyd has
22 no evidence that he installed Fix-It on his computer and thus lacks standing to bring this case.
23 (Jagannathan Decl., ¶¶ 8; 15.) *See, Kuahulu v. Employers Ins. of Wausau,* 557 F.2d 1334, 1336
24 (9th Cir. 1977) (stating the general rule that if a putative class representative's claim becomes
25 moot — dismissed, standing disappears, *etc.* — before class certification, the case should be
26 dismissed). Avanquest wishes to stay all discovery until the resolution of the pending MTD to
27 avoid the expenditure of both the parties and this Court's time and resources. Should this Court
28 grant the MTD, all pendant discovery needs would be mooted.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

F. *Extensions Of Dates In This Matter Have Been Limited*

This Court, pursuant to stipulation or the Court's own motion, entered the following continuances: (1) the time for Avanquest to respond and/or answer (Dkt. Nos. 16; 68-70); (2) the briefing schedule for motions to dismiss and pleading challenges previously brought (Dkt. Nos. 24; 26; 28; 30; 51; 60-61); (3) case management conferences and attendant joint case management statement. (Dkt. Nos. 76; 78; 129; 134); (4) the briefing and deposition schedule for Avanquest's motion to transfer venue (Dkt. No. 92; 94); (5) the deadline for Avanquest to respond to written discovery (Dkt. No. 113); and (6) the deadlines related to class certification. (Dkt. No. 142.)

G. *Granting An Order To Shorten Time Only Impacts The Briefing Schedule*

The granting of an order to shorten time will only modify the time for Plaintiff to provide opposition to the MPO and Avanquest's time to reply. As stated above in Section II.C., on August 29, 2014, Boyd was served with a filed copy of the MPO, and was put on notice of Avanquest's desire shorten time for hearing on the MPO. Accordingly, Boyd has had ample time to plan and prepare its response in opposition.

## III. CONCLUSION

For the foregoing good cause, Avanquest's respectfully requests this Court to grant the requested *ex parte* relief, and issue an order shortening time for briefing and hearing on Avanquest's Motion for Protective Order. Accordingly, Avanquest respectfully requests that the Motion for Protective Order be heard on September 11, 2014, or at a convenient time for the Court, , and proposes that Boyd's opposition be due September 8, 2014, and Avanquest's Reply due September 10, 2014, by 12:00 p.m.

Dated: September 3, 2014   ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ N. Kathleen Strickland
KATHLEEN N. STRICKLAND
DEVIN C. COURTEAU
JUSTIN A. ZUCKER
Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.