N. KATHLEEN STRICKLAND (SBN 64816)
DEVIN C. COURTEAU (SBN 197505)
JUSTIN A. ZUCKER (SBN 284401)
ROPERS, MAJESKI, KOHN & BENTLEY
150 Spear Street, Suite 850
San Francisco, CA 94105-5173
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email: kstrickland@rmkb.com
dcourteau@rmkb.com
jzucker@rmkb.com

Attorneys for Defendant
AVANQUEST NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENSON WORLEY and JOHNNY BOYD, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation,<br><br>Defendant. | CASE NO. 3:12-CV-04391-WHO<br><br>**DEFENDANT AVANQUEST NORTH AMERICA INC.'S NOTICE OF AND MOTION FOR ENFORCEMENT OF VOLUNTARY DISMISSAL OF CLAIMS RELATED TO SYSTEM SUITE SOFTWARE**<br><br>Date: October 15, 2014<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick<br>Courtroom 2 (17th Floor)<br><br>Action Filed: August 21, 2012 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1
II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ..........................2
    A. Initial Complaint ..........................................................................................2
    B. First Amended Complaint ............................................................................3
    C. Boyd's Computer Does Not Have Fix-It ......................................................3
    D. Motion To Dismiss This Action ...................................................................4
    E. Current Status ...............................................................................................5
III. LEGAL ARGUMENT ............................................................................................6
    A. There Is No Putative Class For System Suite ..............................................6
    B. The Dismissal Is Effective Immediately Upon Filing .................................9
    C. A New Complaint Is The Only Available Option Following Dismissal Of System Suite Claims From This Action .....................................................11
IV. CONCLUSION .....................................................................................................12

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

# TABLE OF AUTHORITIES

Page

**CASES**

*Adams v. Lever Bros. Co.*,
 874 F.2d 393 (7th Cir.1989) ...................................................................................................11

*Anago Franchising Inc. v. Shaz LLC*,
 677 F.3d 1272 (11th Cir. 2012) ...............................................................................................10

*Cadkin v. Loose*,
 569 F.3d 1142 (9th Cir. 2009) ........................................................................................6, 7, 11

*Carter v. Beverly Hills Sav. & Loan Assoc.*,
 884 F.2d 1186 (9th Cir. 1989) .................................................................................................11

*Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*,
 193 F.3d 1074 (9th Cir. 1999) ........................................................................................6, 7, 10

*DeLeon v. Marcos*,
 659 F. 3d 1276 (10th Cir. 2011) ............................................................................................7, 8

*Eitel v. McCool*,
 782 F.2d 1470 (9th Cir. 1986) .................................................................................................11

*First Nat. Bank of Toms River, N.J. V. Marine City, Inc.*,
 411 F.2d 674 (3d Cir 1969) .......................................................................................................9

*Garber v. Chicago Merchantile Exchange*,
 570 F.3d 1361 (2009) ................................................................................................................8

*Janssen v. Harris*,
 321 F.3d 998 (10th Cir. 2003) ...................................................................................................7

*Jenkins v. Maywood*,
 506 F.3d 622 (7th Cir.2007) ......................................................................................................9

*Mutual Produce Inc. v. Penn Cent. Transp. Co.*,
 119 F.R.D. 619 (D. Mass. 1988)..........................................................................................9, 10

*Nance v. Jackson*,
 56 F.R.D. 463 (M.D.Ala.1972)................................................................................................10

*Nelson v. Napolitano*,
 657 F.3d 586 (7th Cir. 2011) ..............................................................................................11, 12

**TABLE OF AUTHORITIES**

**Page**

*Orange Theatre Corp. v. Rayherstz Amusement Corp.*,
   130 F.2d 185 (3d Cir. 1942) ................................................................................9

*Richmond v. Chater*,
   94 F.3d 263 (7th Cir.1996) ..................................................................................11

*Smith v. Phillips*,
   881 F.2d 902 (10th Cir. 1989) ..............................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 41 ..............................................................................1, 6, 7, 8, 9, 10, 11

## I. INTRODUCTION

On August 25, 2014, the parties herein filed a Stipulation for Voluntary Dismissal of Claims Related to System Suite Software Pursuant to Fed. R. Civ. P. 41 ("Dismissal"). (Docket No. 143.) The parties to that Dismissal were Benson Worley ("Worley"), Johnny Boyd ("Boyd" or "Plaintiff") and Avanquest North America Inc. ("Avanquest"). The Dismissal was signed by counsel for all parties after arms-length negotiation. Plaintiff's counsel first mentioned their desire to dismiss Worley and all claims related to System Suite software ("System Suite") in written correspondence dated August 12, 2014. (Strickland Declaration In Support of Motion for Enforcement of Voluntary Dismissal of Claims Related to System Suite Software ("Strickland Decl."), Exhibit 1.) On August 18, 2014, Plaintiff's counsel confirmed in written correspondence their desire to dismiss Worley and all claims related to System Suite. (Strickland Decl., Exhibit 2.) A series of email communications and drafts of a stipulation were thereafter exchanged, with the actual stipulation finalized, executed, and filed by Plaintiffs' counsel on August 25, 2014. (Dkt. No. 143.) Thereafter a letter was sent to this Court by Plaintiffs' counsel on August 26, 2014, advising the Court of the dismissal of Worley and all claims related to System Suite software. (Strickland Decl., Exhibit 3.) Pursuant to that Dismissal, all claims of Worley, Boyd and the putative class as to System Suite software have clearly been dismissed. The Dismissal specifically states at Paragraph 2 "The claims of the putative class related to Avanquest's System Suite software shall be dismissed without prejudice, that the System Suite software shall no longer be at issue in this action and all claims related to all versions of the System Suite software shall be dismissed from the above-captioned action." (Dkt. No. 143, ¶ 2.) As part of the consideration for the Dismissal, Worley and Avanquest agreed to bear their own attorneys' fees and costs relating to the dismissal.

On August 29, 2014, Avanquest filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction / Standing or Alternatively for an OSC Re: Dismissal ("Motion to Dismiss") regarding Boyd and the putative class of purchasers of Fix-It Utilities Professional 12 ("Fix-It"), which by such date was the only remaining Avanquest product at issue in this action. Avanquest filed the Motion to Dismiss because an examination of the ***third*** hard drive produced by Boyd –

1 the one Boyd claimed was the hard drive on which he installed Fix-It – revealed that Fix-It was
2 not in fact installed on Boyd's computer. Concomitant with the Motion to Dismiss, Avanquest
3 filed a Motion for Protective Order Staying Discovery Pending a Ruling on Avanquest's Motion
4 to Dismiss until this Court has an opportunity rule on the Motion to Dismiss. (Strickland Decl., ¶
5 10.) Both of these motions are supported by a declaration of Avanquest's expert describing in
6 detail his analysis and conclusions after his inspection of two computers and three hard drives
7 produced by Boyd. In essence, his findings confirm that Fix-It is not on Boyd's computer.

On August 29, 2014, Avanquest's counsel sent a courtesy copy of these motions to
Boyd's counsel. (Strickland Decl., ¶ 11.) After six days of silence, Boyd's counsel announced, in an email dated September 5, 2014, their intention to now file a second amended complaint to name Boyd as the System Suite class representative (with the strong implication that they are abandoning Boyd's claims regarding Fix-It). (Strickland Decl., Exhibit 4.) This shocking statement totally ignores the filed Dismissal of Worley and all claims of the putative class (including Boyd) related to System Suite software. And, as we know, Boyd was a party to the Dismissal. Further, the email from Boyd's counsel constitutes an admission that Boyd *does not have Fix-It on his computer* and that Avanquest's Motion to Dismiss is well founded.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Initial Complaint.

The initial complaint in this action was filed on August 21, 2012. (Dkt. No. 1.) It named only plaintiff Benson Worley, and put at issue two Avanquest software products – System Suite and Fix-It. (*Id.*) Worley sought to represent a putative class of "All individuals and entities in the United States and its territories that have purchased Fix-It Utilities Professional or System Suite PC Tune-up & Repair." (*Id.* at ¶ 39.)

On November 29, 2012, Avanquest filed a motion to dismiss. (Dkt. No. 37.) On February 5, 2013, Judge Illston issued an order granting in part and denying in part that motion to dismiss. (Dkt. No. 48.) Significantly, Footnote 1 of Judge Illston's Order notes that "[t]he Complaint repeatedly refers to another of defendant's products, 'Fix-It Utilities,' but the Complaint does not identify how that product is related to System Suite or whether plaintiff

Worley purchased the 'Fix-It' software." (Dkt. No. 48, fn. 1.) Footnote 2 also notes that the Complaint contains allegations regarding the packaging for Fix-It which Worley did not allege he purchased. (*Id*. fn. 2) In a stipulation and order filed on February 15, 2013, it was stipulated that Boyd would be added as an additional plaintiff in the soon to be filed First Amended Complaint, specifically as the putative class representative for Fix-It. (Dkt. No. 51.)

**B.    First Amended Complaint.**

Shortly thereafter, on February 22, 2013, the First Amended Complaint was filed naming both Worley and Boyd as plaintiffs, Worley as the class representative for System Suite software and Boyd as the class representative for Fix-It software.[1] (Dkt. No. 52.) The case has proceeded for over eighteen months with each plaintiff representing the respective putative class of purchasers of the applicable software products until August 25, 2014 when Benson Worley was dismissed and all claims, individual and class based, relating to System Suite purchasers were also dismissed.

**C.    Boyd's Computer Does Not Have Fix-It.**

On March 3, 2013, Avanquest filed a second motion to dismiss. (Dkt. No. 53.) On April 30, 2013, Judge Illston issued an Order denying that motion. (Dkt. No. 66.) In ruling on the fraudulent inducement claim, the court observed that the exact state of plaintiffs' own computers prior to and after defendant's software was used is subject to discovery.

Following the suggestion of Judge Illston, Avanquest pushed to inspect the plaintiffs' computers, it being clear that the computers and what was on them was the best evidence. On November 14, 2013, the parties filed a Joint Statement Regarding Discovery Disputes. (Dkt. No. 116). The Joint Statement Regarding Discovery Disputes discussed inspection of plaintiffs' computers and discovery of plaintiffs' computer forensics expert identified in the plaintiffs' First Amended Complaint, paragraphs 38-42. On December 13, 2013, Judge Beeler issued her ruling.

---

[1] In the First Amended Complaint Boyd alleged that he installed and ran Fix-It on his computer. (Dkt. No. 52, ¶¶ 53-57.) Plaintiffs' class definition remained the same as previously identified in the initial complaint filed on August 21, 2012: "All individuals and entities in the United States and its territories that have purchased Fix-It Utilities Professional or System Suite PC Tune-up & Repair."

(Dkt. No. 123). As to the inspection of plaintiffs' computers, the Court's ruling stated that "Mirror images will be made of Plaintiffs' hard drives. Counsel must confer with Plaintiffs to first determine whether the hard drives contain any privileged information . . . . They will conduct the privilege review within that reasonable time." (*Id*. at 6:7-11). The point being that the Court ordered plaintiffs' counsel to consult with their client before producing the hard drives to Avanquest's counsel.

Following Judge Beeler's ruling, the parties proceeded to engage in discovery. As explained more fully below, between April 17, 2014 and August 21, 2014, Avanquest's expert inspected two physical hard drives and one forensic hard drive image produced by Plaintiff's counsel alleged to be from Boyd's computer and claimed to be either the actual computer hard drive on which Boyd allegedly installed and ran Fix-It or copies thereof. (Strickland Decl., ¶¶ 6-10.) The three inspections of Boyd's various hard drives revealed no evidence that Fix-It was installed or run on the three hard drives. (Strickland Decl., <u>Exhibit 6</u> (Declaration of Dr. Srinivasan Jagannathan in Support of Defendant's Motion for Protective Order and Motion to Dismiss ("Jagannathan Decl.")), ¶¶ 8; 15.) Certainly, Boyd's computer is the <u>best evidence</u> of whether he ever installed and ran the product as alleged in the First Amended Complaint. (Dkt. No. 52, ¶¶ 55-56.) And yet, analysis of the three hard drive images shows clearly that Fix-It was not installed on Boyd's computer. (Jagannathan Decl., ¶¶ 8; 15.) The details of each inspection are contained in the attached declaration of Dr. Srinivisan Jagannathan, attached hereto and incorporated herein by reference. Further, additional details regarding the discovery process and inspection of plaintiffs' computers and hard drives are set forth in the motion to dismiss described below.

### D. **Motion To Dismiss This Action.**

Avanquest's expert's inspections of all computers and hard drives produced by Plaintiff confirmed that Fix-It was not present on Boyd's computer, the last such inspection occurring on August 21, 2014.[2] (Strickland Decl., ¶ 6-9.) Accordingly, Avanquest filed a Motion to Dismiss

---

[2] The Sylint Hard Drive was subsequently inspected by Avanquest's expert who confirms, in his declaration in support of this motion, that Fix-It is not present on that hard drive. (Jagannathan Decl., ¶¶ 8; 15.) Boyd's computer was made available for inspection in Chicago on April 17, 2014. (*Id*. at ¶ 7.) That inspection of the computer and

this action on August 28, 2014, because Fix-It, the only Avanquest product remaining at issue, was not installed on Boyd's computer. (*Id*. at ¶ 13.) A copy of the papers, including Avanquest's expert's declaration was sent to Plaintiff's counsel after they were filed. (*Id*. at ¶ 15.) On September 5, 2015, the undersigned was informed in an email that Plaintiff's counsel now wished to file a second amended complaint and name Boyd now as the System Suite class representative. (Strickland Decl., ¶ 5, Exhibit 4.) Hence, after learning of Plaintiff's intentions, and pursuant to Fed. R. Civ. Pro. 1 and 41(a)(1)(A)(ii), Avanquest is filing the present motion.

### E. Current Status.

The procedural recitation of this case history is very relevant to this present motion. As both Judge Illston and Judge Beeler noted in their respective rulings, the inspection of the hard drives and the computer of each respective class representative is crucial to determining whether the complaint as pled has any basis in fact.

As of August 25, 2014, Worley and all claims relating to System Suite have been dismissed from this action pursuant to the Dismissal. (Dkt. No. 143.) Thus, by stipulation of all parties, the only claims remaining in this action are Boyd's personal and putative class action claims relating to Fix-It.

As to Boyd, as Judge Illston noted in her ruling denying Avanquest's motion to dismiss the First Amended Complaint, stated, "The exact manner in which the defendant's software actually functions is subject to discovery and decision on a full record, as is the actual state of plaintiffs' *own computers prior to and after defendant's software was used*." (Dkt. No. 66, 4:6-9, emphasis added.) Now that the motion to dismiss and Avanquest's expert's declaration have confirmed that Fix-It is not on Boyd's computer, a fact Plaintiff's counsel was obligated to have known prior to filing the First Amended Complaint on February 22, 2013, Plaintiff's counsel wants to file yet another amended complaint to resurrect claims that Boyd voluntarily dismissed on August 25, 2014 (while abandoning the Fix-It claims Boyd has been asserting for nearly eighteen months). The law is clear that such action is legally not permitted. System Suite claims

---

the hard drive within that computer also revealed that Fix-It had not been installed on that computer. (*Id*.) After being informed the "wrong" computer had been presented for inspection, a second computer was shipped to Avanquest's counsel on August 21, 2014, and inspected by Avanquest's expert. (*Id*. at ¶¶ 11-13.)

1 are dismissed from this action and no longer part of this lawsuit.[3]

2 It is obvious that Boyd's counsel has finally realized that Boyd does not have Fix-It on his
computer and never purchased it because now, approximately eighteen months after adding him
as a Plaintiff for Fix-It, they want to reverse course and allege that Boyd purchased System Suite.
And they have stated their intentions in writing. (Strickland Decl., Exhibit 4.) The
insurmountable problem is that in order for them to do so, they would need to resurrect claims
that have already been dismissed by Boyd and Worley on behalf of themselves and the entire
putative class. These claims cannot now be re-instated by the filing of a second amended
complaint, two years after the initial lawsuit was filed on August 21, 2012. It is because of
Plaintiff's counsel's stated intentions that Avanquest is compelled to bring this motion to enforce
the Dismissal of **all** System Suite claims from this action.

## III. LEGAL ARGUMENT

### A. There Is No Putative Class For System Suite. It Has Been Dismissed From This Action.

Under Rule 41(a)(1)(A)(ii), a plaintiff can voluntarily dismiss a case "by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. Pro. 41. The Ninth Circuit has held that a stipulation of dismissal filed under Rule 41(a)(1)(A) is self-executing and immediately strips the district court of jurisdiction over the merits. *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("We now make explicit what our cases have indicated before, that once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal); see fuller case discussion of *Commercial Space Mgmt.* in Section III.B, *infra*. In *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009), the Ninth Circuit Court of Appeal again discussed the impact of a Rule 41(a)(1) dismissal,

---

[3] On September 5, 2014, via email correspondence, Boyd's counsel stated its intention to file a second amended complaint in which Boyd would assert that he purchased System Suite 12 and bring claims on behalf of a putative class against System Suite 12. This clearly supports the factual and legal merits underlying Avanquest's Motion to Dismiss Boyd and the putative class of Fix-It purchasers for lack of standing and subject matter jurisdiction, based on his failure to have purchased and installed Fix-It. (Strickland Decl. Exhibit 4.)

that is, it "'leaves the situation as if the action had never been filed' . . . we have adhered slavishly to this interpretation of Rule 41(a)." *Id*. at 1150 (denying a request for attorneys' fees because the action had been dismissed under Rule 41(a)(1), and no attorneys' fees could be obtained in an action that had essentially "never been filed").

In *DeLeon v. Marcos*, 659 F. 3d 1276 (10th Cir. 2011) the Tenth Circuit Court of Appeal upheld the dismissal of a class action based on the stipulation of the parties, stating, "once the stipulation is filed, the action on the merits is at an end." *Id*. at 1284 (citing *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) (The court held that the "district court should have treated the stipulation as a self-executing dismissal under Rule 41(a)(1)(A)(ii)".) Relying on *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003), the *DeLeon* court noted *Janssen*'s holding with approval that "under Rule 41(a)(1)(A)(i), a voluntary dismissal is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." The *DeLeon* court also quoted with approval the earlier 10th Circuit case of *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) stating that "[a] voluntary dismissal under Rule 41(a)(1)(ii) cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court. Once the stipulation is filed, the action on the merits is at an end."

In the instant case, all parties including Boyd executed the Dismissal pursuant to Rule 41(a)(1)(A)(ii); a stipulation proposed by and filed by Plaintiff's counsel. (Dkt. No. 143.). As such, no Court order or action was needed for the stipulation dismissing all claims related to System Suite to take effect. *Commercial Space Mgmt., supra*, 193 F.3d at 1076. Because Plaintiffs filed the Dismissal, they are readily aware that any subsequent attempt to now bring or raise claims related to System Suite must be barred. Nonetheless, and in complete disregard of the Dismissal and the law, on September 5, 2014, Plaintiff's counsel notified Avanquest's counsel that Boyd would be seeking leave to file a second amended complaint identifying System Suite 12 as the Avanquest product Boyd would be asserting claims against on behalf of a putative class. (Strickland Decl., Exhibit 4.)

A motion, virtually identical to the motion Boyd's counsel intends to file to resurrect his voluntarily dismissed claim, was recently denied by Judge Alsup in *Contreras v. UAL Corp.*,

3:12-CV-04391-WHO
RC1/7619628.8/KNS

- 7 -

AVANQUEST'S MTN. FOR ENFORCEMENT
OF STIP. DISMISSAL [DKT. 143]

C10-05127-WHA, 2014 WL 554485 (N.D. Cal. Feb. 7, 2014). In that action Judge Alsup denied plaintiff's motion for leave to file a second amended complaint because the plaintiff had voluntarily dismissed the claim he sought to re-allege, and defendants had spent "significant time and money . . . defending against the allegations of plaintiff's first amended complaint." *Id*. at *3. Similarly here, Boyd's assertion for the past eighteen months of alleged claims relating to Fix-It has forced Avanquest to spend significant time and money defending against claims as to which Boyd lacked standing. Boyd now seeks to abandon those claims and assert new ones relating to System Suite – claims he has never asserted before, but in any event claims that were certainly dismissed on August 25, 2014. As in *DeLeon* and *Contreras*, this Court should find void and/or deny any attempt by Boyd to move to amend the complaint so that it names him as a putative class representative in an attempt to resurrect claims relating to System Suite, and enforce the Dismissal that was stipulated to and negotiated by the parties to this action.

Further, in *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361 (2009), the U.S. Court of Appeal held that the stipulation for dismissal filed under Rule 41(a)(1) divested the district court of jurisdiction to enter any subsequent orders. *Id.* at 1364-65. And, Rule 41(a)(1)(A)(ii) permits dismissal at any time during the proceedings if all parties sign a stipulation of dismissal. *Id.*; Fed. R. Civ. Pro. 41(a)(1)(A)(ii). In *Garber*, the district court entered two orders subsequent to the filing of a stipulated dismissal under Rule 41(a)(1)(A)(ii). *Garber, supra*, 570 F.3d at 1362-63. Because the *Garber* Court of Appeal found the stipulation to have been properly brought under Rule 41(a)(1)(A)(ii), including being signed by counsel for all the parties, the subsequent court orders "entered by the district court were void *ab initio*." *Id*. at 1364-65, emphasis in original. The *Garber* Court of Appeal also found that because the stipulation was signed by all parties, the inclusion of a proposed order was surplusage that did not alter the fact that the requirements of the rule were satisfied. *Id*. at 1366. Having found that the subsequent orders entered by the district court were void *ab initio*, the *Garber* Court of Appeal reversed the district court's denial of *Garber's* motion for relief, and vacated all orders entered by the court following the filing of the joint stipulation for dismissal without prejudice.

Based on this well-established authority, if Boyd moves to amend the First Amended

1  Complaint, this Court should find that any filings to resurrect claims against System Suite made
2  subsequent to the filing of the Dismissal are void *ab initio,* or deny such motion for leave to
3  amend.

**B.     The Dismissal Is Effective Immediately Upon Filing.**

The filing of a dismissal is self-executing and is effective immediately. *Jenkins v. Maywood*, 506 F.3d 622, 624 (7th Cir.2007) (held that a stipulation entered under Rule 41(a)(1) was effective immediately upon the filing of the Stipulation). In an action involving a mortgage assignment, *First Nat. Bank of Toms River, N.J. V. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir 1969), the Court of Appeal held that the filing of the stipulation of dismissal signed by counsel for all parties who had appeared in the action pursuant to Fed. R. Civ. Pro. 41(a)(1) does not require judicial approval and the entry of such a stipulation of dismissal is effective immediately, citing, 2B Barron and Holtzoff, Federal Practice and Procedure, § 911, p. 109 (Wright Rev. 1961); 5 Moore, Federal Practice, P 41.02(2) (1968); see also *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 186 (3d Cir. 1942). The Court went on to state that "the District Court's judgment which was entered <u>after</u> the dismissal of the third party action could not affect the rights of the third-party defendants who no longer were parties to any pending litigation before the court." *Id.*, emphasis added. Similarly here, all claims relating to System Suite in this lawsuit were dismissed with the filing of the Dismissal and cannot be resurrected in this lawsuit – and Worley is no longer a party to any pending litigation in this action before the Court. (Dkt. No. 143.)

Again, in *Mutual Produce Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 621 (D. Mass. 1988) the court reiterated the principle that stipulations of dismissal are effective when filed. In *Mutual Produce*, plaintiffs and defendants filed a voluntary dismissal pursuant to Fed. R. Civ. Pro. 41(a)(1)(ii). Intervenors, hearing of the pending dismissal, filed a motion to intervene. However the motion was set for hearing after the Fed. R. Civ. Pro. 41(a)(1)(ii) dismissal was filed. *Id.* The court ruled that because the motions to intervene were pending and had not been ruled upon when the notice of dismissal was filed, there was no action in which to intervene by the time the motions were heard (because the cases were dismissed with the filing of the

1   stipulated dismissal) and the motions to intervene were moot. *Id*. at 621. The court cited *Nance*

2   *v. Jackson*, 56 F.R.D. 463, 471 (M.D.Ala.1972) a case in which the court dismissed the action

3   pursuant to Rule 41(a)(2) stating, "[a]n alternative ground for denying the petition to intervene is

4   that, by virtue of this Court's disposition infra, of plaintiff[s'] motion for voluntary dismissal,

5   there is no justiciable action pending in which to intervene." *Id*. at 621.

6         The Ninth Circuit, in *Commercial Space Management Co., Inc. v. Boeing Co., Inc.*, 193 F.

7   3d 1074 (9th Cir. 1999) echoed the above tenet by stating, "We now make explicit what our cases

8   have indicated before, that once a notice of voluntary dismissal is filed, the district court in which

9   the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms

10  and conditions of the dismissal." *Id*. at 1076. The Court stated, "It follows from *American*

11  *Soccer* and a long line of ancestors that the district court has no role to play once a notice of

12  dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had

13  ever been filed." *Id*. at 1080.

14        In a very recent case involving an alleged breach of a settlement agreement in a franchise

15  dispute, the Eleventh Circuit remanded the case to the district court to dismiss it for lack of

16  jurisdiction because the filing of a stipulation of dismissal in accordance with Fed. R. Civ. Pro.

17  41(a)(1)(A)(ii) deprived the district court of jurisdiction to enforce the settlement agreement.

18  *Anago Franchising Inc. v. Shaz LLC*, 677 F.3d 1272 (11th Cir. 2012). This case contains a

19  lengthy discussion of dismissals under Fed. R. Civ. Pro. 41(a)(1)(A)(ii), stating that most circuits

20  have directly or implicitly found, in published and unpublished opinions, that a stipulation filed

21  under Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon filing. *Id.* at 1277-1278

22  (discussing the Second, Third, Fourth, Sixth, Seventh, Eighth and Ninth Circuits – quoting

23  *Commercial Space Mgmt., supra*). The Court also held that "the plain language of Rule

24  41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and

25  dismisses the case upon its filing unless it explicitly conditions its effectiveness on a subsequent

26  filed occurrence. District courts may not take action after the stipulation becomes effective

27  because the stipulation dismisses the case and divests the district court of jurisdiction." *Id*. at

28  1278.

In sum, the law is clear that Fed. R. Civ. P. 41(a)(1)(ii) authorizes the voluntary dismissal of a lawsuit (which is effective immediately) through the filing of "a stipulation of dismissal signed by all parties who have appeared in the action." *Carter v. Beverly Hills Sav. & Loan Assoc.*, 884 F.2d 1186, 1191 (9th Cir. 1989); *Eitel v. McCool*, 782 F.2d 1470, 1472-73 n. 4 (9th Cir. 1986) (holding that once the parties file a stipulation of dismissal, it becomes effective without any action by the court).

### C. A New Complaint Is The Only Available Option Following Dismissal Of System Suite Claims From This Action.

In *Cadkin v. Loose*, 569 F.3d 1142 (9th Cir. 2009), the Ninth Circuit Court of Appeal again discussed the impact of a Rule 41(a)(1) dismissal, that is, it "'leaves the situation as if the action had never been filed' . . . we have adhered slavishly to this interpretation of Rule 41(a)." *Id.* at 1150 (denying a request for attorneys' fees because the action had been dismissed under Rule 41(a)(1), and no attorneys' fees could be obtained in an action that had essentially "never been filed"). In this case, because the claims related to System Suite have been dismissed and their dismissal operates as if the claims were never filed, Boyd cannot now amend his complaint to re-assert claims related to System Suite. The proper procedure for Boyd to assert claims related to System Suite would be for Boyd to file a new action.

In *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) the Seventh Circuit Court of Appeal affirmed the district court's denial of a plaintiffs' motion to reinstate their complaint following a voluntary dismissal without prejudice of same because they failed to follow the proper procedure by filing a new lawsuit. The Court agreed with the Ninth Circuit, and ruled that a suit voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed, citing *Smith v. Potter*, 513 F.3d 781,782, 783 (7th Cir. 2008) and a long list of cases cited therein. *Id.* at 587. The Nelson Court further held that once the action has been dismissed under Rule 41(a)(1) without prejudice, the plaintiff may bring the claims again only by filing a new complaint." *Id.* at 588. The Court cited a long list of cases, including: *Richmond v. Chater*, 94 F.3d 263, 267 (7th Cir.1996) (filing a new complaint and paying a new filing fee is generally required following dismissal without prejudice); *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395–96

(7th Cir.1989) (refiling a complaint after a Rule 41(a)(1) dismissal requires a new docket fee and compliance with the statute of limitations). *Nelson, supra*, 657 F.3d at 588.

## IV. CONCLUSION

In sum, it is clear that Worley and all claims for System Suite were dismissed with the filing of the Dismissal on August 25, 2013. (Dkt. No. 143.) Boyd is not permitted to file a second amended complaint to resurrect the System Suite claims he already dismissed. Worley and Boyd, through their counsel, bargained with Avanquest and its counsel for the dismissal of these claims. As part of the consideration for the Dismissal, the parties agreed to bear their own attorneys' fees and costs relating to the dismissal.

This Dismissal extinguished the claims of the putative class related to Avanquest's System Suite software and states specifically that "System Suite software shall no longer be at issue in this action and all claims related to all versions of the System Suite software shall be dismissed from the above-captioned action." (Dkt. No. 143.) Avanquest seeks to have this Court enforce this Dismissal, and in so doing find that all claims regarding System Suite in Case No. 3:12-CV-04391 have been dismissed.

Avanquest has spent the last eighteen months defending, at massive monetary cost, the claims brought by Worley and Boyd in the First Amended Complaint. The Court is now in a position, pursuant to Fed. R. Civ. Pro. 1, to save all the parties additional time and considerable expense by enforcing the Dismissal. Worley's claims and all claims regarding System Suite have been dismissed and Boyd's claims and all claims regarding Fix-It should be dismissed because it is factually clear that Boyd does not have Fix-It on his computer. This Court should rule now that this "end run" around the inevitable dismissal of this action by the filing of a motion for leave to amend to file a second amended complaint will not be permitted.

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated: September 10, 2014 | ROPERS, MAJESKI, KOHN & BENTLEY |
| | By: /s/ N. Kathleen Strickland |
| |     N. KATHLEEN STRICKLAND |
| |     DEVIN C. COURTEAU |
| |     JUSTIN A. ZUCKER |
| |     Attorneys for Defendant |
| |     AVANQUEST NORTH AMERICA INC. |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

3:12-CV-04391-WHO
RC1/7619628.8/KNS
- 13 -
AVANQUEST'S MTN. FOR ENFORCEMENT OF STIP. DISMISSAL [DKT. 143]