UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BENSON WORLEY, and JOHNNY BOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation,<br><br>Defendant. | No. C 12-04391 WHO (LB)<br><br>**ORDER REGARDING DISCOVERY AND CASE MANAGEMENT**<br><br>[Re: ECF Nos. 146, 148, 149, and 150] |

Avanquest has a dispositive motion to dismiss that is noticed for a hearing before the district court on October 8, 2014. *See* 8/29/14 Motion, ECF No. 144. In it, Avanquest asserts that the only remaining plaintiff lacks standing because he did not install the relevant software on his computer. Avanquest then moved to stay discovery while the motion to dismiss is pending and noticed the motion to stay discovery before the undersigned. *See* 8/29/14 Motion to Stay, ECF No. 146. It also moved to accelerate the briefing schedule and hearing date on the discovery motion. *See* 9/3/14 Administrative Motion, ECF No. 148. Thereafter, on September 9 and September 10, 2014, the parties stipulated to an expedited briefing and hearing schedule on the motion to stay as follows: opposition brief due September 11, 2014, reply brief due September 16, 2014, and hearing on September 18, 2014. *See* ECF Nos. 149, 150.

On September 10, 2014, the undersigned set a hearing for September 11, 2014 and directed the

ORDER (C 12-04391 WHO (LB))

1  parties to review the court's expedited procedures for handling discovery disputes. *See* 9/10/14
2  Docket Entry. The court held a hearing on September 11, 2014, and with the parties' agreement,
3  worked out a process to stay discovery and provide for orderly case management both before and
4  after the district court's ruling on the dispositive motion at ECF No. 144. The following points
5  capture the parties' agreements and some of the issues discussed at the hearing that affect the district
6  court's schedule.

7  *First*, part of the urgency surrounding Avanquest's request to stay discovery was that depositions
8  are scheduled for the end of this month and in October. For example, Avanquest scheduled a
9  deposition of Plaintiff's expert, and the fact that the software may not be on the remaining Plaintiff's
10 computer affects the relevance of that deposition. Similarly, the parties discussed a deposition that
11 Plaintiff has scheduled in October. Another issue is that fact discovery ends in November.

12 *Second*, as the court said at the hearing, there is plenty of time to work out a reasonable schedule
13 that does not affect the December 2015 trial date. It makes no sense under the circumstances to
14 continue with discovery until after the district court decides the dispositive motion. Based on that,
15 the parties agreed to stay discovery until the district court decides the dispositive motion. The
16 parties also agreed to extend the discovery deadlines (fact and expert) to allow an orderly process for
17 discovery after the hearing on the dispositive motion. Likely this looks like a 60-day extension of
18 the discovery deadlines given that everyone agreed that pending depositions in October would be
19 postponed.

20 *Third*, the parties agreed at the hearing to a revised briefing schedule on the dispositive motion.
21 *See* ECF No. 144. The parties agreed to a one-week extension for Plaintiff's opposition brief and a
22 corresponding extension for Avanquest's reply brief. The parties understand that they will need to
23 submit a stipulation for approval to the district court. As part of their stipulation, the parties must
24 meet and confer and work out a briefing schedule that allows the orderly consideration of the
25 interplaying legal issues, including Plaintiff's possible motion to file a second amended complaint to
26 address the standing issues raised in Avanquest's motion to dismiss.

27 *Fourth*, after resolution of Avanquest's motion to dismiss, the parties will meet and confer about
28 their proposed discovery schedule and work out an orderly time line for their remaining discovery

ORDER (C 12-04391 WHO (LB))

2

and depositions. If they cannot agree, they may submit a joint letter brief with their competing proposals.

This disposes of ECF Nos. 146, 148, 149, and 150.

**IT IS SO ORDERED.**

Dated: September 11, 2014

_____
LAUREL BEELER
United States Magistrate Judge