UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY BOYD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVANQUEST NORTH AMERICA INC, <br><br> Defendant. | Case No. 12-cv-04391-WHO <br><br> **ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND TO ENFORCE VOLUNTARY DISMISSAL, AND GRANTING PLAINTFFS LEAVE TO AMEND** <br><br> Re: Dkt. Nos. 144, 151 |

Johnny Boyd mistakenly thought that he had purchased defective Fix-it Utilities Professional ("Fix-It") software instead of System Suite PC Tune-up & Repair ("System Suite") when he joined a class action over one and one-half years ago against the designer of the software, Avanquest North America Inc. ("Avanquest"). Boyd's co-class representative, Benson Worley, had previously been pursuing claims related to System Suite. On August 25, 2014, Worley dismissed his claims with prejudice, and the Stipulation for Voluntary Dismissal states both that the claims against System Suite are dismissed without prejudice and that they will no longer be at issue in this action, leaving only Boyd's claims concerning Fix-It. But a few days after the dismissal, Boyd realized that he had bought System Suite, not Fix-It, and notified Avanquest that he wanted to amend his complaint.[1]

The parties' voluntary dismissal of System Suite claims without prejudice does not prevent Boyd from amending the First Amended Complaint ("FAC") to include claims involving System Suite. Under these unusual circumstances, where Boyd acted in good faith and discovered his mistake shortly after the dismissal, where the issues Boyd seeks to litigate have been an integral part of the case's development thus far, and where there will be no impact on the trial date, Boyd

---

[1] Although plaintiffs have not filed a formal motion to amend the First Amended Complaint, I will address their request to amend as set forth in the opposition to Avanquest's motion to dismiss, and the accompanying exhibits. *See* Oppo. at 1-13 (Dkt. No. 157); Richman Decl., Ex. 1-A (Dkt. No. 157-1).

has satisfied the requirements for leave to amend pursuant to Federal Rules of Civil Procedure 15 and 16. For these reasons, I DENY Avanquest's motion to enforce the parties' voluntary dismissal, and GRANT Boyd leave to amend the FAC as set forth in his opposition brief. Because the second amended complaint cures any jurisdictional deficiencies in this case, I also DENY Avanquest's motion to dismiss for lack of subject matter jurisdiction.[2]

## BACKGROUND

Worley filed this suit as the representative of a class of consumers who bought either Fix-It or System Suite, substantially similar software programs designed by Avanquest to improve computer function. FAC ¶¶ 17-19 (Dkt. No. 52). Worley contended that Avanquest fraudulently induced consumers to buy these products, which erroneously diagnose computers with a host of problems. Compl. ¶¶ 1-8 (Dkt. No. 1); FAC ¶¶ 31-32. Worley alleged violations of (i) California's unfair competition law; (ii) fraudulent inducement; (iii) breach of express warranties; (iv) breach of contract; and (v) breach of the implied covenant of good faith and fair dealing. Compl. at 1.

On November 30, 2012, Avanquest filed a motion to dismiss Worley's complaint, which Judge Illston granted in part and denied in part. Dkt. No. 48. The order noted that there were no allegations regarding Fix-It and that Worley only alleged that he had purchased System Suite. *Id.* at 1. Subsequently, the parties agreed to add Boyd as a named plaintiff in the action and the plaintiffs filed the FAC. Order Granting Stipulation (Dkt. No. 51). The FAC alleged that Worley had purchased System Suite and that Boyd had purchased Fix-It. FAC ¶¶ 46, 54. The court denied another motion to dismiss the FAC and the parties proceeded to discovery. Dkt. No. 66. Once the case was transferred to me, I issued a pretrial scheduling order on October 1, 2013, and set a deadline to file motions to join parties or amend pleadings for January 10, 2014. Dkt. No. 110.

On August 25, 2014, the parties filed a joint stipulation for voluntary dismissal of Worley as plaintiff and of all claims related to System Suite. Dkt. No. 143. But shortly afterwards, the

---

[2] Pursuant to Local Rule 7–1(b), this matter is suitable for determination without oral argument and I vacated the hearing scheduled for October 15, 2014.

plaintiffs discovered that Boyd bought and installed System Suite, and not Fix-It, on his computer. Richman Decl. ¶¶ 24-25 (Dkt. No. 157-1). Avanquest asserts that this means there is no subject matter jurisdiction and seeks to enforce the voluntary dismissal of claims relating to System Suite. Dkt. Nos. 151-1, 144, 145. It argues that Boyd does not have standing to assert claims relating to System Suite, and that he cannot amend his complaint to include claims involving System Suite. Dkt. Nos. 151-1, 144, 145. In response, plaintiffs express their intention to substitute claims relating to System Suite for those relating to Fix-It in the FAC, thus curing any jurisdictional deficiency. Richman Decl., Ex. 1-A.

## LEGAL STANDARD

Once the district court has issued a scheduling order, a party seeking leave to amend its pleadings must satisfy the requirements of Federal Rule of Civil Procedure 16 if amendment would impact any of the deadlines set by the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16 requires that the party requesting leave to amend show "good cause" for its failure to amend by the time set in the scheduling order. *Id.* at 608. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (internal citations and quotations omitted).

If the party seeking leave to amend satisfies Rule 16, it must then satisfy Federal Rule of Civil Procedure 15. *Id.* at 608. Under Rule 15, courts should grant leave to amend freely, "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id*. at 607.

Parties may voluntarily dismiss an action without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). A voluntary dismissal "leaves the situation as if the action never had been filed." *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (internal citations and quotations omitted).

3

## DISCUSSION

### I. MOTION TO ENFORCE THE VOLUNTARY DISMISSAL OF CLAIMS RELATED TO SYSTEM SUITE

Avanquest claims that the parties' stipulation for voluntary dismissal precludes this court from allowing Boyd to amend his complaint to include allegations relating to System Suite.[3] Dkt. No. 151-1 at 5-6. The stipulation for voluntary dismissal of claims states that "Worley's individual claims against Avanquest in this action shall be dismissed *with prejudice*." Dkt. No. 143 at 1. It further provides: "[t]he claims of the putative class related to Avanquest's System Suite software shall be dismissed *without prejudice*, that the System Suite software shall no longer be at issue in this action and all claims related to all versions of the System Suite software shall be dismissed from the above-captioned action." *Id.* The stipulation does not specify whether the System Suite claims are dismissed with or without leave to amend.

Parties may voluntarily dismiss an action without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Avanquest correctly asserts that voluntary dismissals pursuant to this rule are self-executing, and that once the action is dismissed the court may no longer exercise jurisdiction over it. *See*, e.g., *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999). But these principles do not prevent Boyd from amending his present complaint. Avanquest's argument to the contrary rests on inapposite cases that focus on the possibility of courts retaining jurisdiction over actions dismissed pursuant to Rule 41, such as to carry over a waiver of immunity or to alter the conditions of dismissal. *See,* e.g., *Cadkin v. Loose*, 569 F.3d 1142, 1149-50 (9th Cir. 2009); *Commercial Space Mgmt. Co.*, 193 F.3d 1074, 1077-78. These cases would be on point for Worley, not Boyd.

I am not exercising jurisdiction over the action and claims involving Worley and System Suite that were dismissed, but focusing on the remaining action involving Boyd and Fix-It. Courts treat claims dismissed pursuant to Rule 41, such as those relating to System Suite, as though they

---

[3] In support of this motion, Avanquest also requests judicial notice of several documents filed in the docket for this case, which I grant. *See* Dkt. Nos. 145, 147, 152.

were never filed. *Commercial Space Mgmt.*, 193 F.3d at 1077.

Avanquest argues that the parties' negotiations and waiver of fees reflect their intent that the System Suite claims be dismissed without leave to amend. Reply Mot. to Enforce at 4-5 (Dkt. No. 161). The parties did not include this language in the stipulated voluntary dismissal, and plaintiffs dispute Avanquest's assertion. Because the claims involving System Suite were dismissed without prejudice, Boyd is not precluded from re-filing claims relating to System Suite or alternatively amending the claims in the current action to include System Suite.

## II. MOTION TO DISMISS

In order to resolve Avanquest's motion to dismiss, I must first determine whether Boyd may amend his complaint under Federal Rules of Civil Procedure 15 and 16. I issued a scheduling order that set the deadline for amendment of the complaints for January 10, 2014. Dkt. No. 110. Boyd's request to amend the FAC was made well after this time, on September 19, 2014. Oppo. at 1 (Dkt. No. 157). Therefore, Boyd must satisfy Rule 15 as well as the good cause standard of Rule 16. Under Rule 16, Boyd must show good cause for his failure to comply with the deadlines set out in the 2013 scheduling order. *Johnson*, 975 F.2d at 609. Rule 16's requirements are intended to prevent "meaningful case management issues" and to "facilitate judicial control over a case." *C.F. v. Capistrano Unified School Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009). Although the focus of a Rule 16 analysis is upon the diligence of the party seeking to amend, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609.

According to both parties, Boyd's untimely request for amendment results from his mistaken belief that he had bought and installed Fix-It—and not System Suite—on his computer. Richman Decl. ¶¶ 24-25; Reply Mot. Dismiss at 2 (Dkt. No. 160). Avanquest contends that the plaintiffs' attorneys' repeated failure to inspect Boyd's computer amounts to a lack of diligence that cannot satisfy the Rule 16 standard. Reply to Mot. Dismiss at 13-15. Although the plaintiffs should have verified Boyd's claims regarding which software he installed, the programs may be easily confused with one another. *See* FAC ¶¶ 18-19. Boyd moved to amend shortly after learning of this mistake. The current pretrial schedule will not be greatly altered by granting

5

Boyd's request. The parties are in the midst of discovery, which has been stayed, and have yet to take depositions. *See* Order re: Disc. and Case Mgmt. at 1-2 (Dkt. No. 155).

Furthermore, there is little prejudice to Avanquest. The claims involving System Suite were part of this action until August, 25, 2014. Magistrate Judge Beeler stayed discovery on September 11, 2014, though Avanquest was aware of Boyd's intent to amend his pleadings as early as September 5, 2014. *See* Order re: Disc. and Case Mgmt. at 2; Strickland Decl., Ex. 4 (Dkt. No. 151-3 at 15). At most, a little over two weeks passed during which Avanquest may have declined to pursue discovery related to System Suite.[4] Allowing Boyd to amend would not require continuing the trial date.

Avanquest emphasizes the substantial time and money that it has dedicated to defending the to-be-abandoned Fix-It claims. *See* Reply Mot. to Enforce 4; Reply Mot. Dismiss 14-15. That is no doubt true, but those costs have already been incurred for a now abandoned claim. They do not constitute future prejudice for purposes of the analysis of whether to allow Boyd to amend his complaint. Dismissal, on the other hand, would require the parties to refile and redo the pleadings and discovery in a new case on issues already developed here, causing delay in the administration of justice and an unnecessarily inefficient and costly result. *See* FED. R. CIV. P. 1.

While this is a close case, given the unusual circumstance that the identical claims Boyd seeks to litigate have been at issue throughout the litigation, as well as the fact that his mistake was clearly inadvertent and there will be no impact on the trial date, Boyd may amend the FAC pursuant to Rule 16 as well as under the more liberal standard for Rule 15.

I GRANT leave to amend the FAC as described in Exhibit 1-A filed with the plaintiffs' opposition brief on September 19, 2014. Because both parties agree that Boyd does not have Fix-It installed on his computer, and that he never purchased that software, the claims relating to Fix-It are dismissed and replaced with claims relating to System Suite.

Avanquest does not present any argument that Boyd would lack standing if allowed to

---

[4] This case is unlike *Contreras v UAL Corp*, 2014 US Dist LEXIS 15953 (N.D.Cal. Feb. 7, 2014), on which Avanquest relies, since the harassment claim at issue there had been dismissed for more than three years and substantial discovery had already occurred under the assumption that the claim was not in the case.

1 amend the FAC. In light of my ruling that Boyd may amend the FAC to include claims involving

2 System Suite, dismissal for lack of standing is not appropriate. Therefore, Avanquest's motion to

3 dismiss for lack of subject matter jurisdiction is DENIED.

## CONCLUSION

Defendant's motion to enforce the parties' stipulated voluntary dismissal is DENIED, as is its motion to dismiss for lack of subject matter jurisdiction or alternatively for an OSC re: dismissal. Plaintiffs' opposition motion is treated as a motion for leave to amend, which is GRANTED. Plaintiffs are directed to file a second amended complaint substituting the claims describing System Suite in place of the claims describing Fix-It in the FAC no later than 7 days from the date of this order.

**IT IS SO ORDERED**.

Dated: October 14, 2014



WILLIAM H. ORRICK
United States District Judge

7