UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY BOYD,<br>　　　　Plaintiff,<br>　　v.<br>AVANQUEST NORTH AMERICA INC,<br>　　　　Defendant. | Case No. 12-cv-04391-WHO<br><br>**ORDER DENYING DEFENDANT'S APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 166 |

Defendant Avanquest North America Inc. ("Avanquest") requests leave to file a motion to reconsider this court's denial of Avanquest's motions to dismiss and to enforce the Stipulation for Voluntary Dismissal ("Voluntary Dismissal"). Defendant bases this motion on a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b)(3).

In repeating the arguments that it made in its motions to dismiss and to enforce the Voluntary Dismissal, Avanquest violates Civil Local Rule 7-9(c) and simply disputes the conclusions that the Court made in its October 14, 2014 order. *See* N.D. Cal. Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions."). I DENY Avanquest's application for leave to file a motion for reconsideration.

**DISCUSSION**

Every argument that Avanquest advances in its motion for reconsideration was raised in its briefs regarding the motion to dismiss and the motion to enforce the Voluntary Dismissal. It does not introduce any new facts or law, but instead bases its argument on "the ground that the Court's

order relies on factual and procedural findings that cannot be reconciled with the record placed before the Court." Application for Leave to File Mot. at 1-2 (Dkt. No. 166).

First, Avanquest takes issue with the fact that Boyd did not file a formal motion for leave to amend. Mot. at 2 (Dkt. No. 166-2). But it is within a district court's discretion to "construe other filings, including oppositions to motions, as motions to amend where amendment would be proper." *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1022 (C.D. Cal. 2009).

Second, Avanquest once again emphasizes the unreasonableness of Boyd's delay in discovering that System Suite, and not Fix-It, was on his computer, arguing that the record cannot be reconciled with this Court's conclusion that "Plaintiffs were not dilatory." *See* Mot. at 1-2, 5-7.[1] As I stated in the order, "the unusual circumstance that the identical claims Boyd seeks to litigate have been at issue throughout the litigation, as well as the fact that his mistake was clearly inadvertent and there will be no impact on the trial date" satisfies the requirements of Federal Rules of Civil Procedure 15 and 16. Order at 6 (Dkt. No. 163). Once again, I reject the contention that Boyd's mistake in the earlier stages of this litigation amounts to a lack of diligence in his moving to amend the pleadings. Avanquest has not refuted my conclusion that the prejudice it suffers results from the past proceedings, and not from granting Boyd leave to amend.[2] Its argument at this stage is misplaced.

Finally, Avanquest asserts that "[n]o authority is found for the Court's exercise of purported discretion to change the terms of a binding stipulation, negotiated by the parties through counsel and filed with the Court…" Mot. at 13. Avanquest persists in advancing a misguided interpretation of the plain language of the Voluntary Dismissal, which clearly provides that claims relating to System Suite are dismissed *without prejudice*. Order at 4. The fact that the Voluntary Dismissal states that the System Suite claims "shall no longer be at issue in this action" is

---

[1] Avanquest also discusses a case filed against it by plaintiff's counsel in Illinois, presumably in order to demonstrate bad faith and show that plaintiff can file another lawsuit instead of amending Boyd's complaint. *See* Dkt. No. 166-4; Mot. at 8. But the fact that plaintiff's counsel may file another suit relating to System Suite is not at issue, and I decline to make an inference of bad faith in this case from the fact that another lawsuit was filed.
[2] Furthermore, Avanquest largely premises its argument of "grievous[] prejudice" on the fact that the parties contracted to dismiss all claims relating to System Suite. Application at 2; Mot. at 14-16. As discussed later, I do not find this argument to be persuasive.

2

consistent with the fact that Worley had the only claims involving System Suite at the time; there is no wording that the dismissal was without leave to amend for Boyd, who at that point was unaware of his claim against System Suite. Dkt. No. 143 at 1-2. The language in the Voluntary Dismissal does not preclude Boyd from amending his pleadings to include claims relating to System Suite.[3] Therefore, there was no error in the order denying Avanquest's motion to enforce the Voluntary Dismissal.

## CONCLUSION

Avanquest's motion for reconsideration is nothing more than a repetition of its assertions in its motions to dismiss and for enforcement of the Voluntary Dismissal that I denied on October 14, 2014. *See* Dkt. Nos. 144, 151, 163. As discussed in that order, these arguments are not persuasive. Avanquest's motion violates Civil Local Rule 7-9(c) and is DENIED.

**IT IS SO ORDERED**.

Dated: November 10, 2014

WILLIAM H. ORRICK
United States District Judge

---

[3] Avanquest's repeated arguments that it would not have agreed to the Voluntary Dismissal if Boyd could re-plead claims relating to System Suite software, and that it was "deprived . . . of its entitlement to litigate its right to compensation for having defended the action to date," *see* Mot. at 14-15, are irrelevant. If Avanquest had been so adamant about dismissing with prejudice and without leave to amend, it should have ensured that those terms were included in the Voluntary Dismissal. It is not the court's fault that Avanquest negotiated an agreement that allowed Boyd to re-plead claims relating to System Suite while preventing it from seeking fees and costs related to the dismissal. Avanquest's argument of prejudice on this basis fails. *See* Mot. at 14-16.

3