1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JOHNNY BOYD,                               Case No.  12-cv-04391-WHO
                      Plaintiff,
8
          v.                                    ORDER DENYING MOTION TO
9                                               STRIKE AND MOTION TO DISMISS
     AVANQUEST NORTH AMERICA INC,               Re: Dkt. Nos. 169, 170
10
                      Defendant.
11

12          Defendant Avanquest North America Inc. moves to dismiss (for the fourth time) two

13   counts of plaintiff Johnny Boyd's Second Amended Complaint ("SAC") for failure to state a

14   claim, and moves to strike (for the second time) on three separate grounds.  I find that Boyd's

15   causes of action for breach of contract and for breach of the implied covenant of good faith and

16   fair dealing are sufficiently well-pleaded under Rule 12(b)(6), in part for the same reasons given

17   by Judge Illston earlier in this case.  The SAC contains adequate factual allegations to plead the

18   existence of a contract between Boyd and Avanquest and includes enough evidence of bad faith to

19   plead a breach of the implied covenant of good faith and fair dealing.  For these reasons,

20   Avanquest's Motion to Dismiss is DENIED.  I also DENY Avanquest's Motion to Strike because

21   the alleged deficiencies in the SAC will not prejudice Avanquest in any way, and granting the

22   motion will serve only to waste time and money.

23                                       BACKGROUND

24          This case was initially filed on August 21, 2012, by plaintiff Benson Worley, as the

25   representative of a class of consumers who bought either Fix-It Utilities Professional ("Fix-It") or

26   System Suite PC Tune-up & Repair ("System Suite").  *See* Compl. (Dkt. No. 1).  Worley alleged

27   that Avanquest fraudulently induced consumers to buy these products, which he claimed

28   erroneously diagnose computers with a host of problems.  *Id.* ¶¶ 1-7.  Ultimately, Boyd replaced

1    Worley in bringing the causes of action against Avanquest relating to Fix-It.  *See* Dkt. No. 51;

2    Dkt. No. 143.

3         Throughout the course of this litigation, plaintiff's counsel, on behalf of Boyd and/or

4    Worley, lodged three successive complaints.  Dkt. Nos. 1, 52, 164.  Avanquest filed four motions

5    to dismiss the pleadings and two motions to strike on various grounds.  Dkt. Nos. 32, 53, 144, 169,

6    170.  The Court granted in part and denied in part the first of these motions to dismiss, *see* Dkt.

7    No. 48, and denied the second.  Dkt. No. 66.

8         After the parties stipulated to dismiss Worley as a plaintiff and all claims relating to

9    System Suite, Boyd realized that he had installed System Suite, and not Fix-It, on his computer.

10   *See* Order at 1 (Dkt. No. 163).  I permitted Boyd to file the SAC, which substituted claims relating

11   to System Suite for those of Fix-It, and denied Avanquest's third motion to dismiss.  *Id.*  Boyd

12   filed the SAC on October 21, 2014.  SAC (Dkt. No. 164).

13        Once again, Avanquest moves to dismiss the SAC and to strike various allegations, largely

14   based upon objections that were available to it before the SAC was filed.  Avanquest claims that

15   the third and fourth causes of action should be dismissed for failure to state a claim, because Boyd

16   did not allege privity of contract or facts to support a breach of the implied covenant of good faith

17   and fair dealing.  Mot. Dismiss at 1 (Dkt. No. 169).  Avanquest also moves to strike the SAC's

18   references to Fix-It, allegations of fraud in the software industry, and the incorrect address for its

19   headquarters.  Mot. Strike at 1-2 (Dkt. No. 170).

20                                    **LEGAL STANDARD**

21   **I.  MOTION TO DISMISS**

22        A motion to dismiss for failure to state a claim should be granted where the plaintiff fails

23   "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  "A claim has facial

24   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

25   inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

26   678 (2009).  In reviewing these motions, courts view all of the pleaded facts as true and in the

27   light most favorable to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

28   Conclusory statements and "[t]hreadbare recitals of the elements of a cause of action" are

United States District Court
Northern District of California

2

insufficient to overcome a motion to dismiss. *Iqbal*, 556 U.S. at 678. Well-pleaded facts must indicate more than the mere possibility of misconduct. *Id.* at 679.

Under California law, "[t]he elements of a cause of action for breach of contract are: (1) a contract; (2) plaintiff's performance; (3) defendant's breach and (4) damage to plaintiff therefrom." *Chaganti v. I2 Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1071 (N.D. Cal. 2007) *aff'd*, 313 F. App'x 54 (9th Cir. 2009). Regarding the fourth cause of action, "[u]nder California law, a breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Lopez v. Jefferson Pilot Fin. Ins. Co.*, 149 F. App'x 704, 705 (9th Cir. 2005). A party alleging bad faith must imply "unfair dealing rather than mistaken judgment." *Id.* A defendant will breach the implied covenant of good faith and fair dealing where it frustrates the purposes of the contract, but not where "the bad faith alleged pertains only to a defendant's inducement of a plaintiff to enter into the contract." *Gross v. Symantec Corp.*, No. C 12-00154 CRB, 2012 WL 3116158, at *13 (N.D. Cal. July 31, 2012).

## II.  MOTION TO STRIKE

"The function of a motion to strike under Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing of those issues before trial." *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2014 WL 1048640, at *3 (N.D. Cal. Mar. 14, 2014). At the same time, courts typically disfavor motions to strike because parties use them as a delaying tactic. *Neilson v. Union Bank of Cal., N.A.,* 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (internal quotations and citations omitted). In addition, courts often require some showing of prejudice by the moving party before granting a motion to strike. *Id.* at 1152; *see also Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013); *Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 3153388, at *3 (N.D. Cal. June 19, 2013). In resolving a motion to strike, I view the pleadings in a light most favorable to Boyd. *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).

United States District Court
Northern District of California

3

**DISCUSSION**

## I.   MOTION TO DISMISS

### A.   The third cause of action sufficiently pleads breach of contract

With regard to the third cause of action, Avanquest's objection centers on its arguments that (i) Boyd cannot plead contractual privity because he alleged that he bought System Suite from a third party retailer, and not from Avanquest; and (ii) Boyd is precluded from asserting contractual privity based on the End User License Agreement ("EULA") because the complaint does not refer to the EULA.  Mot. Dismiss at 3-4.

First, Avanquest misstates the law.  It cites *Xavier v. Philip Morris USA Inc.* for the proposition that "a plaintiff asserting a contract claim must stand in vertical contractual privity with the defendant," Mot. Dismiss at 4 (internal citations and quotations omitted), when in fact *Xavier* states that a "plaintiff asserting a *breach-of-warranty claim* under Section 2314 of the California Commercial Code" must allege privity.  787 F. Supp. 2d 1075, 1082 (N.D. Cal. 2011) (emphasis added).  *Xavier* does not address any claims for breach of contract.

Here, Boyd properly alleged all elements of a cause of action for breach of contract.  *See Chaganti*, 635 F. Supp. 2d at 1071; CAL. COM. CODE § 2204 ("A contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract.").  The SAC pleads that "Plaintiff and the Class members entered into agreements with Avanquest whereby Avanquest agreed to sell, and Plaintiff and the Class agreed to purchase, software that would detect and remove legitimate computer errors from Plaintiff's and the Class's computers, and perform the beneficial tasks depicted in Figure 1 and described above."  SAC ¶ 83.  It continues, "Plaintiff and the Class paid, and Avanquest accepted, the System Suite software's purchase price, and therefore performed their obligations under the contracts," and states that "Avanquest voluntarily assumed a contractual obligation."  *Id.* ¶¶ 84-85.  These facts, taken as true and viewed in the light most favorable to Boyd, are sufficient to establish a contractual relationship between Avanquest and Boyd.  The

United States District Court
Northern District of California

4

existence of this contractual relationship establishes the necessary privity between the parties.[1]

Avanquest's argument is undermined by *Davis v. Apperience Corp.*  In that case, also filed by plaintiff's counsel in this district, the complaint alleged a nearly identical claim for breach of contract in the context of antivirus software.  *Compare* SAC ¶¶ 82-88 *with Davis v. Apperience Corp.*, No. C 14-00766 WHA, 2014 WL 5528232, at *4 (N.D. Cal. Oct. 31, 2014).  In *Davis*, the court found that "the above allegations are enough to claim breach of contract."[2]  2014 WL 5528232, at *4; *see also Silicon Image, Inc. v. Analogix Semiconductor, Inc.*, No. C-07-0635 JCS, 2007 WL 1455903, at *4 (N.D. Cal. May 16, 2007) (recognizing existence of contract between software manufacturer and consumers based on user agreement).

The other case that Avanquest cites is my decision in *Ham v. Hain Celestial Grp., Inc.*, in which I stated that "[plaintiff]'s breach of contract claim fails because there is no privity between [defendant] and [plaintiff]."  Mot. Dismiss at 4; No. 14-CV-02044-WHO, 2014 WL 4965959, at *5 (N.D. Cal. Oct. 3, 2014) (internal quotations and citations omitted).  The cases are easily distinguished.  *Ham* concerned a breach of contract claim between a consumer of food and the manufacturer, where there was no direct relationship at all between the manufacturer of a food product and the customer who ultimately bought the food from a third party.  2014 WL 4965959, at *5.  Here, in contrast, the SAC includes multiple allegations to support a contract between Avanquest and Boyd, such as the installation, registration, and payment of "ongoing subscription fees to continue using the software."  SAC ¶ 4.  Those allegations of a direct relationship between

---

[1] Avanquest takes the position that because Boyd claimed that he purchased System Suite from a local office supply store, he "admits that he did not purchase System Suite directly from Avanquest," precluding Boyd from asserting privity between the two parties.  Mot. Dismiss at 4. But the fact that Boyd bought the software at an office supply store is irrelevant to whether there is a contract between Boyd and Avanquest, because it is possible that Boyd entered into contracts with both the retailer and the manufacturer.  Thus, I do not agree with Avanquest's argument that the SAC takes inconsistent positions.  *See* Mot. Dismiss at 4-5.

[2] *Davis* ultimately dismissed the plaintiff's claim because it failed to plead notice.  2014 WL 5528232, at *4.  Although Boyd likewise does not appear to have pled notice, this Court has already rejected this objection to the pleadings on the basis that the plaintiffs did not raise it at the appropriate time.  *See* Order at 2 (Dkt. No. 66); Dkt. No. 53 at 6.
Avanquest also cites to *Davis* in requesting that this Court reconsider its prior ruling regarding Boyd's fraud cause of action, referring to it as "new intervening law."  Reply Mot. Dismiss at 5.  *Davis* involved different allegations of fraud, and expressly distinguished this Court's prior ruling.  *See* 2014 WL 5528232, at *5.  I will not disrupt the prior order in this case.

United States District Court
Northern District of California

1   the parties are separate from any contract between Boyd and the retail store.

2          Avanquest also objects to the third cause of action because it argues that the SAC

3   essentially pleads the existence of the EULA, and Boyd thus seeks to use the EULA "to save his

4   cause of action for breach of contract." Reply Mot. Dismiss at 2-3 (Dkt. No. 173). This argument

5   fails, because as Judge Illston already recognized in this case, the EULA is not mentioned in the

6   pleadings and cannot be considered in evaluating a motion to dismiss. Dkt. No. 48 at 5-6. Judge

7   Illston wrote:

8               Worley alleges a breach of his sales contract (distinct from the
                EULA) under which defendant sold and plaintiff purchased software
9               that would detect and remove legitimate computer errors and
                perform the tasks that were advertised on the product's packaging.
10              Worley pleads that the software did not and could not perform as
                defendant represented (breach), because the software failed to
11              perform any credible evaluation of his or other computers. The
                Court finds that Worley has adequately alleged his breach of sales
12              contract claim.

13  *Id.* at 6 (internal quotations and citations omitted). As indicated in the prior order, I can and

14  should construe Boyd's complaint as identifying some independent contract between Avanquest

15  and Boyd. Boyd has adequately pled his breach of contract claim.[3]

16  **B. The fourth cause of action adequately pleads breach of the implied covenant of good
        faith and fair dealing**

17

18         I must next consider whether Boyd has sufficiently pled a breach of the implied covenant

19  of good faith and fair dealing. Avanquest relies on the principle that "breach of the implied

20  covenant of good faith and fair dealing involves something beyond breach of the contractual duty

21  itself." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (1990). It

22  contends that Boyd's allegations relating to the implied covenant of good faith and fair dealing are

23  the same as those for breach of contract, pleading "nothing more than a breach of the contractual

24  duty itself." Mot. Dismiss at 7.

25         Avanquest's statement of the law is correct. However, Avanquest incorrectly concludes

26  that Boyd did not plead any facts "beyond the statement of a mere contract breach." Mot. Dismiss

27  _____

28  [3] In so ruling, I need not consider whether the "manufacturer exception" applies to breaches of
    contract. *See* Oppo. at 8-10 (Dkt. No. 171); Reply Mot. Dismiss at 6-8. However, it appears that
    this exception is not available to Boyd. *See Ham*, 2014 WL 4965959, at *5.

United States District Court
Northern District of California

1   at 8.  Judge Illston previously stated that "plaintiff has adequately alleged his breach of the implied

2   covenant claim, based on the allegations that defendant intentionally designed the software so it

3   would not honestly and accurately diagnose and meaningfully repair legitimate errors on users'

4   systems."  Order at 6 (Dkt. No. 48).  Notwithstanding Avanquest's arguments in the most recent

5   motion to dismiss, I find that this holding is sound.

6          The SAC alleges that Avanquest acted in bad faith not only in inducing Boyd to enter the

7   alleged contract, but in frustrating the benefits of the contract.  It states that Avanquest failed to

8   perform "truthful diagnostic and remedial operations" in order to cause Boyd to continue using its

9   product.  SAC ¶ 92.  Avanquest did this by "falsely represent[ing] the condition of scanned

10  computers" and "creating the illusion that the benefits were supplied (when in fact, they were not),

11  and leading Plaintiff and the Class to believe that their contracts had been fulfilled."  *Id.* ¶ 96.

12  These allegations of bad faith frustration of the contract's benefits go beyond the facts necessary

13  to plead a contract breach.  *See Sam Kohli Enter., Inc. v. BOC Grp., Inc.*, No. 11CV299 DMS

14  BLM, 2011 WL 3298902, at *6 (S.D. Cal. Aug. 1, 2011) (plaintiff sufficiently pled breach of

15  implied covenant of good faith and fair dealing when it alleged that defendant "acted in bad faith

16  when [defendant] deliberately . . . provided inaccurate job descriptions so that it could avoid

17  paying higher rates") (internal quotations and citations omitted); *U.S. Bank Nat. Ass'n v. PHL*

18  *Variable Ins. Co.*, No. 2:11-CV-09517-ODW RZ, 2012 WL 1525012, at *5 (C.D. Cal. Apr. 26,

19  2012) (Defendant's alleged use of "the cost of insurance rates to make the Policies prohibitively

20  expensive and trying to cause Plaintiff ... to lapse or surrender [its] policies . . . may independently

21  constitute bad-faith behavior.").

22         The cases that Avanquest cites in support of its position are distinguishable.  In those

23  cases, involving similar causes of action against antivirus software manufacturers, the court found

24  that the plaintiff's claims for fraud were insufficient.  *See Davis*, 2014 WL 5528232, at *3, 6;

25  *Bilodeau v. McAfee, Inc.*, No. 12-CV-04589-LHK, 2013 WL 3200658, at *9-10, 13 (N.D. Cal.

26  June 24, 2013); *Gross*, 2012 WL 3116158, at *5, 12-13.  After being dismissed for pleading fraud

27  with insufficient particularity, the complaint in this case was amended to include further detail of

28  Avanquest's fraudulent conduct.  *See* Order at 4-5, 8 (Dkt. No. 48); Order at 3-4 (Dkt. No. 66).

United States District Court
Northern District of California

1    Considering these more detailed allegations of fraud and bad faith, I find that the SAC contains

2    sufficient facts to plead a breach of the implied covenant of good faith and fair dealing.

3    **II.   MOTION TO STRIKE**

4         Avanquest moves to strike three portions of the SAC, arguing that they are "improper,"

5    "immaterial," and "impertinent."  Mot. Strike at 1.  First, it requests that this Court strike all

6    references to the Fix-It in the SAC, because the Court dismissed those claims and ordered them to

7    be replaced by those relating to System Suite.  *Id.* at 3-5; Order at 7 (Dkt. No. 163).  Second,

8    Avanquest moves to strike the SAC's "references to issues involving other utility software

9    companies" because they "evince an intent to induce prejudice and scandalous matter against

10   Avanquest."  Mot. Strike at 5.  Third, Avanquest moves to correct the location of its headquarters

11   and principal place of business, which is not accurately pled in the SAC.  *Id.* at 7.

12        Motions to strike are disfavored.  A proper use of them is "to avoid the expenditure of time

13   and money."  *Gitson*, 2014 WL 1048640, at *3.  Avanquest showed no prejudice from leaving the

14   pleading as is.  The jury will not see it.  Avanquest's motion needlessly caused the expenditure of

15   time and money.  Granting this motion would be a meaningless, wasteful act.

16         It is beyond dispute that the allegations related to Fix-It are dismissed from this action.

17   *See* Order at 7 (Dkt. No. 163).  The parties agree that Boyd never had Fix-It installed on his

18   computer, and the software is no longer of any relevance to this action.  *See id.* at 5-7; Oppo. at 17.

19   The remaining references to Fix-It in the SAC serve as background information relating to

20   Avanquest.  *See LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)

21   ("allegations supplying background or historical material or other matter of an evidentiary nature

22   will not be stricken unless unduly prejudicial to defendant").

23        There is also no dispute as to the correct location of Avanquest's headquarters.  Avanquest

24   cannot identify how it will be prejudiced by this error, and I do not see why filing yet another

25   amended complaint would justify the time and expenses that it would cost.

26        Finally, Avanquest moves to strike the paragraphs of the SAC under the heading

27   "Avanquest is Not Alone in its Fraudulent Conduct."  Mot. Strike at 5-7; SAC ¶¶ 42-43.  It argues

28   that claims relating to conduct of other software manufacturers "engender guilt by association"

United States District Court
Northern District of California

8

and "smear Avanquest with the conduct of . . . third parties."  Mot. Strike at 6; Reply Mot. Strike at 4-6.  These paragraphs present background information.  *See LeDuc*, 814 F. Supp. at 830.  They plead facts that may be relevant to Boyd's claims of fraud, as reflected by the SAC's allegation that "[r]ather than make the necessary changes to its software so that it *actually* detects, reports and repairs harmful errors and problems on users' PCs, Avanquest continues to profit through its fraudulent conduct."  SAC ¶ 43; *see also Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) ("If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion").  Since the SAC will not be presented to the jury and these provisions are potentially relevant to the allegations, Avanquest's argument of prejudice falls short.  Accordingly I DENY the Motion to Strike.[4]

**CONCLUSION**

For the above reasons, I DENY Avanquest's Motion to Dismiss and Motion to Strike.

**IT IS SO ORDERED**.

Dated: December 16, 2014

_____
WILLIAM H. ORRICK
United States District Judge

---

[4] To the extent that I rely on the documents in this docket of which Avanquest requests judicial notice, Avanquest's requests for judicial notice are GRANTED.  *See* Dkt. Nos. 169-1, 170-2, 174. All other requests for judicial notice are DENIED AS MOOT.