UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY BOYD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AVANQUEST NORTH AMERICA, INC., a California corporation,<br><br>*Defendant*. | Case No. 3:12-cv-04391-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY, AND APPROVING NOTICE PLAN**<br><br>Judge: Hon. William H. Orrick |

A class action is pending before the Court entitled *Boyd v. Avanquest N. Am., Inc.*, Case No. 3:12-cv-04391-WHO (the "Action"). Plaintiff Johnny Boyd ("Plaintiff") and Defendant Avanquest North America, Inc. ("Defendant") (Plaintiff and Defendant together, the "Parties") have entered into a Class Action Settlement Agreement and First Amendment to Class Action Settlement Agreement (collectively, the "Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant for the claims of the Settlement Class, and the Court having read and considered the Agreement and exhibits attached thereto.;

Plaintiff has made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an Order preliminarily approving the Settlement of the Action, in accordance with the Agreement, certifying the Settlement Class for purposes of settlement only, and allowing notice to Settlement Class Members as more fully described herein, and the Court having read and considered Plaintiff's application;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED as follows:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Agreement.

Settlement Class Certification

2. A class (the "Settlement Class") is certified for settlement purposes only.

   a. The Settlement Class is defined to include: "All individuals and entities in the United States and its territories that purchased Versions 6-12 of Avanquest's System Suite Software." Excluded from the Settlement Class are: (1) the Judge presiding over the Action and members of his family; (2) Avanquest, its subsidiaries, parent companies, successors, predecessors, and any entity in which Avanquest or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Persons who properly execute and file a timely request for exclusion from the Settlement Class in

1 accordance with Section 4.5 below; (4) Class Counsel and Defendant's
2 counsel; (5) any Person whose claims in the Action have been finally
3 adjudicated or otherwise released; and (6) the legal representatives,
4 successors or assigns of any such excluded Persons.

   b. The Settlement Class satisfies the requirements for class certification under Fed. R. Civ. P. 23(a). The Settlement Class consists of well over 100 consumers, there are questions of law or fact common to the Settlement Class, Plaintiff's claims are typical of those of the Settlement Class, and Plaintiff will fairly and adequately protect the interests of the Settlement Class.

   c. In addition, the questions of law or fact common to the Settlement Class predominate over any individual questions, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy. Consequently, the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

  3. For purposes of settlement only, the Court hereby appoints Plaintiff Johnny Boyd as Class Representative. The Court finds that Plaintiff Boyd will adequately protect the interests of the Settlement Class.

  4. For purposes of settlement only, the Court hereby appoints Jay Edelson, Rafey S. Balabanian, and Benjamin H. Richman of Edelson PC as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel.

<u>Preliminary Approval</u>

  5. Plaintiff has moved the Court for an Order approving the settlement of the Action in accordance with the Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against Defendant, and the Court having read and considered the Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 18 of this Order.

6. This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action, including the members of the Settlement Class.

7. The Court finds that, subject to the Final Approval Hearing, the Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against Defendant. The Court further finds that the Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class.  The Court also finds that the Agreement (a) is the result of arm's-length negotiations involving experienced counsel with the assistance of the Honorable Dickran M. Tevrizian (Ret.); (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendant.

Notice and Administration

8. Pursuant to the Agreement, Class Action Administration, Inc. is hereby appointed as Settlement Administrator and shall perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

9. The Court finds that the notice plan and all forms of Notice to the Settlement Class as set forth in the Agreement and Exhibits A and B thereto (the "Notice Plan") are reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this Action, the certification of the Settlement Class, the terms of the Agreement, and the right of members to object to the settlement or to exclude themselves from the Settlement Class. The Court finds that such notice complies with the requirements of Fed. R. Civ. P. 23 and Due Process and constitutes the best notice practicable under the circumstances.

10. The Court approves the Notice Plan, including the proposed notice documents attached as Exhibits A and B to the Agreement. The Court also approves the plan for administration. The Parties may, by agreement, revise the notice documents in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

11.     Pursuant to paragraphs 1.13 and 4 of the Agreement, the Notice Plan shall be implemented as follows: The Settlement Administrator shall within twenty-eight (28) days following the entry of this Order post notice of the Settlement on the settlement website. Within twenty-eight (28) days following the entry of this Order, the Settlement Administrator shall also provide direct notice to the Settlement Class as set forth in the Agreement. The Court finds that Defendant has complied with the requirements of 28 U.S.C. § 1715 by serving notice of the proposed Agreement upon the appropriate government officials within ten (10) days after the Agreement was filed with the Court.

Exclusion

12.     Members of the Settlement Class who wish to exclude themselves from the Settlement Class may submit a request for exclusion by sending a written request to the Settlement Administrator postmarked on or before December 31, 2015, which will be specified in the Email Notice and Website Notice. A request for exclusion must be signed by the members of the Settlement Class and must include their name, address, email address, and phone number, and must clearly state that the Person wishes to be excluded from the Settlement Class. A request for exclusion that does not include all of this information, that is sent to an address other than that designated in the notice, or that is not postmarked within the time specified, shall be invalid.

13.     Any member of the Settlement Class who submits a valid and timely request for exclusion (i) shall not be bound by the terms of the Agreement or by the final judgment and order of dismissal with prejudice ("Final Judgment"); (ii) shall not be entitled to relief under this Agreement; (iii) shall not gain any rights by virtue of this Agreement; and (iv) may not file an objection to the Agreement. However, any Settlement Class Member who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement, the Court's Order granting class certification for settlement purposes, and the Final Judgment, regardless of whether he or she has requested exclusion from the Settlement Class.

Objections

14. Any Settlement Class Member who has not timely filed a request for exclusion may object to the granting of final approval to the Agreement. Settlement Class Members may object on their own or may do so through separate counsel at their own expense.

15. To object, a Settlement Class Member must sign and file a written objection no later than December 31, 2015. The objection must include: (1) the objector's name, address, email address and contact phone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel).

16. All objections and any papers submitted in support of said objection, shall be submitted to the Court either by mailing them to the Class Action Clerk at United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, except that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

17. By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

Fairness Hearing

18. The Final Approval Hearing shall be held before this Court on January 27, 2016 at 2:00 P.M. in Courtroom 2 on the 17th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California to consider: (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether the Final Judgment should be entered; (c) whether to award payment of attorneys' fees and expenses to Class Counsel; and (d) whether to

1  award payment of an incentive award to the Class Representative. The Court may adjourn the Final
2  Approval Hearing without further notice to Settlement Class members.
3       19.   At least fourteen (14) days prior to the Objection/Exclusion Deadline of December
4  31, 2015, papers supporting the Fee Award shall be filed with the Court and posted to the settlement
5  website.
6       20.   Papers in support of final approval of the Agreement shall be filed with the Court on
7  or before January 13, 2016.

Further Matters

8       21.   All discovery and pretrial proceedings and deadlines are stayed and suspended until
further notice from the Court, except for such actions as are necessary to implement the Agreement
and this Order.

22.   In the event that the Agreement is terminated pursuant to the provisions of the Agreement, then (i) the Agreement, this Preliminary Approval Order, and the Final Judgment (if applicable) (including but not limited to the certification of the Class, the appointment of Johnny Boyd as Class Representative, and the appointment of Class Counsel) shall be vacated and shall be null and void, shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) this Action will revert to the status that existed before the Agreement's execution date; and (iii)(a) no term or draft of the Agreement, (b) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (c) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval order and, if applicable, the Final Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any

other proceeding.

    IT IS SO ORDERED.

    Dated: October 21, 2015



_____
THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE