UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY BOYD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANQUEST NORTH AMERICA, INC., a California corporation,<br><br>Defendant. | Case No. 3:12-cv-04391-WHO<br><br>**FINAL APPROVAL ORDER**<br><br>Judge: Hon. William H. Orrick |

This matter came on for hearing on January 27, 2016. The Court has considered the Class Action Settlement Agreement entered into by and among Defendant Avanquest North America Inc. ("Avanquest" or "Defendant") and Plaintiff Johnny Boyd as an individual and as a "Class Representative" (collectively, the "Parties"), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, and the record in the Action, and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1.  Terms and phrases in this Order not otherwise defined herein shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement (ECF No. 196-1) (the "Settlement Agreement") and the Parties' First Amendment to Class Action Settlement Agreement (ECF No. 196-2) (the "Amendment").

2.  This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Class it certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of "All individual and entities in the United States and its territories that purchased Versions 6-12 of Avanquest's System Suite Software."

3.  On October 21, 2015, this Court granted Preliminary Approval of the Settlement Agreement finding, subject to the Final Approval Hearing, the Settlement Agreement to be "fair, reasonable, adequate, and in the best interests of the Settlement Class." (ECF No. 199 ¶ 7.)

4.  The Court confirms certification, for purposes of settlement only, of a class pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of "All individual and entities in the United States and its territories that purchased Versions 6-12 of Avanquest's System Suite Software" (the "Settlement Class").

5.  Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Settlement Class and who have not submitted a timely and valid request for exclusion are "Settlement Class Members."

6.  The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order (ECF No. 199, ¶¶ 9-11) and consisting of individual notice via email, an interactive settlement website, and a toll-free phone number, has

been successful and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure (including specifically Federal Rule of Civil Procedure 23(c)(2)), the Due Process Clause, and the rules of the Court.

7. The seven (7) individuals identified in Addendum A attached hereto have submitted a valid, timely request for exclusion from the Settlement and are hereby excluded from the Settlement Class.

8. The Court finds that the Settlement Administrator properly and timely notified the appropriate government officials of the Settlement Agreement and Amendment pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of the notice and finds that it complied with all applicable requirements of CAFA (including specifically 28 U.S.C. § 1715(b)). Further, more than ninety (90) days have elapsed since the Settlement Administrator provided notice pursuant to CAFA and the Final Approval hearing.

9. Pursuant to Federal Rule of Civil Procedure 23(c)(3) and 23(e), all Settlement Class Members are bound by this Order and by the terms of the Settlement Agreement.

10. Upon the Final Settlement Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Order and the judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, as set forth in the Settlement Agreement and the Amendment.

11. The Class Representative and all Settlement Class Members shall, as of the Final Settlement Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or actions that are not known or suspected to exist as of the Final Settlement Date, as set forth in the Settlement Agreement and the Amendment. The Class Representative and all Settlement Class Members shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, all

protections, rights and benefits of California Civil Code section 1542 and any law or legal principle of similar effect in any jurisdiction, whether federal or state.

12. This Court gives final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The consideration provided under the Settlement Agreement and the Amendment constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the relief provided to Settlement Class Members is reasonable and in the best interests of the Settlement Class Members, considering the disputed issues, circumstances, and affirmative defenses asserted in the Action, the potential risks and likelihood of success of pursuing litigation on the merits, and the financial position of the Defendant. The complex legal and factual posture of this case and the fact that the Settlement is the result of arm's-length negotiations between the Parties, including negotiations presided over by the Honorable Dickran M. Tevrizian (ret.) of JAMS, support this finding. The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

13. The Court has specifically considered the factors relevant to class settlement approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including, the strength of the Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status throughout trial; the relief provided for in the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; the non-presence of a governmental participant; and the reaction of members of the Settlement Class to the proposed Settlement (including the 7 opt-outs and zero objections)—and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

14. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

15. Accordingly, the Settlement Agreement and Amendment are hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement Agreement and Amendment according to their terms and provisions.

16. This Court hereby dismisses the Action on the merits and with prejudice.

17. Upon the Final Settlement Date, the above releases of claims and the Settlement Agreement and Amendment will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims as defined in the Settlement Agreement and the Amendment.

18. The Court has also considered Plaintiff's Motion for attorneys' fees and expenses to Class Counsel and finds that the payment of $389,552.30 in attorneys' fees and $50,447.70 in costs (together, the "Fee Award") is fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel, and the complexity of the legal and factual issues involved. The Court finds that the Fee Award to Class Counsel identified above is fair and reasonable, because the enforcement of this action was in the public interest, and the fee award falls well below Class Counsel's lodestar. *See Loretz v. Regal Stone, Ltd.*, 756 F. Supp. 2d 1203 (N.D. Cal. 2010) (applying lodestar approach).

19. The Court has also considered Plaintiff Johnny Boyd's (the "Class Representative") request for an incentive award to the Class Representative. The Court finds that the payment of a service award in the amount of $1,500 (the "Incentive Award") to the Class Representative, to compensate him for his efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

20. All Settlement Class members shall receive by email a free one-year license of Avanquest's AutoSave Essentials Software and shall have 120 days to activate the license after the Final Settlement Date in accordance with the terms of the Settlement Agreement and Amendment.

21. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.  The benefits and payments described in the Settlement Agreement and Amendment are the only consideration, fees, and expenses Defendant or the Released Parties shall be obligated to give to the Class Representative, Settlement Class Members, Releasing Parties, Class Counsel, and the Settlement Administrator in connection with the settlement and the payment of attorneys' fees and expenses in this Action.  All other relief not expressly granted to the Settlement Class Members is denied.

22. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt non-material modifications of the Settlement Agreement and Amendment (including all exhibits to the Settlement Agreement) as long as they are consistent in all material respects with this Order.

23. Without affecting the finality of this Order or the judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement Agreement and Amendment, and this Order and judgment, and for any other necessary purpose all matters ancillary thereto.

IT IS SO ORDERED.

Dated: January 29, 2016

_____
THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

**Addendum A**

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. Jeffrey A. Stark
2. Anders Gilchrist
3. Sharon Barnett
4. W. Travis Ellis
5. Ernest K. Boughton Jr.
6. Neil H. Martin
7. Alia Michaels